1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

MARIA AGNE, on her own behalf and on
behalf of other similarly situated persons,

10

Plaintiffs,

11

v.

12

RAIN CITY PIZZA, L.L.C., an unknown
business entity; EDWARD TALIAFERRO,
individually and doing business as RAIN CITY
PIZZA, L.L.C.; KEVIN SONNEBORN,
individually and doing business as RAIN CITY
PIZZA, L.L.C. and ROSE CITY PIZZA,
L.L.C.; ROSE CITY PIZZA, L.L.C., an
Oregon limited liability company; PAPA
JOHN'S USA, INC., a Kentucky corporation;
and PAPA JOHN'S INTERNATIONAL, INC.,
a Delaware corporation,

13
14
15
16
17
18

Defendants.

NO. 2:10-cv-01139

NOTICE OF REMOVAL

(King County Superior Court Civil Case
No. 10-2-19384-7 SEA)

19
20

## I.  INTRODUCTION

21

Defendants, Rain City Pizza, L.L.C., Edward Taliaferro, Kevin Sonneborn, Rose City

22

Pizza, L.L.C. (Defendants) hereby give notice that they are removing the above-captioned

23

cause, originally filed in the Superior Court for King County, Case Number 10-2-19384-7

24

SEA, to the United States District Court for the Western District of Washington at Seattle.

25

This removal is authorized pursuant to the Class Action Fairness Act (28 U.S.C. §1332(d),

LAWRENCE & VERSNEL PLLC
4120 COLUMBIA CENTER
701 FIFTH AVENUE
Seattle, Washington 98104
(206) 624-0200 • Fax (206) 903-8552

1453, and 1711-1715) and U.S.C. §s1441 and 1446.

## II.   PROCEDURAL HISTORY

1. On May 28, 2010, Plaintiff Maria Agne, acting on behalf of a putative class of similarly situated persons, filed the instant action in King County Superior Court. A copy of the complaint is attached as *Exhibit A*.

2. Defendants were served with a copy of the complaint on June 15, 2010. The removal of this action is, accordingly, in accordance with the thirty day timeline for removal set forth in 28 USC §1446(b).

3. As per 28 USC §1446(d), the removal of this action terminates all proceedings in King County Superior Court.

4. According to the docket for the King County Superior Court for this action, as of the date of filing this removal, the documents filed in this action are: (1) complaint; (2) summons; (3) service documents; (4) notice of appearance on behalf of these defendants; and (5) notice of appearance on behalf of defendant Papa John's. A copy of the King County docket is attached as *Exhibit B*.

## III.   BASIS FOR REMOVAL

1. Removal of this action is authorized pursuant to the Class Action Fairness Act (28 USC §1453 and 28 USC §1332). 28 USC §1332(d)(2) confers "original jurisdiction" in class actions where the amount in controversy exceeds $5,000,000 and minimal diversity exists. *Serrano v. 180 Connect, Inc.* 478 F.3d 1018, 1022 (9th Cir., 2007). This is the case here. First, this action is a "class action" as defined by 28 USC §1332(d)(1)(b) and in accordance with 28 USC §1453(b). Second, at least one member of the proposed plaintiff class is a citizen of a state (Washington) different from the state of any defendant (Papa John's USA Inc. is a Kentucky corporation, Papa John's International Inc. is a Delaware corporation and

LAWRENCE & VERSNEL PLLC
4120 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 624-0200 • FAX (206) 903-8552

1   Rose City Pizza is an Oregon LLC). Third, based on the allegations, denied by the

2   defendants, the amount in controversy exceeds the CAFA jurisdictional amount.

3   2.   Defendant denies the allegations of the complaint and specifically denies any

4   violation of Washington law. However, based on the allegations in the complaint

5   and the erroneous legal theories alleged, plaintiffs' putative class action has put the

6   CAFA jurisdictional amount in issue.

7   3.   Plaintiffs allege that this case is brought as a class action and, therefore, plaintiffs

8   are seeking certification of the putative class under Washington Rule of Civil

9   Procedure 23(a), (b)(2) and (b)(3). Therefore, this action is a proposed class action,

10   defined under 28 USC §1332(d)(1)(B), as "any civil action filed under rule 23 of

11   the Federal Rules of Civil Procedure of similar state statute or rule of judicial

12   procedure authorizing an action to be brought by 1 or more representative persons

13   as a class action."

14   4.   A district court shall assert jurisdiction over a class action in which "any member

15   of a class of plaintiffs is a citizen of a State different from any defendant." 28 USC

16   §1332(d)(2)(A).   This   diversity   exists   among   the   parties.   Putative   class

17   representative, Maria Agne, alleges that she is a resident of Washington State. (Ex.

18   A, ¶2). Ms. Agne seeks to represent a class of plaintiffs who allege wrongful

19   receipt of text messages and allege wrongful receipt of commercial solicitation by

20   means of an automatic dialing and announcing device. (Ex. A. ¶19(a-b)). Rose City

21   LLC is an Oregon LLC. (Ex. A, ¶ 8). Papa John's USA Inc. is a Kentucky

22   corporation. (Ex. A, ¶ 9). Papa John's International Inc. is a Delaware corporation.

23   Accordingly, there is diversity between the putative plaintiff class and the

24   defendants therefore satisfying the requirements of 28 USC §1332 (d)(2)(A).

25   5.   This is an action "in which the matter in controversy exceeds the sum or value of

NOTICE OF REMOVAL
Page 3 of 6

$5,0000,000" in accordance with 28 USC §1332 (d)(2). Again, defendants deny that plaintiffs suffered any damage, however, as alleged, the amount in controversy does exceed the jurisdictional requirements of CAFA.

6. In the instant case, the plaintiff has not pled, with specificity, the amount of damages, however, plaintiff's complaint, facially, places the amount in controversy in excess of the jurisdictional requirements of CAFA. Plaintiffs allege that "at least several hundred Washington state residents" are believed to be a member of a class who received text messages and/or commercial solicitation by means of an automatic dialing system. (Ex. A, ¶22). Plaintiffs further claim statutory damages for each violation of RCW 19.190.060 (actual damages up to $5,000 per violation) and RCW 80.36.400 ($500 per violation) and claim that damages should be trebled as per Washington's Consumer Protection Act (RCW 19.86 *et. seq.*). (*See generally,* Ex. A.)

7. As stated in paragraph 7, *supra*, Plaintiffs not only seek their statutory damages, but, also seek treble damages as well as attorneys' fees and costs authorized by the CPA. (*Id.*) When the statute pled in the underlying complaint authorizes an award of fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir., 1998).

8. The alleged damages (which plaintiffs intend to treble), including attorneys fees (authorized by statute), and costs exceed the amount in controversy requirement ($5,000,000) under the CAFA.

## IV.   **REMOVAL IS PROPER**

1. This Court could have exercised original jurisdiction over this case as per 28 USC §1332(d)(2) as this is a class action, minimal diversity between the parties exists and the amount in controversy exceeds $5,000,000.

LAWRENCE & VERSNEL PLLC
4120 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 624-0200 • FAX (206) 903-8552

1    2. The Western District of Washington embraces King County Superior Court and,

2         therefore, this matter is properly removed to this District. 28 USC §1441(a)

3    3.    Written notice of the filing of this Notice of Removal and the removal of the state

4         court action is being delivered to all counsel through their counsel of record. A

5         copy of this Notice of Removal will be filed promptly with the Clerk of King

6         County Superior Court of Washington State, in accordance with 28 USC §1446(d).

7                              **V.    CONCLUSION**

8         THEREFORE, Defendants respectfully provide notice that the above captioned matter

9    is hereby removed from King County Superior Court to the United States District Court for

10   the Western District of Washington.

11        DATED this 14th day of July, 2010.

12                              LAWRENCE & VERSNEL PLLC

13

14

15        By: _____
              Joseph P. Lawrence, Jr., WSBA No. 19448
16            Vanessa M. Vanderbrug, WSBA No. 31668
              701 5th Avenue, Suite 4120
17            Seattle, WA 98104
              Tel: (206) 624-0200
18            Fax: (206) 903-8552
              Email: jpl@lvpllc.com; vmv@lvpllc.com
19

20

21

22

23

24

25

NOTICE OF REMOVAL
Page 5 of 6

1

### *DECLARATION OF SERVICE*

2      The undersigned certifies under penalty of perjury under the laws of the State of

3  Washington, that on the below date, a true copy of ***Notice of Removal*** was served on the

4  persons listed below in the manner shown, as follows:

5

6      Albert Kirby Esq.                    X  Legal Messenger
       Kirby Law Group                     ____  Facsimile
7      93 S. Jackson St., Ste. 63230       ____  United States Mail, First Class
       Seattle, WA 98104-2818               X  E-mail
8      Fax: (866) 845-6302                  ____  (Other) _____

9

10     James Howard Esq.                    X  Legal Messenger
       Dorsey & Whitney LLP                 ____  Facsimile
11     701 5th Avenue                       ____  United States Mail, First Class
       Seattle, WA 98104-7043               X  E-mail
12                                          ____  (Other) _____

13

14

15     DATED this 14th day of July, 2010, at Seattle, Washington.

16

17

18

19     _____
       Megan Fensterman, Legal Assistant to Joseph P.
20     Lawrence, Jr.

21

22

23

24

25

NOTICE OF REMOVAL
Page 6 of 6

# *EXHIBIT A*

RECEIVED

JUN 15 2010

STUART A. HELLER

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| MARIA AGNE, on her own behalf and on behalf of other similarly situated persons, | **CLASS ACTION** |
| Plaintiffs, | **Case No. 10-2-19384-7 SEA** |
| v. | |
| RAIN CITY PIZZA, L.L.C., an unknown business entity; EDWARD TALIAFERRO, individually and doing business as RAIN CITY PIZZA, L.L.C.; KEVIN SONNEBORN, individually and doing business as RAIN CITY PIZZA, L.L.C. and ROSE CITY PIZZA, L.L.C.; ROSE CITY PIZZA, L.L.C., an Oregon limited liability company; PAPA JOHN'S USA, INC., a Kentucky corporation; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Defendants. | |

Plaintiff MARIA AGNE ("Representative Plaintiff"), on her own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring the following Complaint against Defendants RAIN CITY PIZZA, L.L.C., EDWARD TALIAFERRO, KEVIN SONNEBORN, ROSE CITY PIZZA, L.L.C., PAPA JOHN'S USA, INC., and PAPA JOHN'S INTERNATIONAL, INC. (collectively

COMPLAINT
Page 1

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

"Defendants") to obtain from each of them all damages, injunctive relief, attorney fees, costs, and other remedies which Plaintiffs are entitled to recover under law and equity.

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to RCW 2.08.010 because Plaintiffs request legal relief exceeding $300.00.

2.      Representative Plaintiff is a resident of King County in Washington State.

3.      Many of the wrongful acts and omissions referenced in this Complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.

4.      Several of the Defendants domicile in King County of Washington State.

5.      Defendants do business in King County and Washington State.

## II. PARTIES

6.      Upon information and belief: EDWARD TALIAFERRO and KEVIN SONNEBORN are individuals.

7.      Upon information and belief: EDWARD TALIAFERRO and KEVIN SONNEBORN own, operate, supervise, manage, control, and/or do business together as RAIN CITY PIZZA, L.L.C. and/or other business entities (collectively "RAIN CITY"). RAIN CITY owns, operates, supervises, controls, and/or manages Papa John's Pizza restaurants.

8.      Upon information and belief: ROSE CITY PIZZA, L.L.C. purports to be an Oregon limited liability company.  KEVIN SONNEBORN owns, operates, supervises, manages, and/or does business as ROSE CITY PIZZA, L.L.C. and other business entities

COMPLAINT
Page 2

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1    (collectively "ROSE CITY").  ROSE CITY owns, operates, supervises, controls and/or

2    manages Papa John's Pizza restaurants.

3        9.     Upon information and belief: PAPA JOHN'S USA, INC. ("PJ'S USA")

4    purports to be a Kentucky corporation.  PJ's USA owns, operates, supervises, controls and/or

5    manages Papa John's Pizza restaurants.

6        10.    Upon information and belief: PAPA JOHN'S INTERNATIONAL, INC.

7    ("PJ'S INTERNATIONAL") purports to be a Delaware corporation.  PJ'S

8    INTERNATIONAL owns, operates, directs, supervises, controls, manages, and/or does

9    business as PJ'S USA.  PJ'S USA is an alter ego and/or agent of PJ'S INTERNATIONAL.

10

11       11.    Upon information and belief: PJ'S USA and PJ'S INTERNATIONAL

12   (collectively "PJ'S CORPORATE") supervise, control, manage, and/or assist all individuals

13   and business entities who own, operate, supervise, control and/or manage Papa John's Pizza

14   restaurants.  Without limitation on the foregoing, PJ'S CORPORATE supervises, controls,

15   directs, manages, and/or assists the marketing and advertising of all Papa John's Pizza

16   restaurants.

17       12.    Defendants do business under the trade name of "Papa John's Pizza" and/or

18   "Papa John's."

19

20                              III. GENERAL ALLEGATIONS

21       13.    "Papa John's Pizza" and/or "Papa John's" are trade names used by an

22   international consortium of individuals and business entities who seek profit from selling

23   pizzas and pizza-related products and services to consumers and each other.

24       14.    PJ'S CORPORATE is at the apex of the international Papa John's Pizza

25   consortium, and it trains, manages, directs, controls, audits, supervises, and/or assists the

26

COMPLAINT
Page 3

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1  ownership and management of every Papa John's Pizza restaurant with regard to their

2  marketing, operations, and training.

3      15.    Under the direction, supervision, and/or control of PJ'S CORPORATE and/or

4  each other, Defendants collaborate, agree, ratify, and/or determine what Papa John's Pizza

5  products and services shall be sold and in what manner and to whom these products and

6  services shall be marketed and advertised.

7      16.    As stated on the 2010 first quarterly report of PJ'S CORPORATE,

8
9      *Today, more than 25 percent of all Papa John's sales come online or through text,
       widget, or mobile device, and the company believes sales via alternative access
10     channels could one day surpass traditional telephone orders.*

11     17.    Defendants have placed a tremendous focus on "alternative advertising" to

12 drive these sales.  As a consequence of the joint, combined, collaborative, and collective

13 marketing and advertising efforts, agreements, contributions, and acts of the Defendants and

14 others, Defendants have sold billions of dollars of Papa John's Pizza products and services to

15 consumers.

16     18.    Directly or through authorized agents, Defendants engaged in unlawful and

17 otherwise wrongful marketing and advertising practices to the damage of Representative

18 Plaintiff and persons similarly situated.  Thus, Defendants caused the transmission of

19
20 unsolicited electronic commercial text messages to telephone numbers assigned to

21 Representative Plaintiff and other residents of Washington State for cellular or pager services

22 equipped to receive such messages. Also, Defendants caused automatic dialing and

23 announcing devices to be used for purposes of commercial solicitation of Representative

24 Plaintiff and other telephone customers within Washington State.

25

26

COMPLAINT
Page 4

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

## IV. CLASS ACTION ALLEGATIONS

19.     Representative Plaintiff brings this class action pursuant to Civil Rule 23 on behalf of herself and as a representative of the following class of persons entitled to remedies including, but not limited to, damages:

      a.   All residents of Washington State with a cellular telephone number or pager number to which an electronic commercial text message was transmitted by a Defendant, or someone acting on behalf of a Defendant; and

      b.   All residents of Washington State to whose telephone or pager number a Defendant, or someone acting on behalf of a Defendant, directed a commercial solicitation by means of an automatic dialing and announcing device.

20.     Representative Plaintiff also brings this class action pursuant to Civil Rule 23 on behalf of herself and as a representative of the following class of persons entitled to injunctive relief:

      a.   All residents of Washington State with a cellular telephone number or pager number in the possession, custody, or control of a Defendant.

21.     Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to Civil Rule 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

22.     Satisfying all requisite numerosity requirements, at least several hundred Washington State residents are believed to belong to the class. As a result, joinder of all class members in a single action is impracticable. Defendants are in exclusive possession of the exact number of persons in the class, so discovery as to this matter should be provided immediately. Class members may be informed of the pendency of this class action through direct mail.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

23.     There are questions of fact and law common to the class, which predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' conduct include, without limitation, the following:

    a.  Whether Defendants negligently and/or willfully caused violations of the Washington Consumer Protection Act;

    b.  Whether Defendants negligently and/or willfully caused violations of RCW 19.190.060;

    c.  Whether Defendants negligently and/or willfully caused violations of RCW 80.35.400;

    d.  Whether Defendants, or someone acting on their behalf, caused transmissions of commercial text messages to residents of Washington State;

    e.  Whether Defendants, or someone acting on their behalf, utilized automatic dialing and announcing devices for commercial solicitations to residents of Washington State;

    f.  Whether Defendants' practices and policies will cause further violations of the Washington Consumer Protection Act;

    g.  Whether Defendants' practices and policies will cause further violations of RCW 19.190.060;

    h.  Whether Defendants' practices and policies will cause further violations of RCW 80.35.400; and

    i.  Whether Defendants conspired together to perpetuate unlawful and/or wrongful practices and conduct.

24.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

COMPLAINT
Page 6

1        25.     Representative Plaintiff's claims are typical of those of the class in that she

2   received on her cellular telephone phone multiple unsolicited commercial text messages and

3   commercial solicitations that were the same or substantively similar to those transmitted and

4   directed to the class.  The transmission of these unsolicited commercial text messages and

5   commercial solicitations violate RCW 19.86.10, *et seq.*, and related statutes, and they are in

6   substance the type of commercial text message and commercial solicitation that would be

7   transmitted and directed to numerous individuals.

8
     26.     A class action is the appropriate method for the fair and efficient adjudication

9
of this controversy.  Defendants' have acted in a general manner to the damage of the class.

10  The presentation of separate actions by individual class members could create a risk of

11  inconsistent and varying adjudications, establish incompatible standards of conduct for

12  Defendants, and/or substantially impair or impede the ability of class members to protect

13  their interests.

14
     27.     Further, Defendants have indicated that they will continue the "alternative

15  advertising" of the type that has damaged Representative Plaintiff and the class in violation

16  of applicable statutes.  Accordingly, final injunctive relief is necessary and appropriate to

17  ensure that Defendants cease and desist their unlawful and wrongful conduct.  A class action

18  is the most efficient means to ensure that Defendants' do not damage the class in the future.

19
     28.     Representative Plaintiff is an adequate representative of the class because she

20  is a member of the class and her interests do not conflict with the interests of the members of

21  the class she seeks to represent.  The interests of the members of the class will be fairly and

22  adequately protected by Representative Plaintiff. Also, Representative Plaintiff is

23

24

25

26

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

COMPLAINT
Page 7

1  represented by a team of attorneys who together have extensive, multi-jurisdictional

2  experience representing clients in complex class action litigation.

3          29.     Maintenance of this action as a class action is a fair and efficient method for

4  the adjudication of this controversy.  It would be impractical and undesirable for each

5  member of the class who suffered harm to bring a separate action.  In addition, the

6  maintenance of separate actions would place a substantial and unnecessary burden on the

7  courts and could result in inconsistent adjudications, while a single class action can

8
9  determine, with judicial economy, the rights of all class members.

10                                   **COUNT I**

11          **Violations of the Washington Consumer Protection Act**

12          30.     Plaintiffs reassert and re-allege the allegations set forth in the above

13  paragraphs.

14          31.     At all times material herein, Plaintiffs have been entitled to the rights,

15  protections, and benefits provided under the Washington Consumer Protection Act and

16  related Washington statutes.

17          32.     Defendants' practices are unfair and deceptive and otherwise negligently,

18  recklessly, willfully, and/or intentionally cause numerous *per se* violations of RCW 19.86.10,

19
20  *et seq.*, including, but not limited to, violations of RCW 19.190.060 and/or RCW 80.35.400.

21          33.     Defendants' practices are emblematic of organizational policies and

22  agreements among the Defendants and others which have caused and, if unabated, will

23  continue to cause incidents, occurrences, and conduct which violate RCW 19.86.10, *et seq.*

24

25

26

COMPLAINT
Page 8

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

34.     Defendants' conducted these practices in the scope of their trade – selling pizzas and pizza-related products and services.

35.     Plaintiffs have suffered damages as a direct result of Defendants' numerous violations of RCW 19.86.10, *et seq.*

36.     Plaintiffs were thereby damaged in an amount no less than $500.00 per each of the numerous violations of RCW 19.86.10, *et seq.,* or such greater amount as may be proven at trial.

37.     Plaintiffs will continue to be damaged if Defendants are not compelled to cease and desist their unfair, deceptive, and unlawful practices.

38.     Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.10, *et seq.*

## COUNT II

### Negligence

39.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

40.     Defendants owed a duty to act in the manner of reasonable pizza consortium and/or restaurant in their relationships with Plaintiffs and in supervising, managing, and training their officers, agents, employees, each other, and other persons under their control.

41.     Defendants breached their duties by permitting, causing, suffering, requiring, and/or ratifying the acts and omissions which have damaged Plaintiffs as referenced herein.

42.     The breach of duties, or negligence, of Defendants proximately caused Plaintiffs to suffer damages in amounts to be determined at trial.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

COMPLAINT
Page 9

# V. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendants and pray this Superior Court do the following:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members.

B.    Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial, but in no event less than $500.00 per violation of RCW 19.86.10, *et seq.*

C.    Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

D.    Order Defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

E.    Order Defendants to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law.

COMPLAINT
Page 10

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1        F.      Award Representative Plaintiff and the other class members the costs of this

2    action, including attorneys' fees, as authorized by the Washington Consumer Protection Act

3    and/or as sounds in tort and contract.

4        G.      Grant any additional or further relief as provided by law, which this Court

5    finds appropriate, equitable, or just.

6

7    Dated: May 28, 2010

                                              Respectfully submitted,

8
                                              KIRBY LAW GROUP
9

10
                                      By: _____
11
                                              Albert H. Kirby, WSBA No. 40187
12                                            Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT
Page 11

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

# *EXHIBIT B*





Search | Site Map | 🔲 eService Center

## Superior Court Case Summary

**Court:** King Co Superior Ct
**Case Number:** 10-2-19384-7

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|--------------------|-----------|
| 1 | 05-28-2010 | COMPLAINT | Complaint For Damages & Injunctive Relief | |
| 2 | 05-28-2010 | SET CASE SCHEDULE JDG0005 | Set Case Schedule Judge Steven Gonzalez, Dept 5 | 11-14-2011ST |
| 3 | 05-28-2010 | CASE INFORMATION COVER SHEET LOCS | Case Information Cover Sheet Original Location - Seattle | |
| 4 | 05-28-2010 | SUMMONS | Summons | |
| 5 | 06-17-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 6 | 06-17-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 7 | 06-21-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 8 | 06-24-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 8A | 06-30-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 9 | 07-01-2010 | NOTICE OF APPEARANCE | Notice Of Appearance /defts | |
| 10 | 07-02-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 11 | 07-02-2010 | NOTICE OF APPEARANCE | Notice Of Appear/papa Johns Intl | |
| 12 | 07-06-2010 | NOTICE OF APPEARANCE | Notice Of Appear/papa Johns Usa | |

### About Dockets

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calender their caseloads on local systems, this search tool cannot diplay superior court calendering information.

**Contact Information**

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
**Map & Directions**
206-296-9100[Phone]
206-296-0986[Fax]
**Visit Website**
206-205-5048[TDD]

**Disclaimer**

This information is provided for use as reference material and is _not_ the official court record. The official court record is maintained by the **court of record**. Copies of case file documents are not available at this website and will need to be ordered from the **court of record**.

The Administrative Office of the Courts, the Washington State Courts, and the Washington State County Clerks :

1) Do not warrant that the information is accurate or complete;

2) Do not guarantee that information is in its most current form;

3) Make no representations regarding the identity of any person whose name appears on these pages; and

4) Do not assume any liability resulting from the release or use of the information.

Please consult official case records from the **court of record** to verify all provided information.