HON. JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, on her own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>RAIN CITY PIZZA, L.L.C., an unknown business entity; EDWARD TALIAFERRO, individually and doing business as RAIN CITY PIZZA, L.L.C.; KEVIN SONNEBORN, individually and doing business as RAIN CITY PIZZA, L.L.C.; and ROSE CITY PIZZA, L.L.C.; ROSE CITY PIZZA, L.L.C., an Oregon limited liability company; PAPA JOHN'S USA, INC., a Kentucky corporation; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation<br><br>Defendants. | CIVIL CASE NO.: 2:10-CV-01139 JCC<br><br>**DEFENDANT PAPA JOHN'S USA, INC.'S AND PAPA JOHN'S INTERNATIONAL, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) & 8(a)**<br><br>NOTE ON MOTION CALENDAR:<br><br>SEPTEMBER 17, 2010<br><br><br>ORAL ARGUMENT REQUESTED |

MOTION TO DISMISS
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. INTRODUCTION

Acting as the sole class representative, Plaintiff Maria Agne ("Plaintiff") has filed a purported class action complaint that is virtually devoid of facts about the conduct that is supposedly at issue. The sum total of Plaintiff's allegations appear to be that she received one or more unspecified text messages about pizza or related products on her cellular phone. Plaintiff alleges that the marketing efforts of all defendants, including Papa John's International and Papa John's USA, somehow included the transmission of unsolicited commercial text messages.[1] According to Plaintiff this means that Defendants failed to act as a "reasonable pizza consortium." Plaintiff asserts that Defendants are therefore subject to consumer protection act and negligence claims, but in the process falls far short of properly pleading such claims.

Beginning with Plaintiff's *per se* Consumer Protection Act claim, Plaintiff alleges that transmission of text messages violated RCW 19.190.060 and RCW 80.36.400.[2] However, it is well established under Washington law that a specific claim of injury to business or property is required to maintain a CPA claim. Despite this requirement, Plaintiff fails to allege that she was in any way injured in her business or property as a proximate cause of text messages from any of the Defendants. As a result, Plaintiff's CPA claim fails as a matter of law, and must be dismissed in its entirety.

Plaintiff's CPA claims are also deficient for an independent reason, due to their reliance on RCW 80.36.400. This statute prevents the use of automatic dialing and announcing devices ("ADADs") for the purpose of sending prerecorded telephone solicitations. As RCW 80.36.400 and Ninth Circuit case law make clear, the transmission of commercial text messages is not use

---

[1] Papa John's USA and Papa John's international had no involvement in the alleged text messages, and are not properly included in this litigation. However, as Plaintiff's entire complaint is deficient as a matter of law, that issue need not be addressed at this time.

[2] Plaintiff actually cites RCW 80.35.400, but no such statute exists. It appears that Plaintiff intended to instead rely on RCW 80.36.400.

MOTION TO DISMISS - 1
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of an ADAD to send prerecorded solicitations. As a result, Plaintiff's claims based on RCW 80.36.400 again fail as a matter of law. In addition, Plaintiff simply recites many of the elements of her *per se* CPA claims as legal conclusions, without any effort to allege plausible factual support. In the process Plaintiff fails to meet even the basic pleading requirements of Fed. R. Civ. P. 8(a), requiring the dismissal of these claims for a third independent reason.

Regarding Plaintiff's negligence claims, Plaintiff also fails to articulate a valid legal duty owed by Papa John's. The entirety of Plaintiff's assertion is that Defendants had a common law duty to act as a reasonable pizza consortium with respect to text messaging. There is no common law duty that Plaintiff can point to relating to text messages, and Plaintiff makes no effort to even attempt to do so, let alone to lay out a plausible claim for relief. Accordingly, Plaintiff's negligence claim fails as a matter of law. Further, Plaintiff's negligence claim appears to be wholly duplicative of Plaintiff's CPA claim, providing a second, independent basis for the dismissal of Plaintiff's negligence claim. Finally, Plaintiff's negligence claim is pled in an impermissibly conclusory fashion, with no allegation of duty, how this duty was breached, or what damages proximately resulted. Accordingly, this claim also fails to meet the requirements of Fed. R. Civ. P. 8(a), providing yet another basis for dismissal.

## II.   STATEMENT OF RELEVANT FACTS

On May 28, 2010 Plaintiff filed a Complaint for Damages and Injunctive Relief against Papa John's franchisee operators Rain City Pizza LLC, Edward Taliaferro, Kevin Sonneborn, and Rose City Pizza LLC, as well as Papa John's USA, Inc., and Papa John's International, Inc. *See* Dkt. No. 2-4 (Complaint). The majority of the factual allegations contained in the complaint are irrelevant allegations regarding Papa John's corporate structure. *Id.* ¶ 11-17. Plaintiff alleges that Papa John's and co-defendants constitute "an international consortium of individuals and business entities who seek profit from selling pizzas and pizza-related products . . . ." *Id.* ¶ 13. Plaintiff further alleges that "[u]nder the direction, supervision, and/or control of [Papa John's]

MOTION TO DISMISS - 2
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

and/or each other, Defendants collaborate, agree, ratify, and/or determine what Papa John's Pizza products and services shall be sold and . . . [how those] products and services shall be marketed and advertised." *Id.* ¶ 15. Plaintiff then asserts that Defendants have collectively determined to continue with unfettered text messaging. *Id.* ¶ 27.

As the supposed factual support for these inaccurate allegations, Plaintiff quotes what she claims is "the 2010 first quarterly report of PJ'S CORPORATE" as follows:

> Today, more than 25 percent of all Papa John's sales come online or through text, widget, or mobile device, and the company believes sales via alternative access channels could one day surpass traditional telephone orders.

Dkt. No. 2-4¶ 16.[3] In reality this is actually a press release posted on Papa John's website on May 3, 2010. It makes no statements about advertising mediums. Rather, its entire focus is on the growth of Papa John's pizza orders placed over the internet. *See* Aug. 23, 2010 Decl. of J. Andrade, Ex. 1. Plaintiff's selective quotations and misrepresentation of the attached document do not provide factual allegations in support of Plaintiff's claims.

Indeed, the factual allegations in Plaintiff's complaint regarding the actual conduct alleged to form the basis for Plaintiff's claims are exceedingly sparse. The majority of "factual" allegations put forth by Plaintiff in support of actual claims are nothing more than legal conclusions or recitations of the elements of causes of action that need not be accepted by the

---

[3] The legal standard for judicial notice of facts is readily met here. Under the doctrine of incorporation by reference, a court may consider on a motion to dismiss any documents the plaintiffs rely upon in their complaint and whose authenticity is not questioned. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re Syntex Corp. Sec. Litig.* 95 F.3d 922, 926 (9th Cir. 1996); *McGuire v. Dendreon Corp.*, No. C07-800 MJP, 2008 WL 1791381 at *4 (W.D. Wash. Apr. 18, 2008). Documents not attached to a complaint may be incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citation omitted). When facts are suitable for judicial notice, a court may take judicial notice of them "whether requested or not." Fed. R. Evid. 201(c).

MOTION TO DISMISS - 3
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Court.  Even incorporating Plaintiff's "class action allegations" into Plaintiff's "fact" allegations, defendants are left with only a small portion of Plaintiff's complaint from which to determine what facts related to Plaintiff's claims are supposedly at issue.  *See, e.g.*, Dkt. No. 2-4 ¶¶ 18, 25, 27.  In these paragraphs, Plaintiff alleges that:

> Defendants caused the transmission of unsolicited electronic commercial text messages to the telephone numbers assigned to Representative Plaintiff and other residents of Washington State . . . Defendants caused automatic dialing and announcing devices to be used for the purposes of commercial solicitation of Representative Plaintiff and other telephone customers within Washington State.
>
> \* \* \* \*
>
> [Plaintiff] received on her cellular telephone multiple unsolicited commercial text messages and commercial solicitations . . . .
>
> \* \* \* \*
>
> Defendants have indicated that they will continue the 'alternative advertising' of the type that has damaged Representative Plaintiff . . . .

Dkt. No. 2-4 ¶¶ 18, 25, 27.

On the basis of these thin factual allegations Plaintiff purports to create a class action for multiple violations of the CPA, RCW 19.86, *et seq.*, and for negligence.  *Id.* ¶¶ 30-42.  Specifically, Plaintiff alleges that the use of ADADs to transmit commercial text messages violates RCW 19.190.060 and RCW 80.36.400, respectively, and that this amounts to a *per se* violation of the CPA.  Dkt. No. 2-4 ¶ 32.  Plaintiff seeks to represent classes of Washington residents with cellular telephone or pager numbers to which messages were transmitted, Washington residents with telephone or pager numbers to which commercial solicitations were sent via ADAD, and for injunctive purposes, all Washington residents with a cellular telephone number in the possession of defendants.  *Id.*  ¶¶ 19-20.  In the process Plaintiff includes no

MOTION TO DISMISS - 4
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

allegations of injury to business or property, and no allegations that prerecorded telephone calls were actually transmitted.

In support of her cause of action for negligence, Plaintiff asserts that "Defendants owed a duty to act in the manner of a reasonable pizza consortium and/or restaurant in their relationships with Plaintiffs and in supervising, managing, and training their officers, agents, employees, each other, and persons under their control." Dkt. No. 2-4 ¶ 40. Plaintiffs further allege that "Defendants breached their duties by permitting, causing, suffering, requiring, and/or ratifying the acts and omissions which have damaged Plaintiffs as referenced herein." *Id.* ¶ 41. However, no assertion is included as to the supposed duty Plaintiff has alleged is owing from Papa John's to Plaintiff, how this duty was breached, or how Plaintiff was proximately injured.

### III.   ARGUMENT

To survive a motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires . . . [that] [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

As the Supreme Court has explained, this means that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must provide 'plausible' grounds for recovery on its face" in order to survive a Rule 12(b)(6) motion to dismiss. *See id.* at 1949 (pleading facts that are merely consistent with a defendant's liability does not demonstrate the plausibility of entitlement to relief necessary to plead an actionable claim); *Moss v. Secret Service*, No. 07-36018, 2009 WL 2052985, *4-*7 (9th Cir. July 16, 2009) (conclusory allegations are not entitled to an assumption of truth, and well-pleaded factual assertions must be

MOTION TO DISMISS - 5
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

examined to determine whether they plausibly give rise to an entitlement to relief).  Plaintiff's complaint fails to meet these standards and should be dismissed.

### A.  Plaintiff Has Failed to State a Cause of Action for *Per Se* CPA Violation.

Plaintiff's vague assertion of a *per se* violation of the CPA is at minimum fatally flawed due to Plaintiff's failure to allege any injury to business or property, which is an element required to assert an actionable CPA claim.  A claim under the CPA may be asserted on either of two bases: "(1) a per se violation of a statute or (2) an unfair or deceptive practice unregulated by statute but involving the public interest." *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 306-08, 698 P.2d 578 (1985); *see also Panang v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 n. 3, 204 P.3d 885 (2009) (noting that a CPA claim may be premised on two bases).  "A plaintiff claiming *per se* violation of the CPA must demonstrate: (1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the proximate cause of damages sustained; and (4) that plaintiff is within the class of people that the statute seeks to protect." *Rinehart v. Life Ins. Co. of N. Am.*, No. C09-05486 RBL, 2009 WL 2406333, at *2 (W.D. Wash. Aug. 4, 2009). Further, a plaintiff *must* allege injury to plaintiff's business or property that was proximately caused by the allegedly unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986) (establishing that injury to business or property proximately caused by the unfair practice as requirements for CPA claims). As the Washington Supreme Court has noted, "[w]hile '[t]he injury involved need not be great,' or even quantifiable, it must be an injury to 'business or property.'" *Ambach v. French*, 167 Wn.2d 167, 171-72, 216 P.3d 405 (2009) (citing *Hangman Ridge*, 105 Wn.2d at 792); *see also Ledcor Indus. (USA), Inc. v. Mutual. of Enumclaw Ins. Co.*, 150 Wn. App. 1, 12-13, 206 P.3d 1255 (2009) (Plaintiff must establish a CPA violation and "that those violations caused an 'injur[y] in [its] business or property,' without which there is no remedy under the CPA.").

MOTION TO DISMISS - 6
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Kwan v. Clearwire Corp.,* No. 2:09-cv-01392 JLR, February 22, 2010, Dkt. No. 30, Order at 8-9 (required no allegation of injury to business or property in *per se* CPA claim).

Here, Plaintiff makes no attempt to meet this burden. She includes no allegation that the text messages that she allegedly received caused any kind of injury to her business or property. Plaintiff's only potential references to "injuries to business or property" is through fleeting use of the word "damages," which falls well short of satisfying Plaintiff's pleading burden. For example, Plaintiff states as follows:

- "Plaintiff brings this class action pursuant to Civil Rule 23 on behalf of herself and as a representative of the following class of persons entitled to remedies including, but not limited to, damages . . . ." Dkt. No. 2-4 ¶ 19.

- "Plaintiffs have suffered damages as a direct result of Defendants' numerous violations of RCW 19.86.10, *et seq.*" *Id.* ¶ 35.

*See also* ¶¶ 26, 36-37, 42. These statements simply do not allege any injury to business or property, and without any actual allegation of injury to business or property, Plaintiff's CPA claim must be dismissed. *Ledcor*, 150 Wn. App. at 12-13; *see also Wright v. Safeco Ins. Co. of America*, 124 Wn. App. 263, 281, 109 P.3d 1 (2004) ("there must be some other evidence to establish injury to the claimant's property").

**B.   The Portion of Plaintiff's CPA Claim Asserted Under RCW 80.36.400 Must Be Dismissed as a Matter of Law.**

Plaintiff's CPA claim must also be dismissed to the extent it attempts to rely on RCW 80.36.400.[4]  *See, e.g.*, Dkt. No. 2-4 at 6. Plaintiff's complaint appears to allege only the transmission of text messages, which are not covered by RCW 80.36.400. The elements required for a violation of RCW 80.36.400 are laid out by the statute, which provides:  no person may use an ADAD to conduct commercial solicitation. The statute specifies that this bars the use of a

---

[4]   Plaintiff actually cites RCW 80.35.400, but likely intends to refer to RCW 80.36.400.

MOTION TO DISMISS - 7
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8820
FAX: (206) 903-8820

device that: (1) automatically dials telephone numbers; (2) plays a prerecorded message; (3) to conduct commercial solicitation; (4) defined as unsolicited *calls*; (5) for purposes of initiating a telephone conversation; (6) in order to encourage a person to purchase property, goods or services. RCW 80.36.400(1)(a)-(b). Put another way, unsolicited phone calls in which a prerecorded message is played for the purpose of initiating a telephone conversation must be at issue to form the basis of a claim. Plaintiff, by contrast, fails to allege in any fashion that a recorded message was played, or that the text messages at issue initiated a conversation. This provides at least two independent bases for dismissal of Plaintiff's claims.

### 1. Plaintiff's RCW 80.36.400 Claim Fails as a Matter of Law Because Plaintiff Has Not Alleged that a Recorded Message Was Played.

In order for there to be a violation of RCW 80.36.400 an ADAD must "play[] a recorded message once a connection is made." RCW 80.36.400(1)(a). Plaintiff's complaint does not allege that she received *any* pre-recorded messages on any telephone line. This failure is fatal to Plaintiff's RCW 80.36.400 claims, and should result in their dismissal.

There has been one reported case in which a plaintiff advanced a theory like Plaintiff Agne's in this case: that mere use of an ADAD machine for purposes of commercial solicitation, *without* transmission of a prerecorded message over a telephone line constitutes a violation of RCW 80.36.400. In *Williams v. MCIMetro Access Transmission Services, Inc.*, 363 Fed. Appx. 518, 2010 WL 331475 (9th Cir. 2010), the plaintiff pled a claim under RCW 80.36.400 on the basis that MCIMetro had attempted, unsuccessfully, to use an ADAD for commercial solicitation, and argued that such attempts were violations of the statute regardless of whether a prerecorded message was played. *Id.* at 519; *see also Williams v. MCIMetro Access Transmission Svcs. LLC*, No. C08-0082TSZ, Dkt. No. 74 (W.D. Wash. Nov. 7, 2008).

Judge Zilly dismissed the plaintiff's clams in the District Court on the basis that she had failed to state a claim under RCW 80.36.400, among other reasons. *Williams*, No. C08-

MOTION TO DISMISS - 8
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

0082TSZ, Dkt. No. 74 at 67-68 ("the legislative intent must have been to prohibit these kinds of automatic dialing of numbers and playing of a recorded message"). The Ninth Circuit affirmed, stating:

> [t]he definition is simple. The device 'automatically dials telephone numbers *and plays a recorded message once a connection is made*.' . . . the use of a device that merely automatically dials telephone numbers-but does not play a recorded message once a connection is made-does not violate RCW 80.36.400.

*Williams*, 363 Fed. Appx. at 519 (emphasis in original, citations omitted). Under Ninth Circuit precedent, and in keeping with the original intent of the statute, RCW 80.36.400 only applies where recorded messages are played over telephone lines.

In contrast, Plaintiff alleges only that "Defendants caused automatic dialing and announcing devices to be used for purposes of commercial solicitation of Representative Plaintiff and other telephone customers within Washington State." Dkt. No. 2-4 ¶ 18; *see also id.* ¶ 25 (Plaintiff "received on her cellular telephone multiple unsolicited commercial text messages and commercial solicitations . . . ."). This conclusory statement need not be accepted as true.[5] But even if it *were* to be accepted as true, the allegation does not allege the playing of a recorded message, as required by the statute and the *Williams* case. Accordingly, to the extent Plaintiff's CPA claim rests on alleged violations of RCW 80.36.400, it should be dismissed with prejudice for failure to allege that a prerecorded message was played.

---

[5] *Iqbal*, 129 S.Ct. at 1949 ("a court need not accept as true legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement"); *see also Knerr v. Richards*, No. C08-5021RJB, 2009 WL 4927943, *6 (W.D. Wash. Dec. 14, 2009) ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

MOTION TO DISMISS - 9
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 2. Plaintiff's RCW 80.36.400 Claim Fails Because Plaintiff Does Not Allege that any Text Messages Initiated a Conversation.

RCW 80.36.400's application solely to prerecorded telephone calls creates one further requirement that Plaintiff Agne cannot allege in this case. As noted above, RCW 80.36.400 defines the prohibited activity, commercial solicitation, as "the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services." *Id.* at (1)(b). By its very language, therefore, RCW 80.36.400 requires that the solicitation "initiate a conversation" in order for a violation to occur.

Judge Settle recently affirmed this reading of the statute in his opinion in *Cubbage v. Talbots, Inc.*, No. C09-911 BHS, 2010 WL 2710628 (W.D. Wash. Jul. 7, 2010). In *Cubbage*, defendant Talbots sent pre-recorded telephone messages that informed recipients of Talbots' upcoming sales, but did not seek to initiate a conversation or otherwise facilitate a sales exchange between the caller and recipient. *Id.* at *1, *6. The Court ruled that plaintiff failed to state a claim because:

> The call merely delivered a recorded message and provided no means whatsoever to have a telephone conversation with a live operator, or anyone else. Because, the call could only deliver a prerecorded message, and because, as a result, no "telephone conversation" could ensue, no violation of RCW 80.36.400 has been shown.

*Cubbage*, 2010 WL 2710628 at *6. In other words, allegations of a prerecorded message are insufficient under the statute, without a potentially ensuing telephone conversation.

In the present case, Plaintiff has not pled that a conversation was initiated, or even attempted to be initiated. *See generally* Dkt. No. 2-4. As noted above, Plaintiff's *only* relevant factual allegation with regard to the messages is as follows:

> Defendants caused the transmission of unsolicited electronic commercial text messages to telephone numbers assigned to Representative Plaintiff and other residents of Washington State for cellular or pager services equipped to receive such messages. Also, Defendants caused automatic dialing and announcing

MOTION TO DISMISS - 10
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

devices to be used for purposes of commercial solicitation of Representative Plaintiff and other telephone customers within Washington State.

*Id.* at ¶ 18. Apart from being legal conclusions which this court need not heed, Plaintiff's allegations relate only to text messages. The "facts" alleged in Plaintiff's complaint therefore "provide no means whatsoever to have a telephone conversation . . . and, as a result, no 'telephone conversation' could ensue . . . ." *Cubbage*, 2010 WL 2710628 at *6. As in *Cubbage*, such claims are defective as a matter of law, and should be dismissed with prejudice.

### 3. Plaintiff's Claim Fails to Meet the Pleading Standards of Rule 8(a).

Plaintiff's *per se* CPA claim also fails to meet the relevant pleading standards of Fed. R. Civ. P. 8(a). All of Plaintiff's allegations regarding the elements of a violation of RCW 80.36.400 are stated in the form of legal conclusions which this Court need not accept. For instance, with regard to the requirement that the alleged calls have been made with an ADAD machine, Plaintiff merely states that "Defendants caused [ADADs] to be used for purposes of commercial solicitation." Dkt. No. 2-4 ¶ 18. With regard to the requirement that the calls be "unsolicited" Plaintiff states in conclusory fashion that "Defendants caused the transmission of unsolicited [text messages] . . . ." *Id.* Finally, for the requirement that the calls have been "for the purposes of encouraging a person to purchase property, goods, or services" Plaintiff alleges not a single fact. Similarly, with regard to RCW 19.90.060, Plaintiff fails to include the required allegations that she received "commercial electronic text messages" from any of the Defendants that were "sent to promote real property, goods, or services for sale or lease." *See* RCW 19.190.010 (defining "commercial electronic text message" for purposes of RCW 19.90.060). These meager "formulaic recitations of [*some of*] the elements" utterly fails to satisfy Plaintiff's obligations under Fed. R. Civ. P. 8(a). *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's causes of action for violation of the CPA must be dismissed for this reason as well.

MOTION TO DISMISS - 11
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### C.     Plaintiff's Negligence Claim Must be Dismissed as a Matter of Law.

Plaintiff's common law negligence claim fails as a matter of law because Plaintiff does not plead a legally cognizable duty owing from Papa John's to Plaintiff.  Further, Plaintiff's negligence claim is entirely duplicative of her statutory claim, and therefore must be dismissed.  Finally, Plaintiff's allegations regarding her negligence claim also fail to meet even the liberal pleading standards of Fed. R. Civ. P. 8(a).

#### 1.     Plaintiff's Have Alleged No Actionable Duty Owed by Papa John's.

For negligence to be actionable, Plaintiff must establish:  (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) resulting injury; and (4) that the breach was the proximate cause of the injury.  *Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992).  The primary question is whether a duty of care existed since "[a] negligence action will not lie if a defendant owed a plaintiff no duty of care."  *Folsom v. Burger King*, 135 Wn.2d 658, 671, 958 P.2d 301 (1998).  The existence of a duty is a question of law.  *Id*.  Plaintiff's complaint articulates the alleged duty as follows:

> Defendants owed a duty to act in the manner of reasonable [sic] pizza consortium and/or restaurant in their relationships with Plaintiffs and in supervising, managing and training their officers, agents, employees, each other, and other persons under their control.

Dkt. No. 2-4 ¶ 40.  Plaintiff then simply asserts that Defendants breached this "duty" by "permitting, causing, suffering, requiring, and/or ratifying the acts . . . referenced herein."  *Id.* ¶ 41.

This amorphous "duty" of a "reasonable pizza consortium" regarding text messaging does not exist at common law.  The fact that there is no common law legal duty, the breach of which would give rise to Plaintiff's negligence claim, is made obvious by the fact that a statute has been passed to regulate the type of text messaging Plaintiff alleges.  Prior to the passage of RCW 19.190.060, the alleged behavior was not actionable.  Indeed, at common law such

MOTION TO DISMISS - 12
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

messages would even enjoy limited first amendment protections applicable to commercial speech. *See Bd. of Trustees of SUNY v. Fox*, 492 U.S. 469, 477, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989) (commercial speech enjoys "a limited measure of [First Amendment] protection").

Without the statute Plaintiff has no cause of action stemming from the text messages she alleges she received, as no common law claim of negligence for sending text messages exists. Washington case law refuses to recognize obscure duties alleged by Plaintiffs that have no basis in common law. *See, e.g.*, *Cummins v. Lewis County*, 156 Wn.2d 844, 133 P.3d 458 (2006) (trial court properly dismissed widow's claim against county for failing to respond to 911 call because no duty was owed); *Skeikh v. Choe*, 156 Wn.2d 441, 128 P.3d 574 (2006) (trial court erroneously permitted jury to award damages to child where DSHS owed no duty to protect the child); *Burnett v. Tacoma City Light*, 124 Wn. App. 550, 104 P.3d 677 (2004) (trial court properly dismissed plaintiff's claim against state where plaintiff failed to establish that state owed plaintiff a duty); *McMann v. Benton County, Angeles Park Communities, Ltd.*, 88 Wn. App. 737, 946 P.2d 1183 (1997) (owner of mobile home park owed no duty to construct barrier to prevent child from leaving park and drowning in irrigation canal located on adjacent property). Plaintiff has failed to state a duty for purposes of her negligence claim.[6]

Further, Plaintiff cannot in response point to the provisions of a statute, including RCW 19.190.060, in order to supply the missing duty owing from Papa John's to Plaintiff. The Washington State Legislature rejected negligence *per se* as a cause of action in 1986. *See* RCW 5.40.050; *see also* 1986 Wash. Laws, ch. 305 § 901. Accordingly, alleged violation of a Washington State statute alone cannot constitute a claim for negligence. *Estate of Templeton v. Daffern*, 98 Wn. App. 677, 685, 990 P.2d 968 (2000). Rather, the statute may only be submitted

---

[6] Plaintiff would also be unable state a duty that flows to Papa John's USA and Papa John's International, Inc., as it is only the actions of its franchisees that are at issue. However, Papa John's reserves that issue for a future date, if necessary.

MOTION TO DISMISS - 13
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

to a court as *evidence* of negligence.[7]  *Id.* at 684.  Put another way, Plaintiff must still have a duty to point to.  As a result, Plaintiff's negligence claim must stand or fall on the basis of her articulated duty of text messaging standards for a "reasonable pizza consortium."  Given the lack of any such duty as a feature of Washington's common law, Plaintiff's negligence claim fails as a matter of law.

### 2.     Plaintiff's Negligence Claim Should Be Dismissed as Duplicative.

Under Washington law, a plaintiff's claim must be dismissed where the plaintiff asserts the same factual basis for two claims.  *See, e.g.*, *Francom v. Costco Wholesale Corp.,* 98 Wn. App. 845, 863, 991 P.2d 1182 (2000) (dismissing negligent infliction of emotional distress claim as duplicative of WLAD claim); *Anaya v. Graham,* 89 Wn. App. 588, 596, 950 P.2d 16 (1998) (dismissing outrage claim as duplicative of discrimination claim).  The Western and District of Washington has recognized this rule in order to dismiss duplicative claims in federal court. *Grinenko v. Olympic Panel Products*, 2008 WL 5204743, *10 (W.D. Wash. 2008) (dismissing "sexually pervasive and hostile work environment" claim as duplicative of "sex discrimination and sexual harassment claim"); *Wyatt v. Ford Motor Co.*, 2006 WL 2009230, *7 (W.D. Wash. 2006) ("Unless the complained of conduct giving rise to these common law claims is different than the conduct giving rise to their statutory claims for hostile work environment and discrimination, such claims are duplicative and warrant dismissal.").

In the present case, as in the cases noted above, Plaintiff relies on the same set of factual bases for both her CPA and negligence claims: that Defendants somehow sent commercial text

---

[7]  Even then, a Plaintiff submitting a statute as evidence of negligence must show that the statute satisfies the requirements of the RESTATEMENT (SECOND) OF TORTS § 286 (1965), *cited in Hansen*, 118 Wn.2d at 480 (the court may only take the statute as evidence of negligence where the statute is to protect a class of person to which the plaintiff belongs, to protect the interest plaintiff claims is invaded, to protect from the kind of harm plaintiff claims was incurred, and to protect the interest against the hazard from which the harm results).

MOTION TO DISMISS - 14
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

messages. From what can be gleaned from Plaintiff's complaint, the claims are virtually identical, with the exception of the enhanced statutory remedies provided by the CPA claim. Just as in *Francom*, Plaintiff has asserted a cause of action under Washington statute, and then submitted a common law claim purporting to assert a cause of action for the same circumstances actionable under the statute. As the court in *Francom* reasoned, Plaintiff's claim is wholly duplicative because any damages asserted as part of her negligence claim are recoverable under her CPA claim. *Francom*, 89 Wn. App. at 596. Plaintiff should not be allowed to burden Defendants and the Court with a common law cause of action for the same damages obtainable under her CPA claim. Plaintiff's negligence claim should be dismissed.

### 3.     Plaintiff's Negligence Claim Fails to Meet the Standards of Rule 8(a).

Though Plaintiff's negligence claim must fail as a matter of law for the reasons stated above, it is noteworthy that Plaintiff's negligence claims also fail to meet the basic pleading standards of Fed. R. Civ. P. 8(a), which requires focus on the complaint's factual allegations, not its legal conclusions. This is most obvious from the fact that it cannot be gleaned from the complaint exactly what duty Plaintiff alleges Papa John's had regarding text advertisements, and how that duty was breached. As discussed above, actual, relevant factual allegations in Plaintiff's complaint are few and far between, and Plaintiff falls short of pleading an actionable claim in almost every way. Indeed, even setting aside Plaintiff's failure to state a duty, Plaintiff also: fails to allege how Papa John's breached this mysterious duty; fails to allege how Plaintiff was injured; fails to allege what Plaintiff's supposed damages were; and fails to allege how any claimed injury was proximately caused by Papa John's. Where a plaintiff makes such sparse allegations, dismissal of a negligence claim is appropriate. *See, e.g.*, *Bonnalie v. City of West Richland*, No. CV-10-5001 EFS, 2010 WL 1416151, *2 (W.D. Wash. Mar. 30, 2010) (negligence claim dismissed for failure to plead sufficient facts under Rule 8); *Keller v. City of*

MOTION TO DISMISS - 15
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Spokane*, 146 Wn.2d 237, 242, 44 P.3d 845 (2002) (damages are a necessary element of a negligence claim).

### IV. CONCLUSION

Plaintiff seeks to maintain a class action as the sole class representative, but has failed to plead actionable claims, and generally fails to even meet basic pleading standards. Plaintiff's claims are insufficient as a matter of law, and ripe for resolution on a motion to dismiss. For the foregoing reasons Papa John's respectfully requests that Plaintiff's claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8 (a).

DATED this 23rd day of August, 2010.

DORSEY & WHITNEY LLP

*/s/ James E. Howard*
James E. Howard, WSBA #37259
Jessica Andrade, WSBA #39297
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
P: (206) 903-8800

Attorneys for Defendants Papa John's USA, Inc. and Papa John's International, Inc.

MOTION TO DISMISS - 16
Case No. 2:10-CV-01139 JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on the individuals below by the following method:

| | |
|---|---|
| Joseph P. Lawrence, Jr.<br>Vanessa Vanderbrug<br>Lawrence & Versnel PLLC<br>701 Fifth Avenue, Ste. 4210<br>Seattle, WA 98104<br>**Attorney for Rain City Pizza, Inc.; Edward Taliaferro dba Rain City Pizza, L.L.C.; Kevin Sonneborn dba Rain City Pizza, L.L.C.; Rose City Pizza, L.L.C.; and Rose City Pizza, L.L.C.** | ☒ Via ECF Notification<br>☐ Via FedEx<br>☐ Via Electronic Mail<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail |
| Albert Kirby<br>Kirby Law Group<br>93 S. Jackson St., Ste. 63230<br>Seattle, WA 98104-2818<br>**Attorneys for Plaintiffs** | ☒ Via ECF Notification<br>☐ Via FedEx<br>☐ Via Electronic Mail<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail |

Dated this 23rd day of August 2010.

*/s/ Michelle F. Hall*
Michelle F. Hall

MOTION TO DISMISS - 17
Case No. 2:10-CV-01139 JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820