HON. JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, on her own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>RAIN CITY PIZZA, L.L.C., an unknown business entity; EDWARD TALIAFERRO, individually and doing business as RAIN CITY PIZZA, L.L.C.; KEVIN SONNEBORN, individually and doing business as RAIN CITY PIZZA, L.L.C.; and ROSE CITY PIZZA, L.L.C.; ROSE CITY PIZZA, L.L.C., an Oregon limited liability company; PAPA JOHN'S USA, INC., a Kentucky corporation; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation<br><br>Defendants. | CIVIL CASE NO.:  2:10-CV-01139 JCC<br><br>**DEFENDANT PAPA JOHN'S USA, INC. AND PAPA JOHN'S INTERNATIONAL, INC.'S OPPOSITION TO MOTION TO REMAND**<br><br>ORAL ARGUMENT REQUESTED |

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.     INTRODUCTION

Defendants Papa John's USA, Inc. and Papa John's International, Inc. (collectively "Papa John's") oppose Plaintiff Maria Agne's Motion to Remand (Dkt. No. 11).  Plaintiff's remand motion is premised entirely upon the argument that Defendants Rain City Pizza, LLC, Edward Taliaferro, Kevin Sonneborn, Rose City Pizza, LLC (collectively, "Rain City Defendants") failed to "meet their burden" under the Class Action Fairness Act (the "CAFA") to show that there are more than 100 putative class members or that Plaintiff put at least $5,000,000 in controversy through her allegations.  Dkt. No. 11 at 1.  Plaintiff's motion to remand, however, displays a fundamental misunderstanding of the burdens of removal under CAFA.  Plaintiff herself pled that "several hundred" Washington residents received text messages, thereby satisfying the numerosity requirement.  Plaintiff alleges that such messages violated two statutes that both set a penalty of up to $500 per violation (theoretically $1,000 per class member) and seeks treble damages and attorney's fees.  Rain City Defendants conducted an investigation which showed that 5,000 or more text messages were sent to devices that could receive them, out of over 50,000 telephone numbers they gave to a third party marketing firm.  Accordingly, basic math shows that the five million dollar CAFA jurisdictional requirement has been met through Plaintiff's allegations, regardless of how unsound they may ultimately prove to be.[1]

## II.     BACKGROUND

Plaintiff filed her complaint in King County Superior Court alleging that the Rain City Defendants and Papa John's collectively violated RCW 19.190.060 and RCW 80.36.400, and were also negligent.  *See generally, id.*  Both RCW 19.190.060 and RCW 80.36.400 provide for

---

[1] Under the facts put forth by Rain City Defendants, over 50,000 texts were likely attempted (Dkt. No. 13-1 ¶ 3) though only 5,000 were sent to putative class members.  Dkt. No. 4 ¶ 7.  Plaintiff, however, seeks recovery for all attempts regardless of actual receipt of a message.

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND - 1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

statutory damages of $500.  RCW 19.190.040(1); RCW 80.36.400(3).  Plaintiff seeks to treble these damages and to obtain attorney's fees under RCW 19.86.090.  Dkt. No. 2-4 ¶ 38.  Plaintiff alleges that there are "at least several hundred" class members.  *Id.* ¶ 22.

The Rain City Defendants first filed a Notice of Removal on June 14, 2010.  Dkt. No. 1.  The Rain City Defendants' initial Notice of Removal alleged that federal jurisdiction was appropriate under CAFA based on Plaintiff's allegations.  Dkt. No. 1 ¶ 6.  On June 15, 2010 the Rain City Defendants filed an Amended Notice of Removal which included additional facts, namely, that the Rain City Defendants had conducted an investigation of Plaintiff's claims and had found that at least 5,000 text messages had been sent.  Dkt. No. 4 ¶ 7.  Nearly a month later on August 9, 2010 Plaintiff filed the instant Motion to Remand, arguing that the Rain City Defendants had failed to meet their burden with regard to (1) the amount in controversy and (2) the numerosity of potential class members.  Dkt. No. 11.[2]  The Rain City Defendants have already opposed Plaintiff's Motion to Remand.  *See* Dkt. No. 13.  In support of that motion, Rain City Defendants have submitted the Declaration of Kevin Sonneborn, in which Mr. Sonneborn attests to the fact that the telephone numbers of 53,870 Washington customers were given to a third party marketing firm.  Dkt. No. 13-1 ¶¶ 2-3.  Mr. Sonneborn also declares that all factual allegations contained within the Amended Notice of Removal, including allegation regarding the transmission of at least 5,000 texts, are true.  *Id.* ¶ 4.

### III.  ARGUMENT

Removal to this Court is appropriate under CAFA, 28 U.S.C. §§ 1332(d), 1453.  Under CAFA, a district court has original subject matter jurisdiction over an action where (a) the action

---

[2]  Papa John's notes that the Rain City Defendants' Notice of Removal was effective as to all defendants, such that a separate notice of removal on behalf of Papa John's was unnecessary.  *United Steel, Paper & Forestry, Rubber Mfg. Energy Allied Indus. & Service Workers v. Shell Oil Co.*, 549 F.3d 1204, 1208-09 (9th Cir. 2008) (one defendant's notice of removal is effective as to all).

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -2-

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

is a class action, *see* 28 U.S.C. §§ 1332(d)(2); (b) any member of a class of plaintiffs is a citizen of a state different from any defendant, *see* 28 U.S.C. §§ 1332(d)(2)(A); (c) the amount in controversy, including but not limited to the aggregate amount claimed by putative class members, exceeds the sum or value of $5,000,000, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(d)(2), (6); and (d) the number of all proposed plaintiff classes in the aggregate is equal to or more than 100, *see* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff's Motion to Remand concedes most of the elements, arguing only that the Rain City Defendants have failed to meet their burden of proving that the amount in controversy exceeds the sum or value of $5,000,000 and that the number of all proposed plaintiff classes in the aggregate is equal to or more than 100. Dkt. No. 11 at 1.  Plaintiff's argument, however, is not well founded.

**A.     The Rain City Defendants Have Satisfied the "Amount in Controversy" Requirement**

The burden of proof showing the "amount in controversy" depends on what the plaintiff has pled: (a) where the complaint does not specify an amount of damages, the party seeking removal must prove the amount in controversy by a preponderance of the evidence; (b) where the complaint alleges damages in *excess* of the amount-in-controversy requirement, then the requirement is presumptively satisfied unless it appears "to a legal certainty" that the claim is actually for less than the statutory minimum; and (c) if the complaint alleges damages *less* than the jurisdictional amount, then the defendant seeking removal must show the jurisdictional amount is met "with legal certainty." *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 998-1000 (9th Cir. 2007).  Plaintiff's complaint falls into category (a) above because it does not specify an amount of damages.  *See generally* Dkt. No. 2-4 at 10-11; *see also Goddard v. CSK Auto, Inc.*, No. C09-1391 MJP, 2009 WL 4015611, *1-*2 (W.D. Wash. Nov. 18, 2009) (noting that complaint "request[ed] damages in the form of unpaid wages, double damages under RCW

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -3-

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

49.52.010" and attorneys' fees, and therefore fell under the "preponderance of the evidence" standard). Accordingly, the applicable burden is that of the preponderance of the evidence.[3]

### 1. The Notices of Removal and Declaration of Kevin Sonneborn Satisfy the Preponderance of the Evidence Standard.

The Rain City Defendants have shown by a preponderance of the evidence that the CAFA amount in controversy requirement of $5,000,000 is met in this case. An amount of claimed treble damages and attorneys' fees, aggregated on a class-wide basis, may be factored into the amount-in-controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("Where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy."). Where a removing party must show the amount in controversy by a preponderance of the evidence, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

Here, Plaintiff alleges violations of RCW 80.36.400 and RCW 19.190.060, both of which carry individual penalties of $500.[4] Dkt. No. 2-4 ¶ 32. Plaintiff also seeks to treble these damages, as well as attorney's fees under RCW 19.86.090. *Id.* ¶ 38. Further, Plaintiff seeks

---

[3] Plaintiff seems to confuse this fact by citing to language in *Lowdermilk* applying the "legal certainty" burden on the basis of plaintiff Lowdermilk's specific pleading that damages were *below* $5,000,000. *See* Dkt. No. 2-4 at 4:5-6 (citing *Lowdermilk*, 479 F.3d at 1002); *cf. Goddard*, 2009 WL 4015611, *2 (noting improper plaintiff interweaving of "legal uncertainty" standard). Regardless, the preponderance of the evidence standard applies.

[4] Plaintiff appears to contend in her motion for remand that though she accuses defendants of violation of *both* RCW 19.190.060 and RCW 80.36.400, she only seeks damages for one $500 violation of the Washington Consumer Protection Act. Dkt. No. 11 at 2. Plaintiff forgets that it is the "amount in controversy" that matters under CAFA and by accusing defendants of violating two statutes bearing damages provisions of $500, she puts $1,000 per violative act in controversy. Moreover, the simple calculation of damages based on Plaintiff's allegations, described below, indicates that this distinction is irrelevant.

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -4-

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

damages, independent of those sought under her first cause of action, for her negligence claim. *Id.* ¶ 42. Plaintiff's own complaint alleges that "at least several hundred Washington State residents are believed to belong to the class." *Id.* ¶ 22.

Such allegations *alone* have been held to meet the jurisdictional requirement of CAFA. *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646 (W.D. Wash. 2007) (stating that because plaintiff had alleged that there were "hundreds" of persons who received the violative faxes, each of which garnered $500 statutory damages, that plaintiff sought treble damages and that defendant had stated in its notice of a removal a "good faith belief" that the amount in controversy exceeded $5,000,000, that CAFA jurisdiction was appropriate). However, the Rain City Defendants did not stop there. Their Amended Notice of Removal stated that their investigation had revealed that at least 5,000 text messages were sent, and Plaintiff contends that sending a message violates two statutes. Dkt. No. 4 ¶ 7. These facts, taken together, show that the jurisdictional amount is met as a matter of basic math: $1,000 combined statutory damages for violations of RCW 19.190.060 and RCW 80.36.400 for each text sent, trebled and then multiplied by 5,000 recipients equals *$15,000,000*, exclusive of attorney's fees or the costs of a permanent injunction. This amount, put in controversy by Plaintiff, is well above the requirement set by CAFA.

Plaintiff makes much of the fact that the Rain City Defendants, in the process of reserving their rights to argue defenses in the future, state that they "intend no admission of fact, law or liability" by their Notice of Removal. Plaintiff contends that this lone footnote on behalf of Rain City Defendants means that there is *no* evidence supporting CAFA jurisdiction. Dkt. No. 11 at 5. Plaintiff cannot, and does not, submit any statute or case law to support its contention that a disclaimer of liability precludes the submission of evidence for jurisdiction purposes. *See, e.g.*, *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) (defendants may possess strong

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -5-

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

defenses to liability; however, the strength of defenses is not taken into account in considering the amount in controversy). In other words, the fact that Defendants are likely to prevail is not a factor in the CAFA removal analysis.

Moreover, the Rain City Defendants' submission of the Declaration of Kevin Sonneborn in opposition to Plaintiff's motion to remand (*see* Dkt. No. 13-1) effectively moots this weak argument. Mr. Sonneborn testifies that all of the factual allegations contained in the Amended Notice of Removal are true. Dkt. No. 13-1 ¶ 4. Mr. Sonneborn then submits evidence that over 50,000 Washington telephone numbers were provided to a third-party marketing firm for use in sending text messages (including the 5,000 that were previously noted as being sent to devices that could receive text messages). *Id.* ¶ 3. Because Plaintiff pleads that both the *attempt* and the actual transmission of the messages via ADAD violates RCW 19.190.060 and RCW 80.36.400, the Declaration of Kevin Sonneborn shows by the preponderance of the evidence that substantially more than $5,000,000 has been "put in controversy" by Plaintiff's allegations.

Plaintiff's further contentions that Rain City Defendants need submit evidence as to the content of the text messages, the individual identifying characteristics of class members, and the substance of Rain City Defendants' investigation is simply inaccurate, particularly where Plaintiff herself provides no facts in her complaint regarding the content of the alleged text. Dkt. No. 11 at 5. Rain City Defendants need not submit ultimate facts in order to satisfy this burden on removal under CAFA, and have surely satisfied the "preponderance of the evidence" burden with regard to the amount in controversy.[5]

---

[5] Plaintiff's citation that "conclusory statements, even if under oath, cannot sustain removal" is disingenuous and is not supported by the text cited. Dkt. No. 11 at 5 (citing *Rodgers*, 412 F. Supp. 2d at 1179-80). The *Rodgers* court was dealing with assumptions submitted by the removing defendant in that case regarding the cost of implementing an injunction. Here, by contrast, the removing defendant has offered specific statements regarding the number of texts attempted, resulting in a concrete, calculable amount in controversy under Plaintiff's allegations.

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -6-

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### B. Rain City Defendants Have Satisfied the Numerosity Requirement.

Plaintiff's contention that there are less than 100 potential class members is perplexing, considering Plaintiff's own pleading stating that "at least several hundred Washington State residents are believed to belong to the class." Dkt. No. 2-4 ¶ 22. Under Ninth Circuit precedent, this allegation on its own satisfies the numerosity requirement of CAFA, without any further submissions from defendants. 28 U.S.C. § 1332(d)(5)(B) (CAFA jurisdiction does not apply when "the number of members of all *proposed* plaintiff classes in the aggregate is less than 100); *Lowdermilk*, 479 F.3d at 997 (numerosity met where plaintiff alleged the class "exceed[ed] 30 persons" and defendants showed that there were "potentially thousands of" class members).

Plaintiff again misunderstands the requirements of CAFA and seems to suggest that defendants need to submit *further* evidence regarding the number of potential class members over and above what Plaintiff alleges in her complaint. Dkt. No. 11 at 6. There is no support for Plaintiff's contention. Indeed, since the number of potential class members is pled on the face of the complaint, Defendants are entitled to rely on that figure.[6] Further, any efforts by the Plaintiff to mischaracterize her pleading in order to avoid jurisdiction under CAFA are futile. The Rain City Defendants have already submitted a Notice of Removal posing that the potential class members is at least 5,000 and, upon further investigation, have submitted the declaration of Kevin Sonneborn showing that the potential class includes over 50,000 Washington customers, pursuant to Plaintiff's alleged theories of recovery. Dkt. No. 4 ¶ 7; Dkt. No. 13-1 ¶¶ 2-4.

---

[6] Indeed, Plaintiff would likely be judicially estopped from arguing otherwise. At minimum, the relevant burden would be upon plaintiff to show with "legal certainty" that the number of class members is less than 100. *Lowdermilk*, 479 F.3d at 998-1000 (holding that where the complaint alleges damages in *excess* of the amount-in-controversy requirement, then the requirement is presumptively satisfied unless it appears "to a legal certainty" that the claim is actually for less than the statutory minimum).

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -7-

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Plaintiff cannot honestly claim that "the number of all proposed plaintiff classes in the aggregate is less than 100" for purposes of CAFA jurisdiction.

### IV.    CONCLUSION

The appropriate burden upon the removing party under CAFA is that of the preponderance of the evidence. Rain City Defendants have more than met this burden by submitting statements and declarations showing that a third party marketing firm was given more than 50,000 Washington phone numbers for use in sending text messages such as those alleged in Plaintiff's complaint. Rain City Defendants have also affirmed that 5,000 text messages were sent to putative class members. Combining this evidence regarding number of violations with the legal theories obvious from the face of Plaintiff's complaint produces an amount in controversy that easily satisfies the jurisdictional minimum required by CAFA. Further, the numerosity requirement of CAFA is satisfied by Plaintiff's complaint. To the extent Plaintiff argues that additional information is required, the Rain City Defendants' Notices of Removal and the Declaration of Kevin Sonneborn more than satisfy this need. This court has jurisdiction over this case under CAFA.

DATED this 23rd day of August, 2010.

DORSEY & WHITNEY LLP

*/s/  James E. Howard*
James E. Howard, WSBA #37259
Jessica Andrade, WSBA #39297
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
P:  (206) 903-8800

Attorneys for Defendants Papa John's USA, Inc. and Papa John's International, Inc.

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -8-

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on the individuals below by the following method:

| | |
|---|---|
| Joseph P. Lawrence, Jr.<br>Vanessa Vanderbrug<br>Lawrence & Versnel PLLC<br>701 Fifth Avenue, Ste. 4210<br>Seattle, WA 98104<br>**Attorney for Rain City Pizza, Inc.; Edward Taliaferro dba Rain City Pizza, L.L.C.; Kevin Sonneborn dba Rain City Pizza, L.L.C.; Rose City Pizza, L.L.C.; and Rose City Pizza, L.L.C.** | ☒ Via ECF Notification<br>☐ Via FedEx<br>☐ Via Electronic Mail<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail |
| Albert Kirby<br>Kirby Law Group<br>93 S. Jackson St., Ste. 63230<br>Seattle, WA 98104-2818<br>**Attorneys for Plaintiffs** | ☒ Via ECF Notification<br>☐ Via FedEx<br>☐ Via Electronic Mail<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail |

Dated this 23rd day of August 2010.

*/s/ Michelle F. Hall*
Michelle F. Hall

PAPA JOHN'S OPPOSITION TO
MOTION TO REMAND -9-

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820