1                                   THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, on her own behalf and on behalf of other similarly situated persons,<br><br>             Plaintiff,<br><br>             v.<br><br>RAIN CITY PIZZA, L.L.C., an unknown business entity; EDWARD TALIAFERRO, individually and doing business as RAIN CITY PIZZA, L.L.C. and ROSE CITY PIZZA, L.L.C.; KEVIN SONNEBORN, individually and doing business as RAIN CITY PIZZA, L.L.C., ROSE CITY PIZZA, L.L.C., SEATTLE PJ PIZZA, L.L.C., PJ SOUND PIZZA, L.L.C., PAPA WASHINGTON, L.L.C., and PAPA WASHINGTON II, L.L.C.; ROSE CITY PIZZA, L.L.C., an Oregon limited liability company; SEATTLE PJ PIZZA, L.L.C., a Washington limited liability company; PJ SOUND PIZZA, L.L.C., a Kansas limited liability company; PAPA WASHINGTON, L.L.C., a Washington limited liability company; PAPA WASHINGTON II, L.L.C., a Washington limited liability company; PAPA JOHN'S USA, INC., a Kentucky corporation; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation,<br><br>            Defendants. | Case No. 2:10-cv-01139-JCC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT – CLASS ACTION**<br><br>JURY DEMAND |

     Plaintiff MARIA AGNE ("Representative Plaintiff"), on her own behalf and on behalf of

all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1  the following First Amended Complaint against Defendants RAIN CITY PIZZA, L.L.C.,

2  EDWARD TALIAFERRO, KEVIN SONNEBORN, ROSE CITY PIZZA, L.L.C., SEATTLE PJ

3  PIZZA, L.L.C., PJ SOUND PIZZA, L.L.C., PAPA WASHINGTON, L.L.C., PAPA

4  WASHINGTON II, L.L.C., PAPA JOHN'S USA, INC., and PAPA JOHN'S

5  INTERNATIONAL, INC. (collectively "Defendants") to obtain from each of them all damages,

6  injunctive relief, attorney fees, costs, and other remedies which Plaintiffs are entitled to recover

7  under law and equity.

## I. JURISDICTION AND VENUE

9      1.    Defendants maintain that the jurisdiction of the United States District Court for

10  the Western District of Washington at Seattle is appropriate under the Class Action Fairness Act.

11      2.    Representative Plaintiff is a resident of King County in Washington State.

12      3.    Many of the wrongful acts and omissions referenced in this Complaint occurred,

13  were initiated, were furthered, or were given assistance in King County and Washington State.

14      4.    Most of the Defendants domicile in King County of Washington State.

15      5.    Defendants do business in King County and Washington State.

## II. THE DEFENDANTS

17      6.    PAPA JOHN'S INTERNATIONAL, INC. ("PJ'S INTERNATIONAL") purports

18  to be a Delaware corporation domiciled in Kentucky.  PAPA JOHN'S USA, INC. ("PJ'S USA")

19  purports to be a Kentucky corporation domiciled in Kentucky.  PJ'S USA is an alter ego and/or

20  agent of PJ'S INTERNATIONAL.  For example:

21      a.    All of PJ'S USA officers are contemporaneously officers of PJ'S

22      INTERNATIONAL.  As of June 29, 2010, the two CEOs of PJ'S USA were

23      contemporaneously CEOs of PJ'S INTERNATIONAL; the president of PJ'S

24      USA was contemporaneously the president of PJ'S INTERNATIONAL;  the

25      thirty vice-presidents of PJ'S USA were contemporaneously vice-presidents of

26      PJ'S INTERNATIONAL; the secretary and assistant secretaries of PJ'S USA

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 2

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1   were contemporaneously the secretary and assistant secretaries of PJ'S

2   INTERNATIONAL; the treasurer and assistant treasurer of PJ'S USA were

3   contemporaneously the treasurer and assistant treasurer of PJ'S

4   INTERNATIONAL.

5         b.     For at least five years, PJ'S USA and PJ'S INTERNATIONAL have filed

6   all of their reports and disclosures with the Kentucky Secretary of State on the

7   same days and even at the same times.

8         c.     The officers of PJ'S INTERNATIONAL enjoy and assert complete and

9   exclusive control over the daily operations and business of PJ'S USA.

10        d.     The business of PJ'S USA by and through its officers is conducted at the

11  same places, and at the same times, and by the same people as the business of

12  PJ'S INTERNATIONAL.

13        e.     If a distinction can be made between PJ'S USA and PJ'S

14  INTERNATIONAL, then PJ'S USA is an agent of PJ'S INTERNATIONAL.  For

15  example, service of a complaint and summons upon PJ'S USA's registered agent

16  in Washington State was followed by PJ'S INTERNATIONAL filing a notice of

17  appearance before PJ'S USA did the same even though PJ'S

18  INTERNATIONAL's registered agent had not been served with the complaint or

19  summons.

20        7.     PJ'S INTERNATIONAL asserts and exerts such complete direction, supervision,

21  and control over the daily operations and business of PJ'S USA, intermixing and intermingling

22  the business of PJ'S INTERNATIONAL and PJ'S USA so thoroughly, that no genuine

23  distinction can be made between the two purportedly different entities with regard to the issues

24  which are the subject matter of this complaint.  Thus, PJ'S INTERNATIONAL and PJ'S USA

25  are referenced hereon together as PJ'S CORPORATE.

26

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

8.     PJ'S CORPORATE is at the apex of an international consortium which makes billions of dollars a year by marketing and selling pizza and pizza-related products and services under the "Papa John's" and/or "Papa John's Pizza" brand.

9.     The "Papa John's" and "Papa John's Pizza" brands are extremely valuable to PJ'S CORPORATE.   To ensure that these brands preserve and grow their value, PJ'S CORPORATE requires all persons who join with it in marketing and selling pizza and pizza-related products and services to spend significant amounts of time and money in marketing the brands.  PJ'S CORPORATE provides training, supervision, and other guidance and directives concerning such marketing practices. Moreover, PJ'S CORPORATE reserves and maintains actual and ultimate control over all marketing done by anyone with regard to the "Papa John's" and/or "Papa John's Pizza" brands.

10.     PJ'S CORPORATE directly operates at least one Papa John's Pizza restaurant in Washington State that markets and sells pizza and pizza-related products and services to consumers in Washington State.

11.     PJ'S CORPORATE also has combined by agreement or otherwise with other persons who have joined with PJ'S CORPORATE to market and sell pizza and pizza-related products and services under the "Papa John's" and/or "Papa John's Pizza" brand to consumers in Washington State.  Some of these other persons who have joined with PJ'S CORPORATE are referenced herein collectively as "CITY PIZZA," which includes without limitation the following:

      a.     CITY PIZZA includes EDWARD TALIAFERRO ("TALIAFERRO") and KEVIN SONNEBORN ("SONNEBORN") individually and doing business as RAIN CITY PIZZA, LLC. ("RAIN CITY").  Whether as individuals, a general partnership, a joint venture, or in some other business arrangement, TALIAFERRO and SONNERBORN have done and continue doing business under the name of RAIN CITY.  TALIAFERRO and SONNEBORN jointly

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1 operate, manage, control, and supervise multiple Papa John's Pizza restaurants in

2 Washington State.

3     b.    CITY PIZZA includes ROSE CITY PIZZA, L.L.C., which purports to be

4 an Oregon limited liability company domiciled in Washington State.

5 SONNEBORN and TALIAFERRO own, operate, supervise, manage, and/or do

6 business as ROSE CITY PIZZA, L.L.C. and other business entities which

7 altogether own, operate, supervise, control and/or manage multiple Papa John's

8 Pizza restaurants in Washington State.

9     c.    CITY PIZZA includes SEATTLE PJ PIZZA, L.L.C., which purports to be

10 a Washington limited liability company domiciled in Washington State.

11 SONNEBORN owns, operates, supervises, manages, and/or does business as

12 SEATTLE PJ PIZZA, L.L.C. and other business entities which altogether own,

13 operate, supervise, control and/or manage multiple Papa John's Pizza restaurants

14 in Washington State.

15     d.    CITY PIZZA includes PAPA WASHINGTON, L.L.C., which purports to

16 be a Washington limited liability company domiciled in Washington State.

17 SONNEBORN owns, operates, supervises, manages, and/or does business as

18 PAPA WASHINGTON, L.L.C. and other business entities which altogether own,

19 operate, supervise, control and/or manage multiple Papa John's Pizza restaurants

20 in Washington State.

21     e.    CITY PIZZA includes PAPA WASHINGTON II, L.L.C., which purports

22 to be a Washington limited liability company domiciled in Washington State.

23 SONNEBORN owns, operates, supervises, manages, and/or does business as

24 PAPA WASHINGTON II, L.L.C. and other business entities which altogether

25 own, operate, supervise, control and/or manage multiple Papa John's Pizza

26 restaurants in Washington State.

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 5

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

f.      CITY PIZZA includes PJ SOUND PIZZA, L.L.C., which purports to be a Kansas limited liability company domiciled in Washington State.  SONNEBORN owns, operates, supervises, manages, and/or does business as PJ SOUND PIZZA, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's Pizza restaurants in Washington State.

12.    The principal place of business for each of the constituents of CITY PIZZA is at the same location in Redmond, Washington.  At this location, the constituents of CITY PIZZA intermingle their operational and marketing resources to effect their common purpose and design to profit from the marketing and selling of pizza and pizza-related services and products using the Papa John's and Papa John's Pizza brands as instructed by, permitted by, directed by, and/or agreed with PJ'S CORPORATE.  Thus, the constituents of CITY PIZZA have combined by agreement or otherwise with each other and with PJ'S CORPORATE to manage, supervise, direct, and control the operations and marketing for numerous pizza restaurants utilizing the Papa John's and Papa John's Pizza brands in Washington State.  All of the Defendants make money from these efforts.

13.    One or more of the constituents of CITY PIZZA are alter egos and/or agents of one or more of the other constituents of CITY PIZZA.  Thus, they have acted as if they are alter egos of each other with regard to the subject matter alleged herein.

14.    Consistent with the foregoing, each of the Defendants negligently, recklessly, willfully, and/or intentionally caused, initiated, contributed to, assisted with, and/or agreed to accomplish the wrongful and otherwise unlawful acts and omissions referenced in this complaint.

### III. GENERAL ALLEGATIONS

15.    Visual messages have been transmitted through telephone connections for about as long as telephones have existed.  About the 1870s, stock exchange data was transmitted over

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 6

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

special telegraph lines which utilized stock tickers to print the data out as visual text messages. By about the 1920s, telephone connections were used to transmit and receive visual text messages via teletypewriters (TTYs).  In about the 1960s, technology took a step forward with the emergence of telecommunication devices for the deaf (TDDs), allowing telephone users to use ordinary telephones to converse via visual text messages through a telephone connection.  By the 1980s, a new technology emerged which permitted visual text messages to be transmitted to and received by telephones in a conversational manner through short message service (SMS) technology.  In the past decade, a newer technology has emerged that, once a telephone connection is made, permits the transmission of multimedia messages which can play directly on phones via a multimedia message service (MMS).  These MMS messages can include SMS-like text messages as well as audio and visual messages of different types, including without limitation moving, pictorial images (e.g., slideshows, movies, et cetera) and long, scrolling text messages.  MMS technology has become widespread in the United States in the past few years. Today, billions of consumers worldwide have telephones which can receive SMS and/or MMS messages.  For many consumers (e.g., hearing impaired persons), messages like these are the only way that they converse on the telephone.

16.    In the past few years, PJ'S CORPORATE has used and/or encouraged the use of SMS and/or MMS messages by CITY PIZZA and others to market and sell pizza and pizza-related products and services under the Papa John's and Papa John's Pizza brands.

17.    PJ'S CORPORATE plans to make billions of dollars from the marketing and sales of pizzas and pizza-related products and services via telephone connections made with consumers utilizing SMS and/or MMS messages.

18.    CITY PIZZA has made and plans to make much money from the marketing and sales of pizzas and pizza-related products and services via the same marketing and sales channels as used, suggested, directed, and/or permitted by PJ'S CORPORATE.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

19.     However, marketing (a/k/a commercial solicitation) through message service messages is inherently injurious to consumers who have telephones and related devices with SMS and/or MMS message capabilities.  In fact, such marketing has injured consumers. For example, as a consequence of marketing via message service messages:

    a.   Consumers incur increased monetary costs for their message services;

    b.   Consumers lose storage capacity on their telephones and related devices;

    c.   The limited storage capacity of the telephones and related devices can be exhausted by unwanted message services messages resulting in the inability of consumers to receive necessary and expected communications;

    d.   Consumers are deprived of the opportunity to immediately question a seller of goods and services about the veracity of the seller's claims;

    e.   The privacy of consumers is invaded;

    f.   The telephone networks upon which consumers rely are used inefficiently and harmed to the detriment of consumers;

    g.   Consumers are annoyed and harassed;

    h.   Consumers are susceptible to injury and/or are injured in other ways in accord with proof to be presented at trial.

20.     In disregard of the inherent injuriousness of marketing via message service messages, Defendants proximately, negligently, recklessly, willfully, and/or intentionally caused acts and omissions which resulted recently in the creation and transmission through telephone connections of at least 5,000 unsolicited, recorded messages.  These messages played commercial solicitations upon the telephones (i.e., cellular telephones) and/or related devices (i.e., pagers) of Representative Plaintiff and other residents of Washington State.  These recorded messages were designed to do, and did, much if not all of the following after a telephone connection was made with the recipient's telephone or related device:

    a.   Generated audio sounds;

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 8

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

    b.  Vibrated the receiving telephone or related device;

    c.  Played a picture show (e.g., a movie) displaying multiple, detailed, color, graphical depictions of things such as pizzas and the Papa John's Pizza brand logo;

    d.  Played moving, visual text messages encouraging the recipient to purchase Papa John's Pizza pizzas through a telephone connection and conversation;

    e.  Presented a long, visual text message designed to initiate telephone conversations by which the recipient would, as desired by the Defendants, purchase discounted pizzas from Papa John's Pizza restaurants in Washington State; and

    f.  Displayed characteristics of commercial solicitations proscribed by law.

21.    Given the nature of these recorded messages and the number of consumers to whom these recorded messages were broadcast, automatic dialing and announcing devices were necessarily used to broadcast these recorded messages to consumers residing in Washington State.

## IV. CLASS ACTION ALLEGATIONS

22.    Representative Plaintiff brings this class action on behalf of herself and as a representative of the following class of persons entitled to injunctive relief:

    a.  All residents of Washington State with a telephone number or pager number in the possession, custody, or control of a Defendant.

23.    Representative Plaintiff also brings this class action on behalf of herself and as a representative of the following class of persons entitled to remedies including, but not limited to, damages:

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 9

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

a.  All residents of Washington State with a cellular telephone number
or pager number to which an electronic commercial text message
was transmitted by a Defendant, or someone acting on behalf of a
Defendant; and

b.  All residents of Washington State to whose telephone or pager
number a Defendant, or someone acting on behalf of a Defendant,
directed a commercial solicitation by means of an automatic
dialing and announcing device.

24.    Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy
representation and superiority requirements for class action certification pursuant to Federal Rule
of Civil Procedure, Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3) as referenced below and in
accord with proof.

25.    Defendants have available to them lists which identify all of the members of this
class.  These lists identify thousands of persons who belong to this class.  Joinder of so many
class members in to a single action is impracticable.  In fact, given the number of class members,
the only way to deliver substantial justice to all members of the class is by means of a single
class action.  Class members may be informed of the pendency of this class action through direct
mail.

26.    There are questions of fact and law common to the class, which predominate over
any questions affecting only individual members.  The questions of law and fact common to the
class arising from Defendants' conduct include, without limitation, the following:

a.  Whether Defendants negligently and/or willfully caused violations
of the Washington Consumer Protection Act;

b.  Whether Defendants negligently and/or willfully caused violations
of RCW 19.190.060;

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1    c.   Whether Defendants negligently and/or willfully caused violations

2         of RCW 80.36.400;

3    d.   Whether Defendants, or someone acting on their behalf, caused

4         transmissions of commercial text messages to residents of

5         Washington State;

6    e.   Whether Defendants, or someone acting on their behalf, utilized

7         automatic dialing and announcing devices for unlawful

8         commercial solicitations to residents of Washington State;

9    f.   Whether Defendants' practices and policies will cause further

10        violations of the Washington Consumer Protection Act;

11   g.   Whether Defendants' practices and policies will cause further

12        violations of RCW 19.190.060;

13   h.   Whether Defendants' practices and policies will cause further

14        violations of RCW 80.36.400;

15   i.   Whether Defendants conspired together to perpetuate unlawful

16        and/or wrongful practices and conduct;

17   j.   Whether any Defendants are vicariously liable for the unlawful

18        and/or wrongful practices and conduct of other Defendants; and

19   k.   Which Defendants are alter egos of another Defendant.

20        27.   The questions referenced above predominate over any questions affecting only

21   individual persons, and a class action is superior with respect to considerations of consistency,

22   economy, efficiency, fairness and equity, to other available methods for the fair and efficient

23   adjudication of Plaintiffs' claims.

24        28.   Representative Plaintiff's claims are typical of those of the class in that she, just

25   like the other members of the class, was the victim of the unlawful marketing practices detailed

26   above.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

29.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted in a general manner to the injury and damage of the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

30.     Further, PJ'S CORPORATE has indicated that Defendants will continue these unlawful marketing practices in order to take advantage of the increasing prevalence of telephones with the capacity to receive such wrongful and unlawful messages.  Accordingly, final injunctive relief is necessary and appropriate to ensure that Defendants cease and desist their unlawful and wrongful conduct.  A class action is the most efficient means to ensure that Defendants' do not damage the class in the future.

31.     Representative Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent.  The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff.  Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

32.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.  It would be impractical and undesirable for each of the thousands of persons who comprise the class to bring separate actions.  The maintenance of such separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

33.     If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 12

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

over the subject matter of this complaint is if members of the class cannot or do not pursue an

action against Defendants for reasons altogether unrelated to the merits of their claims (e.g.,

challenges in accessing legal counsel, the mundane realities of surviving in a challenging

economy, et cetera). The only practical way to ensure that all members of the class are afforded

an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon

them by Defendants is to resolve the subject matter of this complaint through a class action.

## V. FIRST COUNT

### Violations of RCW 19.190.060

34.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as

if the same were alleged herein this count.

35.     At all times material herein, Plaintiffs have been entitled to the rights, protections,

and benefits provided under RCW 19.190.060.

36.     The Washington State legislature noted the following when it enacted RCW

19.190.060:

> The legislature recognizes that the number of unsolicited commercial text
> messages sent to cellular telephones and pagers is increasing. This practice
> is raising serious concerns on the part of cellular telephone and pager
> subscribers. These unsolicited messages often result in costs to the cellular
> telephone and pager subscribers in that they pay for use when a message is
> received through their devices. The limited memory of these devices can
> be exhausted by unwanted text messages resulting in the inability to
> receive necessary and expected messages.

> The legislature intents [sic] to limit the practice of sending unsolicited
> commercial text messages to cellular telephone or pager numbers in
> Washington.

37.     In this context, RCW 19.190.060 proscribes the transmission of electronic

commercial text messages to telephone numbers assigned to Washington State consumers for

cellular telephone or pager service that is equipped with SMS capability or any similar capability

allowing the transmission of text messages.

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

38.     Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates RCW 19.190.060.  Defendants directly and/or vicariously initiated or assisted with the transmission of at least 5,000 electronic commercial text messages (i.e., text messages designed to encourage Plaintiffs to purchase Papa John's pizzas) to Plaintiffs' cellular telephone and/or pager numbers. All cellular telephones and pagers in the market today are equipped to receive such messages.

39.     As referenced herein, Defendants violated RCW 19.190.060.

40.     Defendants' violations of RCW 19.190.060 are emblematic of organizational policies, relationships, and agreements among the Defendants and others which have caused and, if unabated, will continue to cause future violations of RCW 19.190.060.

41.     Pursuant to RCW 19.190.040, Plaintiffs are entitled to recover $500 in damages from the Defendants for each violation of RCW 19.190.060.

42.     Justice requires an injunction crafted to compel Defendants to cease their unlawful policies, practices, and conduct referenced herein.

43.     Plaintiffs are further entitled to all damages, attorneys' fees, costs, and treble damages as allowed by RCW 19.86.10, *et seq*.

## VI.  SECOND COUNT

### Violations of RCW 80.36.400

44.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

45.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under RCW 80.36.400.

46.     The Washington State legislature noted the following when it enacted RCW 80.36.400:

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 14

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1
2
3
4

> The legislature finds that the use of automatic dialing and announcing devices for purposes of commercial solicitation: (1) Deprives consumers of the opportunity to immediately question a seller about the veracity of their claims; (2) subjects consumers to unwarranted invasions of their privacy; and (3) encourages inefficient and potentially harmful use of the telephone network. The legislature further finds that it is in the public interest to prohibit the use of automatic dialing and announcing devices for purposes of commercial solicitation.

5
6

47.     In this context, RCW 86.36.400 proscribes the use of an automatic dialing and announcing device for purposes of commercial solicitation.

7
8
9
10
11

48.      Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously used automatic announcing devices to broadcast messages referenced herein to Plaintiffs because the devices used to broadcast such messages necessarily dialed Plaintiffs' telephone numbers automatically and played recorded messages upon Plaintiffs' telephone devices after a connection was made.

12
13
14
15

49.     These messages were unsolicited and calculated to initiate a conversation through telephone devices between Plaintiffs and Defendants by which Defendants directly and/or vicariously would encourage and facilitate Plaintiffs to purchase Papa John's pizzas and/or pizza-related products and services.

16

50.     As referenced herein, Defendants violated RCW 80.36.400.

17
18
19

51.     Defendants' violations of RCW 80.36.400 are emblematic of organizational policies, relationships, and agreements among the Defendants and others which have caused and, if unabated, will continue to cause future violations of RCW 80.36.400.

20
21

52.     Pursuant to RCW 80.36.400, Plaintiffs are entitled to recover from Defendants $500 in damages for each violation of RCW 80.36.400.

22
23

53.     Justice requires an injunction crafted to compel Defendants to cease their unlawful policies, practices, and conduct referenced herein.

24
25

54.     Plaintiffs are further entitled to all damages, attorneys' fees, costs, and treble damages as allowed by RCW 19.86.10, *et seq*.

26

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

## VII.  THIRD COUNT

### Violations of the Washington Consumer Protection Act

55.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

56.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act.

57.     As referenced herein and in accord with proof to be presented at trial, Defendants engaged in unfair or deceptive acts and practices.

58.     These acts and practices occurred in the scope of Defendants' combined conduct of marketing and selling pizza and pizza-related products and consumers to consumers residing in Washington State.  These acts and practices occurred in the conduct of Defendants' trade and commerce in Washington State.

59.     As referenced herein and in accord with proof to be presented at trial, Defendants and/or their agents injured Plaintiffs in their business or property.

60.     Defendants' acts and practices as referenced herein and in accord with proof at trial were the proximate causes of these injuries.

61.     Defendants' acts and practices are emblematic of organizational policies, relationships, and agreements among the Defendants and others which have caused and, if unabated, will continue to cause future violations of the Washington Consumer Protection Act.

62.     Justice requires an injunction crafted to compel Defendants to cease their unlawful policies, practices, and conduct referenced herein.

63.     Plaintiffs are further entitled to all damages, attorneys' fees, costs, and treble damages as allowed by RCW 19.86.10, *et seq.*

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

## VIII.  FOURTH COUNT

### Negligence

64.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

65.     Among other duties, Defendants owed a duty not to damage Plaintiffs.  However, Defendants and/or their agents permitted, suffered, required, ratified, directed, and/or otherwise proximately caused the acts and omissions that have damaged Plaintiffs as referenced herein.  If any of the Defendants and/or their agents had not been negligent (or worse) in their supervision, management, direction, instruction, training, guidance, assistance, and/or control of each other, their agents, or themselves, then the marketing practices referenced herein would have comported with Washington State law, and none of the inherently injurious messages referenced herein would have been broadcast and/or transmitted to the telephones or telephone devices of Plaintiffs.

66.     For such reasons, Plaintiffs are entitled to recover from Defendants the damages referenced herein.

### IX. PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and all others similarly situated, Representative Plaintiff demands judgment against Defendants and prays that this Court to do the following:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in the unfair, deceptive, and/or unlawful practices which are the subject matter of this action.

B.      Order Defendants to make Plaintiffs whole with an award of damages in accord with the allegations of this complaint and proof to be presented at trial.

C.      Order Defendants to make Plaintiffs whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1    D.    Order Defendants to pay Plaintiffs punitive and/or treble damages to the fullest

2  extent allowed by law.

3    E.    Award Representative Plaintiff and the other class members the costs of this

4  action, including attorneys' fees, as authorized by the Washington Consumer Protection Act, as

5  sounds in tort and contract, and/or as permitted by any other law.

6    F.    Grant any additional or further relief as provided by law or equity, which the

7  Court finds appropriate, equitable, or just.

## X.  JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

DATED:  September 13, 2010                    KIRBY LAW GROUP

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187
Attorneys for Plaintiff Maria Agne

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 18

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

## DECLARATION OF SERVICE

I, the undersigned, certify under penalty of perjury under the laws of the United States of America, that on the below date, a true copy of PLAINTIFF'S FIRST AMENDED COMPLAINT will be or has been served on the persons listed below in the manner shown as follows:

Joseph P. Lawrence
Vanessa M. Vanderbrug
LAWRENCE & VERSNEL, PLLC
4120 Columbia Center
701 Fifth Avenue
Seattle, WA  98104
Fax: (206) 908-8552

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification
___ Other: _____

James Howard
Jessica M. Andrade
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA  98104
Fax: (206) 903-8820

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification
___ Other: _____

Dated this 13th day of September 2010 in Seattle, Washington.

*/s/ Albert H. Kirby*_____
Albert H. Kirby, WSBA #40187

PLAINTIFF'S FIRST AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 19

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302