THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA AGNE,

    Plaintiff,

v.

RAIN CITY PIZZA, L.L.C. et al.,

    Defendants.

CASE NO. C10-1139-JCC

TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's ex parte motion for a temporary restraining order (Dkt. No. 110). The Court grants the motion.

Plaintiff received a letter directly (i.e., not through her counsel) from two Defendants representing themselves pro se, John George and Robert Wisnovsky. The letter begins by stating that Plaintiff should "please pay attention" and apologizes if the recipient is not the same Maria Agne that sued the Defendants. The letter then asserts that under state law Defendants George and Wisnovsky "will come after" Plaintiff for legal expenses they incur in her lawsuit against them. Perhaps recognizing what could be perceived as the threatening nature of the letter, Defendants George and Wisnovsky state, "This letter is not intended to intimidate or threaten you. We are stating our rights under the laws of Washington State."

According to Plaintiff's counsel, counsel contacted Defendant Wisnovsky who verified sending the letter. Counsel asked Mr. Wisnovsky if he would agree to stop sending materials

directly to Plaintiff and send all communication through counsel. Mr. Wisnovsky refused and said, "Ask the little bitch how it feels."

Defendants George and Wisnovsky's behavior is improper and intolerable. Defendants George and Wisnovsky have a right to represent themselves pro se, but they also maintain an obligation to comply with procedural rules and to conduct themselves with proper decorum in this litigation, inside and outside the courtroom. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *In re Disciplinary Proceeding Against Haley*, 126 P.3d 1262, 1263 (Wash. 2006) ("[U]nder RPC 4.2(a), a lawyer acting pro se is prohibited from contacting a party represented by counsel in the matter . . . ."); *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) ("[A]lthough they are *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented by another lawyer . . . ."). Because Defendant Wisnovsky asserts that he has a right to contact Plaintiff directly and not through counsel, and because of the language used in both the letter and the telephone call, there is sufficient risk of harm to Plaintiff that may otherwise be irreparable in the absence of a temporary restraining order.[1]

Accordingly, the Court ORDERS that Defendants George and Wisnovsky refrain from any direct communication with Plaintiff. Instead, Defendants George and Wisnovsky must communicate exclusively through Plaintiff's counsel, Albert H. Kirby. Defendants George and Wisnovsky shall also conduct themselves in the appropriate civil manner commanded by these proceedings and this Court.

---

[1] Plaintiff's counsel could not contact Defendant George because he has not provided counsel with his contact information.

1    This Order shall expire fourteen days after the date listed below. Unless Defendants
2    George and Wisnovsky inform the Court that they consent to a permanent extension of this
3    Order and shall refrain from communicating directly with Plaintiff, Defendants George and
4    Wisnovsky, along with Plaintiff's counsel, shall appear before this Court at 9:30 a.m. on May 24,
5    2011, where Plaintiff may move the Court for a preliminary injunction.
6    Pursuant to Local Civil Rule 10(f), Defendants George and Wisnovsky shall file with the
7    Court notice of their current address, telephone number, and applicable email address.
8    DATED this 12th day of May 2011 at 9:45 a.m.

John C. Coughenour
UNITED STATES DISTRICT JUDGE