THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, <br><br> Plaintiff, <br><br> v. <br><br> RAIN CITY PIZZA, L.L.C. et al., <br><br> Defendants. | CASE NO. C10-1139-JCC <br><br> PRELIMINARY INJUNCTION AND ORDER |

This matter comes before the Court on a preliminary-injunction hearing and Plaintiff's motion for sanctions (Dkt. No. 114). Defendants John George and Robert Wisnovsky did not appear before the Court as ordered. Having thoroughly considered the positions of the parties, the Court enters a preliminary injunction enjoining Defendants George and Wisnovsky from engaging in any direct communication with Plaintiff. The Court denies Plaintiff's motion for sanctions. The Court further orders Defendants George and Wisnovsky to show cause why the Court should not enter a default judgment against them for failing to comply with the Court's order regarding dissemination of their contact information.

I.      DISCUSSION

Plaintiff received a letter directly (i.e., not through her counsel) from two Defendants representing themselves pro se, John George and Robert Wisnovsky. The letter begins by stating

PRELIMINARY INJUNCTION
AND ORDER
PAGE - 1

that Plaintiff should "please pay attention" and apologizes if the recipient is not the same Maria Agne that sued the Defendants. The letter then asserts that under state law Defendants George and Wisnovsky "will come after" Plaintiff for legal expenses they incur in her lawsuit against them. Perhaps recognizing what could be perceived as the threatening nature of the letter, Defendants George and Wisnovsky state, "This letter is not intended to intimidate or threaten you. We are stating our rights under the laws of Washington State."

According to Plaintiff's counsel, counsel contacted Defendant Wisnovsky who verified sending the letter. Counsel asked Mr. Wisnovsky if he would agree to stop sending materials directly to Plaintiff and send all communication through counsel. Mr. Wisnovsky refused and said, "Ask the little bitch how it feels."

The Court thereafter entered a temporary restraining order concluding that Defendants George and Wisnovsky's conduct was improper and intolerable. (Dkt. No. 113). The Court ordered that Defendants George and Wisnovsky refrain from communicating directly with Plaintiff and ordered that they file notice of their current address, telephone number, and applicable email address. The Court also gave Defendants George and Wisnovsky an opportunity to inform the court before the preliminary-injunction hearing that they would comply with the conditions of the restraining order. Defendants George and Wisnovsky did not so notify the Court.

Subsequently, Plaintiff's counsel notified the Court of a second letter from Defendants George and Wisnovsky to Plaintiff. That letter arrived after the Court entered the restraining order, but it was postmarked prior to that order. Plaintiff moved for sanctions. Defendants George and Wisnovsky neither filed notice of their contact information nor appeared for the preliminary-injunction hearing.

**II.   CONCLUSION**

As the Court concluded in its temporary restraining order, Defendants George and Wisnovsky's behavior is improper and intolerable. Defendants George and Wisnovsky have a

1  right to represent themselves pro se, but they also maintain an obligation to comply with
2  procedural rules and to conduct themselves with proper decorum in this litigation, inside and
3  outside the courtroom. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice
4  are universally acknowledged to be vested, by their very creation, with power to impose silence,
5  respect, and decorum, in their presence, and submission to their lawful mandates." (quoting
6  *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)
7  ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *In re*
8  *Disciplinary Proceeding Against Haley*, 126 P.3d 1262, 1263 (Wash. 2006) ("[U]nder RPC
9  4.2(a), a lawyer acting pro se is prohibited from contacting a party represented by counsel in the
10 matter . . . ."); *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) ("[A]lthough they are
11 *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which
12 prohibit a lawyer from communicating with a party known to be represented by another lawyer
13 . . . .").

14      Accordingly, for the duration of this litigation, the Court ENJOINS Defendants George
15 and Wisnovsky from engaging in any direct communication with Plaintiff. Instead, Defendants
16 George and Wisnovsky must communicate exclusively through Plaintiff's counsel, Albert H.
17 Kirby. Defendants George and Wisnovsky shall also conduct themselves in the appropriate civil
18 manner commanded by these proceedings and this Court. A violation of this injunction may
19 result in sanctions or an order of contempt, or both.[1]

20      The Court DENIES Plaintiff's motion for sanctions (Dkt. No. 114). The second letter sent
21 by Defendants George and Wisnovsky was postmarked prior to the Court's temporary restraining
22 order, and there has not been, to the Court's knowledge, a communication violation since that

---

[1] The Court declines to impose a security bond under Rule 65(c) because the conduct enjoined is not the type for which security is necessary to protect the interests of the enjoined parties. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

PRELIMINARY INJUNCTION
AND ORDER
PAGE - 3

1 order.

2 However, Defendants George and Wisnovsky have failed to comply with the Court's
3 order requiring notice of Defendants George and Wisnovsky's current contact information. The
4 Court orders Defendants George and Wisnovsky TO SHOW CAUSE why the Court should not
5 enter a default judgment against them for failure to comply with the Court's order. Defendants
6 George and Wisnovsky must respond within ten days of the date of this order in a filing no more
7 than five pages. Failure to respond to this order may result in monetary sanctions or the entry of
8 a default judgment of liability, or both.

9 DATED this 24th day of May 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE