THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, on her own behalf and on behalf of other similarly situated persons, | Case No. 2:10-cv-01139-JCC |
| Plaintiff, | **PLAINTIFF'S FOURTH AMENDED COMPLAINT – CLASS ACTION** |
| v. | |
| PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation; PAPA JOHN'S USA, INC., a Kentucky corporation; RAIN CITY PIZZA, L.L.C., an unknown business entity; EDWARD TALIAFERRO, individually and d/b/a RAIN CITY PIZZA, L.L.C., GREAT WESTERN DINING, and ROSE CITY PIZZA, L.L.C.; KEVIN SONNEBORN, individually and d/b/a RAIN CITY PIZZA, L.L.C., GREAT WESTERN DINING, ROSE CITY PIZZA, L.L.C., SEATTLE PJ PIZZA, L.L.C., PJ SOUND PIZZA, L.L.C., PAPA WASHINGTON, L.L.C., and PAPA WASHINGTON II, L.L.C.; ROSE CITY PIZZA, L.L.C., an Oregon limited liability company; SEATTLE PJ PIZZA, L.L.C., a Washington limited liability company; PJ SOUND PIZZA, L.L.C., a Kansas limited liability company; PAPA WASHINGTON, L.L.C., a Washington limited liability company; PAPA WASHINGTON II, L.L.C., an unknown business entity; ON TIME 4 U, L.L.C., an unknown business entity; ROBERT WISNOVSKY, individually and d/b/a ON TIME 4 U, L.L.C.; JOHN S. GEORGE, individually and d/b/a ON TIME 4 U, L.L.C.; and JTF ENTERPRISES, INC., a Florida corporation, | **JURY DEMAND** |
| Defendants. | |

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

Plaintiff MARIA AGNE ("Representative Plaintiff"), on her own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through her counsel, brings this Fourth Amended Complaint against Defendants PAPA JOHN'S INTERNATIONAL, INC., PAPA JOHN'S USA, INC., RAIN CITY PIZZA, L.L.C., EDWARD TALIAFERRO, KEVIN SONNEBORN, ROSE CITY PIZZA, L.L.C., SEATTLE PJ PIZZA, L.L.C., PJ SOUND PIZZA, L.L.C., PAPA WASHINGTON, L.L.C., PAPA WASHINGTON II, L.L.C., ON TIME 4 U, L.L.C., ROBERT WISNOVSKY, JOHN S. GEORGE, and JTF ENTERPRISES, INC. (collectively "Defendants") to obtain from each of them all damages, attorney fees, costs, and other remedies which Plaintiffs are entitled to recover under law and equity.

## I. INTRODUCTION

1.      In April 2010, Representative Plaintiff received multiple unsolicited telephone calls on her cellular telephone. When these calls connected with her cellular telephone, she received unsolicited visual messages. These visual messages presented text which identified their subject to be "Large Pizza Special". Each of these visual messages then played a substantively identical slideshow of images and text upon Representative Plaintiff's cellular telephone. The first visual message sent to Representative Plaintiff, which Representative Plaintiff received on April 10, 2010, included the following images and text:



a.                                                                    ;

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302



b.                                                  ; and

c. "Large 2 Topping
Pizza with
2 liter soda
For only $11.00
*sales tax
not included
(Not valid with
any other special,
delivery charge will
apply) offer expires
4/12/10
Please use Promo
Code: TXT001
To order please call:
(206)938-3000
TO OPT OUT
OF FUTURE MESSAGES
LIKE THESE REPLY
WITH YOUR WIRLESS
NUMBER IN THE BODY
OF THE MESSAGE
OR CALL 1-877-992-4848
Ext 4
To order, please call:
  (206)938-3000
To opt out of future
messages like these,
reply to this email with
YOUR WIRELESS NUMBER
IN THE BODY OF THE
MESSAGE, or call
877-992-4848 ext." [sic].

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

2.      The multiple visual messages received by Representative Plaintiff in April 2010 were substantively identical to each other. For example, Representative Plaintiff received a visual message on April 24, 2010, that included the same subject text and images as the first message and also included the following text, which differs only slightly from the first message:

> "Large 2 Topping
> Pizza with
> 2 liter soda
> For only $11.00
> *sales tax
> not included
> (Not valid with
> any other special,
> delivery charge will
> apply) offer expires
> 4/25/10
> Please use Promo
> Code: TXT001
> To order please call:
> (206)938-3000
> TO OPT OUT
> OF FUTURE MESSAGES
> LIKE THESE REPLY
> WITH YOUR WIRELESS
> NUMBER IN THE BODY
> OF THE MESSAGE
> OR CALL 1-877-992-4848
> Ext 4
> To order, please call:
>   (206)938-3000
> To opt out of future
> messages like these,
> reply to this email with
> YOUR WIRELESS NUMBER
> IN THE BODY OF THE
> MESSAGE, or call
> 877-992-4848 ext." [sic].

3.      These visual messages were short message service (SMS) text messages and/or multi-media service (MMS) text messages containing SMS-like text messages (hereon referenced collectively as "text messages").

4.      These text messages are representative of numerous unsolicited text messages which were received by thousands of persons like Representative Plaintiff. All such text

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 3

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

messages were sent to telephone numbers assigned to cellular telephone subscribers. All such text messages were sent without the prior, express consent of their recipients.

5.     These text messages were sent to Representative Plaintiff and numerous persons like her by means of a device which made automated telephone calls. This device could send thousands of messages, whether voice or visual, in a day and, in fact, did so. This device had the capacity to send these messages to telephone numbers which were either randomly-generated or pre-selected. This device sent these messages to telephone numbers pre-selected by Defendants.

6.     These text messages were injurious to Representative Plaintiff and her property. These text messages caused Representative Plaintiff to lose use and enjoyment of her cellular telephone. These text messages occupied a significant amount of the limited storage capacity of Representative Plaintiff's cellular telephone. Representative Plaintiff incurred monetary charges to receive these text messages. These text messages invaded the privacy of Representative Plaintiff, annoyed her, and constituted harassment. These text messages required her attention and wasted her time. The other recipients of such text messages incurred the same or substantively similar injuries and damages as Representative Plaintiff. These text messages were inherently injurious and caused damages as set forth by federal and state statutes and in accord with the allegations of this complaint and proof to be presented at trial.

7.     The Defendants, their agents, their civil co-conspirators, their predecessors-in-interest, and/or persons they controlled caused Representative Plaintiff and thousands of persons like her to receive the unsolicited text messages referenced in this complaint.

## II. JURISDICTION AND VENUE

8.     Defendants maintain that the jurisdiction of the United States District Court for the Western District of Washington at Seattle is appropriate under the Class Action Fairness Act.

9.     Representative Plaintiff is a resident of King County in Washington State.

10.     Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 4

1    11.    Many of the Defendants domicile in King County of Washington State.

2    12.    Defendants do business in King County and Washington State or else did business

3    in Washington State at times referenced in this complaint.

### III. THE DEFENDANTS

5    13.    PAPA JOHN'S INTERNATIONAL, INC. ("PJ'S INTERNATIONAL") purports

6    to be a Delaware corporation domiciled in Kentucky. PAPA JOHN'S USA, INC. ("PJ'S USA")

7    purports to be a Kentucky corporation domiciled in Kentucky. PJ'S USA is an alter ego and/or

8    agent of PJ'S INTERNATIONAL. For example, at times relevant to this complaint:

9        a.    All of PJ'S USA officers are contemporaneously officers of PJ'S

10       INTERNATIONAL. As of June 29, 2010, the two CEOs of PJ'S USA were

11       contemporaneously CEOs of PJ'S INTERNATIONAL; the president of PJ'S USA was

12       contemporaneously the president of PJ'S INTERNATIONAL; the thirty vice-presidents

13       of PJ'S USA were contemporaneously vice-presidents of PJ'S INTERNATIONAL; the

14       secretary and assistant secretaries of PJ'S USA were contemporaneously the secretary

15       and assistant secretaries of PJ'S INTERNATIONAL; the treasurer and assistant treasurer

16       of PJ'S USA were contemporaneously the treasurer and assistant treasurer of PJ'S

17       INTERNATIONAL.

18       b.    For at least five years prior to the initiation of this lawsuit, PJ'S

19       USA and PJ'S INTERNATIONAL filed all of their reports and disclosures with

20       the Kentucky Secretary of State on the same days and even at the same times.

21       c.    The officers of PJ'S INTERNATIONAL enjoy and assert complete

22       and exclusive control over the daily operations and business of PJ'S USA.

23       d.    The business of PJ'S USA by and through its officers is conducted

24       at the same places, and at the same times, and by the same people as the business

25       of PJ'S INTERNATIONAL.

26       e.    If a distinction can be made between PJ'S USA and PJ'S

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 5

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

INTERNATIONAL, then PJ'S USA is an agent of PJ'S INTERNATIONAL. For example, service of a complaint and summons upon PJ'S USA's registered agent in Washington State was followed by PJ'S INTERNATIONAL filing a notice of appearance before PJ'S USA did the same even though PJ'S INTERNATIONAL's registered agent had not been served with the complaint or summons.

14.     PJ'S INTERNATIONAL asserts and exerts such complete direction, supervision, and control over the daily operations and business of PJ'S USA, intermixing and intermingling the business of PJ'S INTERNATIONAL and PJ'S USA so thoroughly, that no genuine distinction can be made between the two purportedly different entities with regard to the issues which are the subject matter of this complaint. Thus, PJ'S INTERNATIONAL and PJ'S USA are referenced hereon together as PJ'S CORPORATE.

15.     PJ'S CORPORATE is at the apex of an international consortium which makes billions of dollars in revenue a year by marketing and selling Papa John's branded pizza and pizza-related products, goods, and services. The Papa John's brands include, without limitation, "Papa John's" and "Papa John's Pizza".

16.     PJ'S CORPORATE markets Papa John's branded pizza and pizza-related products, goods, and services to persons throughout the United States.

17.     PJ'S CORPORATE owns, manages, operates, supervises, and controls Papa John's branded restaurants throughout the United States.

18.     PJ'S CORPORATE also has combined by agreement or otherwise with other persons (referenced hereon as "affiliates") who have joined with PJ'S CORPORATE to market and sell pizza and pizza-related products and services under the Papa John's brands to consumers in Washington State and elsewhere in the United States. Some of these affiliates are referenced herein collectively as "CITY PIZZA," which includes without limitation the following:

a.     CITY PIZZA includes EDWARD TALIAFERRO ("TALIAFERRO").

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1      b.      CITY PIZZA includes KEVIN SONNEBORN ("SONNEBORN").

2      c.      CITY PIZZA includes TALIAFERRO and SONNEBORN jointly,

3   severally, and doing business as RAIN CITY PIZZA, LLC ("RAIN CITY"). RAIN CITY

4   might have once operated as a limited liability company, but if so, RAIN CITY ceased to

5   be a limited liability company no later than September 30, 2008, which is the date that the

6   Washington Secretary of State affirms that RAIN CITY ceased to operate as a limited

7   liability company. Since at least September 30, 2008, TALIAFERRO and SONNEBORN

8   have operated the business of RAIN CITY as a general partnership, a joint venture, or in

9   some other similar arrangement in which they retain personal responsibility and liability

10  for the acts and omissions related to the operations and business of RAIN CITY. In

11  December 2009, an agent of RAIN CITY publically confirmed that RAIN CITY was

12  operated as a partnership. Since at least September 30, 2008, TALIAFERRO and

13  SONNEBORN have jointly operated, managed, controlled, and supervised multiple Papa

14  John's branded restaurants in Washington State that are licensed to do business under the

15  name of their general partnership and/or joint venture together.

16     d.      CITY PIZZA includes TALIAFERRO and SONNEBORN jointly,

17  severally, and doing business as GREAT WESTERN DINING ("GW DINING"). GW

18  DINING is neither registered as a business entity nor licensed to do business under its

19  name of GW DINING. Nevertheless, TALIAFERRO, SONNEBORN, and other persons

20  have joined together in a general partnership, a joint venture, or some other similar

21  relationship to do business under the name of GW DINING, jointly operating, managing,

22  controlling, and supervising dozens of Papa John's branded restaurants in Washington

23  State and elsewhere in the United States.

24     e.      CITY PIZZA includes ROSE CITY PIZZA, L.L.C., which purports to be

25  an Oregon limited liability company domiciled in Washington State. SONNEBORN and

26  TALIAFERRO own, operate, supervise, manage, and/or do business as ROSE CITY

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

Page 7

PIZZA, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's branded restaurants in Washington State and elsewhere in the United States.

f.     CITY PIZZA includes SEATTLE PJ PIZZA, L.L.C., which purports to be a Washington limited liability company domiciled in Washington State. SONNEBORN owns, operates, supervises, manages, and/or does business as SEATTLE PJ PIZZA, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's branded restaurants in Washington State.

g.     CITY PIZZA includes PAPA WASHINGTON, L.L.C., which purports to be a Washington limited liability company domiciled in Washington State. SONNEBORN owns, operates, supervises, manages, and/or does business as PAPA WASHINGTON, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's branded restaurants in Washington State.

h.     CITY PIZZA includes PAPA WASHINGTON II, L.L.C., which is not a limited liability company and is an unknown business entity domiciled in Washington State. SONNEBORN owns, operates, supervises, manages, and/or does business as PAPA WASHINGTON II, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's branded restaurants in Washington State.

i.     CITY PIZZA includes PJ SOUND PIZZA, L.L.C., which purports to be a Kansas limited liability company domiciled in Washington State. SONNEBORN owns, operates, supervises, manages, and/or does business as PJ SOUND PIZZA, L.L.C. and other business entities which altogether own, operate, supervise, control and/or manage multiple Papa John's branded restaurants in Washington State.

19.     The principal place of business for each of the constituents of CITY PIZZA is at

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

the same location in Redmond, Washington. At this location, the constituents of CITY PIZZA intermingle their operational and marketing resources to effect their common purpose and design to profit from the marketing and selling of pizza and pizza-related services and products using the Papa John's brands as instructed by, permitted by, directed by, and/or agreed with PJ'S CORPORATE. The constituents of CITY PIZZA have combined by agreement or otherwise with each other and with PJ'S CORPORATE to manage, supervise, direct, and control the operations and marketing for numerous pizza restaurants utilizing the Papa John's brands in Washington State and elsewhere in the United States. For example, a written agreement between constituents of CITY PIZZA and PJ'S CORPORATE confirm that PJ'S CORPORATE retains actual and ultimate control over the means, methods, and manner which CITY PIZZA and all other persons can market products, goods, and services using the Papa John's brands. This agreement also requires the constituents of CITY PIZZA to combine their marketing resources and efforts with each other and to combine their marketing resources and efforts with other affiliates of PJ'S CORPORATE. This agreement is typical of agreements which PJ'S CORPORATE has with its affiliates.

20.     The telephone number of (206) 938-3000 belongs to a Papa John's branded restaurant in Seattle, Washington. This is one of the pizza restaurants for which the constituents of CITY PIZZA combined and joined with each other and with PJ'S CORPORATE to manage, supervise, direct, and control its operations and marketing. This is also the restaurant which text messages received by Representative Plaintiff in April 2010 directed her to call with her telephone if she wished to order a Papa John's branded "Large 2 Topping Pizza with 2 liter soda For only $11.00".

21.     One or more of the constituents of CITY PIZZA are alter egos and/or agents of one or more of the other constituents of CITY PIZZA. The constituents of CITY PIZZA have acted as if they are alter egos of each other with regard to the subject matter of this complaint.

22.     The Papa John's brands are extremely valuable to PJ'S CORPORATE. To ensure

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 9

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1  that these brands preserve and grow their value, PJ'S CORPORATE requires all of its affiliates

2  to spend significant amounts of time and money in marketing the Papa John's brands. PJ'S

3  CORPORATE provides instruction, assistance, supervision, and direction concerning such

4  marketing practices. Moreover, PJ'S CORPORATE reserves and maintains actual and ultimate

5  control over all marketing done by anyone with regard to the Papa John's brands. In this context,

6  PJ'S CORPORATE preserves for itself a contractual right to terminate its relationship with any

7  affiliate who fails to market the Papa John's brands as approved or directed by PJ'S

8  CORPORATE. Such a termination would create a significant financial hardship for the affiliate,

9  likely putting them out of business. In this context, CITY PIZZA and other affiliates of PJ'S

10  CORPORATE engaged in the marketing practices referenced in this complaint only with the

11  approval or direction of PJ'S CORPORATE.

12      23.     PJ'S CORPORATE and CITY PIZZA combined by agreement or otherwise with

13  each other, with other affiliates of PJ'S CORPORATE, and with marketing vendors who all

14  joined together to market and advertise Papa John's branded products, goods, and services to

15  consumers through telephonic devices. Some of these marketing vendors are referenced

16  collectively in this complaint as "ONTIME4U."

17      24.     ONTIME4U includes ON TIME 4 U, L.L.C., which purports to be a business

18  entity domiciled in Oregon. Despite its name, ON TIME 4 U, L.L.C. is not a limited liability

19  company.

20      25.     ONTIME4U also includes JOHN S. GEORGE ("GEORGE") and ROBERT

21  WISNOVSKY ("WISNOVSKY"), individually, jointly, severally, and doing business as ON

22  TIME 4 U, L.L.C. and On Time 4 U. WISNOVSKY and GEORGE at times relevant to this

23  complaint operated ON TIME 4 U, L.L.C. and its successors, if any, between them as a general

24  partnership, a joint venture, or some similar type of business arrangement. WISNOVSKY

25  enjoyed the title of Managing General Partner of ONTIME4U.

26      26.     Beginning about October 2009 and continuing thereafter, ONTIME4U also

1  includes JTF ENTERPRISES, INC. ("JTF"), which purports to be a Florida corporation

2  domiciled in Oregon. In or about October 2009, JTF combined by agreement and otherwise into

3  a general partnership, joint venture, or some other similar type of business relationship with

4  GEORGE and WISNOVSKY to accomplish the unlawful business purposes and unlawful

5  actions of ONTIME4U referenced in this complaint. For example, JTF helped the other

6  constituents of ONTIME4U to develop and maintain business relationships with PJ'S

7  CORPORATE, CITY PIZZA, and other PJ'S CORPORATE affiliates and received a share of all

8  revenue derived from the use of an automated telephone dialing system ("ATDS") to send

9  unsolicited commercial text messages on behalf of PJ'S CORPORATE, CITY PIZZA, and other

10  PJ'S CORPORATE affiliates. JTF also obtained the benefit of numerous commercial text

11  messages sent on its own behalf at no cost in exchange for joining with the other constituents of

12  ONTIME4U in their business efforts. JTF acted to further these purposes and its agreements

13  through James (a/k/a "Jim") Fry, who is an owner, officer, and agent of JTF at all times relevant

14  to this complaint.

15      27.    Each of the Defendants negligently, recklessly, willfully, and/or intentionally

16  caused, initiated, contributed to, assisted with, combined together to, and/or agreed to

17  accomplish the injurious and unlawful acts and omissions referenced in this complaint.

18  **IV. GENERAL ALLEGATIONS**

19      28.    At times relevant to this complaint, ONTIME4U is a business venture which

20  markets itself as specializing in providing automated telephone calling services on behalf of

21  other businesses. Beginning in 2008, ONTIME4U focused its business upon using an automated

22  telephone dialing system ("ATDS") to call telephone numbers and, once a telephone connection

23  is made, deliver prerecorded voice and visual messages in exchange for valuable consideration

24  from ONTIME4U's customers. All of ONTIME4U's customers were businesses who were

25  trying to use such messages to induce consumers to purchase products, goods, or services.

26

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

29.     The ATDS utilized by ONTIME4U is a device comprised of about three to four interconnected computers. This ATDS also included a load balancer and/or one or two routers which routed traffic between the computers to prevent the transmission of prerecorded telephone messages from being delayed on one computer when another computer sat idle. Such functionality was necessary because of the high volume of telephone messages which the ATDS sent in an automated manner. While the ATDS had the capacity to generate a randomized list of telephone numbers to which it could send prerecorded messages, ONTIME4U generally targeted the transmission of prerecorded telephone messages to telephone numbers provided by ONTIME4U's customers.

30.     Prior to about October 2009, ONTIME4U focused its business upon providing automated telephone reminder services on behalf of healthcare providers. For example, ONTIME4U would use its ATDS to send prerecorded telephone messages on behalf of a doctor's office to remind patients of their medical appointments. Such messages were generally voice messages.

31.     About October 2009, JTF joined with ONTIME4U, and ONTIME4U began focusing its business upon using its ATDS to send unsolicited text messages to the cellular telephones of consumers in order to market products, goods, and services on behalf of other businesses. For example, ONTIME4U would use its ATDS to send prerecorded text messages on behalf of a restaurant. These messages would generally contain limited-time offers to purchase products, goods, or services from the restaurant over the telephone through telephone conversations.

32.     The device which ONTIME4U used to send prerecorded text messages was the same device ONTIME4U used to send prerecorded voice messages.

33.     Beginning about October 2009, PJ'S CORPORATE, CITY PIZZA, and other affiliates of PJ'S CORPORATE engaged ONTIME4U to use its ATDS to send prerecorded, unsolicited text messages to cellular telephone numbers which they provided to ONTIME4U.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

These messages were designed to induce consumers to order Papa John's branded products, goods, and services through telephone conversation. The text messages that Representative Plaintiff received in April 2010 are typical of the unsolicited text messages which ONTIME4U began to send about October 2009 on behalf of PJ'S CORPORATE, CITY PIZZA, other affiliates of PJ'S CORPORATE.  For example:

a.      In or about November 2009, ONTIME4U sent at least 30,000 unsolicited text messages to convince thousands of consumers to purchase Papa John's branded products, goods, and services from a number of different Papa John's branded restaurants located in Washington State and Oregon. CITY PIZZA engaged ONTIME4U to send these messages on behalf of PJ'S CORPORATE and itself. CITY PIZZA paid ONTIME4U about $900 to send these unsolicited messages. CITY PIZZA provided ONTIME4U with lists of telephone numbers to which ONTIME4U sent the unsolicited messages.

b.      In or about April 2010, ONTIME4U sent at least 35,000 unsolicited text messages to convince thousands of consumers to purchase Papa John's branded products, goods, and services from a number of different Papa John's branded restaurants located in Washington State. CITY PIZZA paid ONTIME4U about $1000 to send some of these unsolicited messages. CITY PIZZA provided ONTIME4U with lists of telephone numbers to which ONTIME4U sent the unsolicited messages.

c.      From about October 2009 through at least April 2010, PJ'S CORPORATE and many of its affiliates throughout the United States engaged ONTIME4U for a number of promotional campaigns in which ONTIME4U sent text messages like those received by Representative Plaintiff. In each promotional campaign, ONTIME4U sent no less than 5,000 unsolicited text messages to cellular telephone numbers provided by PJ'S CORPORATE and its affiliates.

34.      From the time of ONTIME4U's first engagement by an affiliate of PJ'S

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 13

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1   CORPORATE, PJ'S CORPORATE was made aware of ONTIME4U's use of its ATDS to send

2   unsolicited text messages to market Papa John's branded products, goods, and services. PJ'S

3   CORPORATE approved of the sending of all such messages and otherwise directed that these

4   messages be sent. But for PJ'S CORPORATE's approval and directives, Representative Plaintiff

5   and thousands of people like her would not have received the unsolicited commercial text

6   messages referenced in this complaint. For example:

7           a.      PJ'S CORPORATE convenes an annual meeting which invites all of its

8   affiliates and other persons approved by PJ'S CORPORATE. PJ'S CORPORATE

9   convened such an annual meeting about November 2009. PJ'S CORPORATE invited

10  ONTIME4U to attend the meeting and scheduled ONTIME4U to make presentations

11  concerning its services to PJ'S CORPORATE and its affiliates. During this meeting, PJ'S

12  CORPORATE manifested its approval and direction for its affiliates and its employees to

13  engage ONTIME4U to send uninvited text messages to solicit sales of Papa John's

14  branded products, goods, and services. PJ'S CORPORATE caused its affiliates and

15  employees in Washington State and elsewhere in the United States to use ONTIME4U's

16  services to send such unsolicited commercial text messages.

17          b.      In or about November 2009, ONTIME4U met with John Schmatter and

18  James Ensign to discuss ONTIME4U's services. Mr. Schmatter was the Chairman of the

19  Board of Directors of PJ'S CORPORATE and also a Chief Executive Officer of PJ'S

20  CORPORATE. Mr. Ensign was a vice president of marketing for PJ'S CORPORATE.

21  Mr. Schmatter and Mr. Ensign ratified the use of ONTIME4U's services to market the

22  Papa John's brands, approved the current and future use of ONTIME4U's services to

23  market the Papa John's brands, and conspired to direct and otherwise encourage affiliates

24  and employees of PJ'S CORPORATE throughout the United States to use ONTIME4U's

25  services or a similar service to send unsolicited text messages to market Papa John's

26  branded products, goods, and services.

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 14

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

c.     PJ'S CORPORATE sent written directives to its corporate operators and affiliates to utilize ONTIME4U to send unsolicited text messages to market Papa John's branded products, goods, and services. PJ'S CORPORATE otherwise approved of its affiliates and its employees to engage ONTIME4U to send such unsolicited text messages.

d.     PJ'S CORPORATE and its affiliates utilized a computer program created, owned, and maintained by PJ'S CORPORATE in order to provide ONTIME4U with the cellular telephone numbers to which ONTIME4U sent unsolicited text messages which marketed Papa John's branded products, goods, and services. PJ'S CORPORATE trained, instructed, and directed its employees and its affiliates to use this computer program in order to provide ONTIME4U with information (e.g., cellular telephone numbers) which ONTIME4U needed to send these text messages.

e.     Soon after ONTIME4U began sending unsolicited commercial text messages on behalf of PJ'S CORPORATE and/or affiliates of PJ'S CORPORATE, PJ'S CORPORATE began receiving notice of complaints from recipients of such messages. However, PJ'S CORPORATE continued to approve and direct its affiliates and employees to engage ONTIME4U to send such unwanted messages.

35.     Attached as *Exhibit 1* is a true copy of an email which TALIAFFERO received on or about December 21, 2009, from Kevin Stepusin.

36.     On and about December 21, 2009, Kevin Stepusin was a business director for PJ'S CORPORATE who was responsible for substantive communications between PJ'S CORPORATE and its affiliates in the Western Region of the United States.

37.     Kevin Stepusin sent the email evidenced by *Exhibit 1* to about forty PJ'S CORPORATE employees and affiliates, including constituents of CITY PIZZA.

38.     The Defendants caused text messages to be sent to Plaintiffs. Plaintiffs, including Representative Plaintiff, received such text messages. All of these text messages shared

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 15

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1    characteristics which include, but are not limited to, the following:

2              a.      These text messages were uninvited and unsolicited. These text messages

3    were sent to Plaintiffs without Plaintiffs' prior express consent.

4              b.      Each of the text messages cost money for its recipient to receive it.

5    Cellular telephone service providers do not permit cellular telephone users to receive

6    such text messages for free.

7              c.      These text messages contained a limited-time offer to purchase Papa

8    John's branded products, goods, and/or services. For example, text messages contained

9    an offer to purchase one or more Papa John's branded pizza-related products at a

10   discounted price if the recipient ordered such from a Papa John's branded restaurant by a

11   near deadline set forth in the text message.

12             d.      Each text message contained a promotional code. By the recipients using

13   the promotional code when redeeming the offer, or else because of other characteristics

14   of the messages, Defendants were able to track the efficacy of this marketing stratagem.

15             e.      The text messages contained telephone ordering instructions, which

16   included the telephone number of a Papa John's branded restaurant at which the limited-

17   time offer could be redeemed by the recipient of the text message.

18             f.      The text messages included "opt out" instructions by which the text

19   message represented that recipients would not receive future text messages if they replied

20   to the text message with a text message of their own or else called a telephone number

21   which was provided.

22             g.      Each text message was sent by means of an ATDS.

23             h.      The transmission of each text message utilized a portion of the cellular

24   telephone infrastructure of at least one cellular telephone service provider. For example,

25   each text message had to be routed through at least one cellular telephone service

26   provider for each Plaintiff to receive the text message. It would sometimes take about a

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

day for cellular telephone providers to deliver these text messages given the large volume of text messages sent by the ATDS.

      i.    Each text message caused Plaintiffs to lose limited storage capacity on their cellular telephones.

      j.    None of the text messages provided the Plaintiffs an opportunity to question the veracity of the offers in these text messages immediately upon their receipt.

      k.    The text messages invaded the privacy of Plaintiffs.

      l.    The text messages annoyed and harassed Plaintiffs.

      m.    The text messages caused injuries and damages to Plaintiffs and Plaintiffs' property in accord with proof to be presented at trial.

      n.    The text messages which Representative Plaintiff received in April 2010 are typical of those text messages which Defendants sent to all Plaintiffs.

39.    The text messages sent as referenced in this complaint inefficiently used cellular telephone services such as to cause higher prices for consumers, including Plaintiffs.

40.    PJ'S CORPORATE and CITY PIZZA permitted ONTIME4U to have direct access to their computer database which contained the cellular telephone numbers and other private information of Plaintiffs. PJ'S CORPORATE and/or CITY PIZZA had obtained such private information from Plaintiffs without advising Plaintiffs that (a) they were collecting and maintaining such information in a database, (b) they would permit third-parties to access this information, and (c) they would use this information to send Plaintiffs unsolicited commercial text messages.

41.    Every time that unsolicited commercial text messages were sent as referenced in this complaint, the Defendants received numerous complaints from many of the recipients of these messages. For example, in November 2009, the Defendants received several hundred complaints from some of the Plaintiffs. These Plaintiffs complained that they had not given consent to the Defendants to send text messages. These Plaintiffs complained about having to

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

pay money for receiving the text messages. These Plaintiffs complained about receiving messages late at night. These Plaintiffs complained about opting-out yet still receiving text messages.

42.    Many Plaintiffs continued to receive unsolicited commercial text messages after they opted-out of receiving future text messages pursuant to such instructions in the unsolicited text messages they received as referenced in this complaint.

43.    By November 2009, the Defendants knew personally or constructively that causing the transmission of unsolicited commercial text messages was unlawful.

44.    In April 2010, PJ'S CORPORATE sent a memorandum to its corporate operators of Papa John's branded restaurants and to its affiliates, including constituents of CITY PIZZA, which contained the following statements:

> In recent months, our Customer Support and Digital Marketing teams have received complaints about unsolicited SMS and MMS messages being sent to mobile phones. Investigation of these messages lead to a company called OnTime4U, which has been contracting with Papa John's franchisees and corporate operators to send such messages to customers by exporting customer telephone numbers from our PROFIT point of sale system. OnTime4U believes that this form of direct marketing is legal because of a 'transactional relationship' with a previous customer.

> Papa John's Legal and Digital Marketing departments do not believe that the transactional relationship exception applies in this context and have concluded that the practice and process of sending UNSOLICITED messages to mobile devices is most likely ILLEGAL and poses a potentially serious risk of liability and tarnishment of the image and goodwill of the Papa John's brand.

45.    In negligent, reckless, conscious, and/or willful disregard of the illegality and wrongfulness of sending these text messages, of the injuriousness of sending these text messages, and of the numerous complaints made by recipients of such messages, the Defendants caused, authorized, permitted, directed, or else contracted for unsolicited text messages to be sent as referenced in this complaint.

46.    As a proximate consequence of Defendants' acts and omissions referenced in this complaint, Plaintiffs received unsolicited commercial text messages which injured Plaintiffs and

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 18

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1    Plaintiffs' property.

2        47.    Absent a legal remedy, Plaintiffs have no protection from Defendants and others

3    like them from causing the transmission of an endless series of unsolicited commercial text

4    messages to their cellular telephones. For example, in other countries which provide consumers

5    with no civil remedy against those who send unsolicited text messages, consumers can expect to

6    receive numerous unwanted and injurious text messages on their cellular telephones every day.

7    **V. CLASS ACTION ALLEGATIONS**

8        48.    Representative Plaintiff brings this class action on behalf of herself and as a

9    representative of the following class of persons (the "National Class") entitled to remedies under

10   federal law including, but not limited to, damages:

11           All persons in the United States of America who were sent, to their cellular
             telephone numbers, at least one unsolicited text message which marketed a Papa
12           John's branded product, good, or service on behalf of PJ'S CORPORATE or an
             affiliate of PJ'S CORPORATE.
13
         49.    Representative Plaintiff also brings this class action on behalf of herself and as a
14
15   representative of the following persons (the "Washington Subclass") who are entitled to

16   remedies under Washington State law including, but not limited to, damages:

17           All persons in Washington State who were sent, to their cellular telephone
             numbers, at least one unsolicited text messages which marketed a Papa John's
18           branded product, good, or service on behalf of PJ'S CORPORATE or an affiliate
             of PJ'S CORPORATE.

19       50.    Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy of

20   representation and superiority requirements for class action certification pursuant to Federal Rule

21   of Civil Procedure, Rules 23(a) and Rules 23(b)(1), 23(b)(2), and/or 23(b)(3) as referenced in

22   this complaint and in accord with proof.

23       51.    Defendants have available to them lists which identify the names, addresses, and

24   telephone numbers of all of the members of this class. Based upon information provided by the

25   Defendants, there are thousands of such persons. Joinder of so many class members in to a single

26   action is impracticable. In fact, given the number of class members, the only way to deliver

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1  substantial justice to all members of the class is by means of a single class action.

2      52.      There are questions of fact and law common to the class, which predominate over

3  any questions affecting only individual members. The questions of law and fact common to the

4  class arising from Defendants' conduct include, without limitation, the following:

5          a.      Whether Defendants negligently and/or willfully caused violations of the

6  Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text

7  messages to Representative Plaintiff and the National Class?

8          b.      Whether Defendants negligently and/or willfully caused violations,

9  including *per se* violations, of the Washington Consumer Protection Act, RCW 19.86.10,

10 *et seq*., when sending unsolicited text messages to Representative Plaintiff and the

11 Washington Subclass?

12         c.      What are the statutory damages that the Defendants must pay for each of

13 the unsolicited text messages that the Defendants caused to be sent to the Plaintiffs?

14         d.      Whether Defendants engaged in a civil conspiracy to accomplish the

15 sending of unsolicited text messages to Plaintiffs?

16         e.      Whether any Defendants are vicariously or otherwise liable for their

17 agents or assigns or other Defendants sending unsolicited text messages to Plaintiffs?

18         f.      Which Defendants are alter egos of another Defendant?

19     53.      The questions referenced above predominate over any questions affecting only

20 individual persons, and a class action is superior with respect to considerations of consistency,

21 economy, efficiency, fairness and equity, to other available methods for the fair and efficient

22 adjudication of Plaintiffs' claims.

23     54.      Representative Plaintiff's claims are typical of those of the class in that she, just

24 like the other members of the class, was the victim of the unlawful marketing practices

25 referenced in this complaint. The text messages which Representative Plaintiff received in April

26 2010 are typical of the text messages which other members of the class received.

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 20

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

55.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner to the injury and damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

56.     Representative Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

57.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each of the thousands of persons who comprise the class to bring separate actions. The maintenance of such separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

58.     If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendants for reasons altogether unrelated to the merits of their claims (e.g., challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, et cetera). Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 21

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

1   them by Defendants is to resolve the subject matter of this complaint through a class action.

## VI. FIRST COUNT
### Violations of the Telephone Consumer Protection Act
*(Representative Plaintiff and the National Class vs. Defendants)*

59.   Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

60.   At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

61.   Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act. Defendants directly and/or vicariously used an ATDS to initiate tens of thousands of unsolicited telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls delivered unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

62.   Investigations conducted by PJ'S CORPORATE have confirmed that the Defendants violated the Telephone Consumer Protection Act with the sending of text messages as referenced in this complaint.

63.   Plaintiffs are entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

64.   Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

65.   The Defendants will continue their unlawful conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendants from engaging in such illegal conduct in the future.

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 22

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

# VII. SECOND COUNT
## Violations of the Washington Consumer Protection Act
*(Representative Plaintiff and the Washington Subclass vs. Defendants)*

66.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs of this complaint as if the same were alleged herein this count.

67.     At all times material to this complaint, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act.

68.     As referenced in this complaint and in accord with proof to be presented at trial, Defendants engaged in unfair or deceptive acts and practices.

69.     These acts and practices occurred in the scope of Defendants' combined conduct of marketing and selling Papa John's branded products, goods, and services to consumers residing in Washington State. These acts and practices occurred in the conduct of Defendants' trade and commerce in Washington State.

70.     As referenced in this complaint and in accord with proof to be presented at trial, Defendants and/or their agents injured Plaintiffs in their business or property.

71.     As referenced in this complaint and in accord with proof to be presented at trial, Defendants and/or their agents violated provisions of Washington State statutory law, including but not limited to RCW 19.190.060. Such statutory violations constitute *per se* violations of the Washington Consumer Protection Act.

72.     Defendants' acts and practices as referenced herein and in accord with proof at trial were the proximate causes of these injuries.

73.     For each of the Defendants' violations of the Washington Consumer Protection Act referenced in this complaint, Plaintiffs are entitled to recover from Defendants at least $500 in damages in accord with RCW 19.190.040, in accord with the facts referenced in this complaint, in accord with any other applicable law, and/or in accord with proof to be presented at trial. Plaintiffs are also entitled to recover attorneys' fees, costs, treble damages, and other remedies allowed by RCW 19.86.10, *et seq*., and any other applicable statutes.

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

74.     The Defendants will continue their unlawful conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendants from engaging in such illegal conduct in the future.

## VIII. THIRD COUNT
### Negligence
*(Representative Plaintiff and the Washington Subclass vs. Defendants)*

75.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

76.     Consistent with the acts and omissions of the Defendants that are referenced in this complaint, the Defendants breached duties of care, including the duty of ordinary care, to Plaintiffs. Defendants permitted, suffered, required, ratified, directed, and/or otherwise proximately caused the acts and omissions that have damaged Plaintiffs as referenced in this complaint.

77.     If any of the Defendants and/or their agents had not been negligent (or worse) in their supervision, management, direction, instruction, training, guidance, assistance, and/or control of each other, their agents, themselves, or other culpable persons, then the marketing practices referenced herein would have comported with all applicable law, ONTIME4U and others would not have gained access to the Plaintiffs' private information, and/or none of the text messages referenced in this complaint would have been sent to the telephonic devices of Plaintiffs.

78.     For such reasons and/or otherwise as a consequence of Defendants' negligence proximately causing violations of Plaintiffs' privacy and other injuries to Plaintiffs and/or their property, Plaintiffs are entitled to recover from Defendants the damages referenced in this complaint and in accord with proof to be presented at the trial of this matter.

## IX. PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and all others similarly situated, Representative Plaintiff demands judgment against Defendants and prays that this Court to do the following:

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

A.    Order Defendants to make Plaintiffs whole with an award of damages, including statutory damages, in accord with the allegations of this complaint and proof to be presented at trial.

B.    Order Defendants to make Plaintiffs whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful conduct and practices.

C.    Order Defendants to pay Plaintiffs punitive and/or treble damages to the fullest extent allowed by law.

D.    Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by the Washington Consumer Protection Act, as sounds in tort and contract, and/or as permitted by any other law.

E.    Issue a declaration which makes clear the illegality of the Defendants' wrongful conduct, and enjoin the Defendants from engaging in their unlawful conduct in the future.

F.    In accord with proof at trial, grant any additional or further relief as provided by law or equity that the Court finds appropriate, equitable, or just.

## X. JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

DATED:  November 3, 2011

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187
ahkirby@kirby-legal.com
KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104
Tel: (206) 414-9950
Attorneys for Plaintiff Maria Agne

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 25

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302

## <u>DECLARATION OF SERVICE</u>

I, the undersigned, certify that on the below date, a true copy of the foregoing document will be or has been served on the persons listed below in the manner shown as follows:

Joseph P. Lawrence
Vanessa M. Vanderbrug
Tracy J. Pearson
LAWRENCE & VERSNEL, PLLC
4120 Columbia Center
701 Fifth Avenue
Seattle, WA  98104

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification
___ Other: _____

James Howard
Jessica M. Andrade
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA  98104

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification
___ Other: _____

Robert Wisnovsky
270 Wells Fargo Dr.
Jacksonville, OR 97530

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
_x_ Direct Email
___ CM/ECF Notification
___ Other: _____

John S. George
P.O. Box 375
Jacksonville, OR 97530

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
_x_ Direct Email
___ CM/ECF Notification
___ Other: _____

Dated this 3rd day of November 2011.

_/s/ Albert H. Kirby_____
Albert H. Kirby, WSBA #40187

PLAINTIFF'S FOURTH AMENDED COMPLAINT
(Case No. 2:10-cv-01139-JCC)

Page 26

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950
Fax: (866) 845-6302