THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA AGNE, on her own behalf and on
behalf of similarly situated persons,

Plaintiff,

v.

PAPA JOHN'S INTERNATIONAL, INC.

et al.,

Defendants.

CASE NO. C10-1139-JCC

ORDER ON DISCOVERY ISSUES

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 179) and Defendants' motion for reconsideration (Dkt. No. 198). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion to compel and DENIES Defendants' motion for reconsideration, for the reasons explained herein.

I.    **DISCUSSION**

    **a.  Defendants' Motion for Reconsideration**

Defendants Papa John's International, Inc. and Papa John's USA (collectively, "Papa John's") request that the Court reconsider or defer two parts of its December 20, 2011 discovery order (Dkt. No. 183). First, Defendants take issue with section (h) of the order, which ordered Defendants to comply with Plaintiff's search term scan request. Defendants repeat their prior

assertion that this search would be expensive, purportedly in the range of two to four million dollars, and would be unlikely to lead to discoverable evidence because of Papa John's brief 90-day email retention policy. (Dkt. No. 198 at 2.) Second, Defendants take issue with section (g) of the Court's order, which required Defendants to provide a list of customers who had received unsolicited promotional text messages from Papa John's. Defendants repeat their assertion that Papa John's opt-in deal notification program is unrelated to this case.

Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier."  Defendants have provided no new information that would change the Court's determination on the above-referenced issues.

As previously stated, the Court finds that Plaintiff's requested search term scan requests are reasonably calculated to lead to admissible evidence and such requests do not place an undue burden on Papa John's. Plaintiffs are entitled to test Defendants' assertions about the nature of their corporate promotional text messaging program as well as their knowledge and involvement with OnTime4U or vendors like OnTime4U that may have sent unsolicited text messages. Defendants insist that their corporate operators had no involvement whatsoever with the transmission of unsolicited text messages, but already some evidence suggests otherwise. *See, e.g.* Dkt. No. 153, Ex. 12 (email referring to complaints coming into Papa John's corporate offices about OnTime4U's practices); Dkt. No. 153, Ex. 13 (corporate memo referring to OnTime4U having contracted with Papa John's "franchisees and corporate operators"). Furthermore, there appears to be some uncertainty about how involved Defendants were with developing or approving the promotional activities of its franchisees, and Plaintiff is entitled to reasonable discovery to explore that issue. The employment of search term scans is a commonly accepted means of limiting the cost of electronic discovery, *see In re CV Therapeutics, Inc. Sec. Litig.,* C03-3709-EMC, 2006 WL 2458720, *2 (N.D.Cal. Aug. 22, 2006), and the fact that

ORDER ON DISCOVERY ISSUES
PAGE - 2

Defendants' computer system is not readily searchable does not exempt them from their discovery obligations. *See Starbucks Corp. v. ADT Sec. Services, Inc.*, C08-0900-JCC, 2009 WL 4730798, *6 (W.D.Wash. Apr. 30, 2009) ("[T]he Court cannot relieve Defendant of its duty to produce [requested] documents merely because Defendant has chosen a means to preserve the evidence which makes ultimate production of relevant documents expensive.") (citations omitted); *Fagan v. Dist. of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("Plaintiffs should not suffer if the information is not easily accessible because defendants have an insufficient filing system.").

Similarly, while Defendants insist that Papa John's corporate text marketing initiatives were conducted on an opt-in basis, Plaintiff is entitled to test whether the customers of Papa John's corporate stores in practice received unsolicited text messages. Therefore, as ordered by the Court, Defendants must make good faith efforts to investigate whether or not its corporate stores – in practice, even if not by design – sent unsolicited text messages to customers at any time between May 28, 2006 to the present date. If Papa John's sent unsolicited text messages to any customers, they must identify the customers who received the message as well as the nature of the message. Plaintiff's discovery request in this respect is reasonably calculated to lead to the production of admissible evidence, and Defendant is not entitled to avoid reasonable discovery requests by speculations as to the potential inadequacy of Plaintiff as a class representative, an issue which will be addressed by the Court in due course.

### ii.    Plaintiff's Motion to Compel

On December 15, 2011, Plaintiff filed a motion to compel further discovery response from Papa John's defendants. (Dkt. No. 179.) On January 25, 2010, with the Court's permission, Plaintiff filed a status report concerning discovery, detailing the presently outstanding issues. (Dkt. No. 213.) Defendants responded to this status report on January 26, 2012. (Dkt. No. 214.)

The Ninth Circuit has long held that discovery should be granted liberally and freely in order for cases to be decided on the merits. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

1  (9th Cir. 1975); *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "Under the liberal discovery

2  principles of the Federal Rules defendants [are] required to carry a heavy burden of showing why

3  discovery was denied." *Blankenship*, 519 F.2d at 429.

4         Defendant's continued resistance to basic discovery, such as certain aspects of the

5  requested contact information for Papa John's franchisees, smacks of gamesmanship and will not

6  be tolerated. In light of the preliminary evidence, Plaintiff has a reasonable basis to suspect that

7  Papa John's – along with its franchisees – violated the federal Telephone Consumer Protection

8  Act, and Plaintiff is entitled to reasonable production designed to test this theory and elucidate

9  the nature and scope of Papa John's alleged illegal marketing. Furthermore, with respect to Papa

10 John's citation of confidentiality concerns to justify its resistance to providing information that

11 might enable Plaintiff to identify potential class members, the Court has previously held that

12 "individuals who invest the time and effort in documenting their complaints might reasonably

13 anticipate, and even hope that their names and addresses would be given to a class action

14 plaintiff seeking relief with regards to the same bothersome conduct." (Dkt. No. 183 at 6.) *See*

15 *also Pioneer Electronics (USA), Inc. v. Superior Court*, 150 P.3d 198, 205-206 (Cal. 2007).

16        Defendants are ORDERED to fully comply with the Court's prior discovery order within

17 30 days. Defendants' production must include, but is not limited to, the information referred to in

18 Sections A-H of Plaintiff's status report. (Dkt. No. 213 at 2-7.) In particular, with respect to the

19 dispute over Coupon Redemption Reports, the Court is satisfied that these reports are relevant,

20 especially in light of the deposition testimony cited by Plaintiff, which suggests that Papa John's

21 has daily access to Coupon Redemption Reports and that those reports might be useful in

22 identifying specific Papa John's stores that used OnTime4U or other text messaging marketing

23 vendors like OnTime4U. The Court previously indicated that Papa John's would not be protected

24 from producing franchisee documents "that have been shared with Papa John's by the franchisee

25 or are otherwise in Papa John's possession, custody or control." (Dkt. No. 183 at 3.)

26 Accordingly, as Plaintiff requests, Defendants' production must include the Coupon Redemption

1    Reports stored in Papa John's PROFIT Systems for Papa John's corporate stores as well as for

2    the franchise stores which belong to the City Pizza Defendants.

3         With respect to the dispute over the production of Papa John's litigation hold notices, the

4    Court finds that Papa John's must produce its litigation hold notices. Generally, litigation hold

5    notices are not discoverable, "particularly when a party has made an adequate showing that the

6    letters include material protected under attorney-client privilege or the work-product doctrine."

7    *Major Tours, Inc. v. Colorel*, C05-3091, 2009 WL 2413631, *2 (D.N.J. Aug. 4, 2009). However,

8    the production of litigation hold letters and related documentation may be appropriate where

9    there is reason for concern that evidence has been lost. *See id.*; *Zubulake v. UBS Warburg LLC*,

10   229 F.R.D. 422 (S.D.N.Y. 2004). In such circumstances, it is considered fair that the court give

11   the party seeking discovery an efficient way of ascertaining what material ought to be available.

12        The Court agrees with Plaintiff that there is cause for concern about Papa John's retention

13   practices in this case, particularly since (1) Papa John's apparently ordered OnTime4U to dispose

14   of the customer lists which they used to send text messages and all of the complaints they

15   received, an action which seriously impacted Plaintiff's ability to identify relevant class

16   members (*see, e.g.* Dkt. No. 153, Ex. 4, 13); and (2) Plaintiff has identified particular emails that

17   undoubtedly existed and inexplicably have not been produced (*see* Dkt. No. 179 at 12). The

18   Court is further influenced in this decision by the fact that Defendants have made no showing

19   that the relevant litigation hold notices include protected material and by the fact that Defendants

20   appear to have relied on technical interpretations of discovery requests and court orders to avoid

21   production of relevant documents. Thus, in light of the totality of the circumstances, the Court

22   finds that Defendants must produce its litigation hold notices.

23        For the foregoing reasons, Defendants' motion for reconsideration (Dkt. No. 198) is

24   DENIED and Plaintiff's motion to compel (Dkt. No. 179) is GRANTED. Defendants are

25   ORDERED to fully comply with its discovery obligations as soon as possible and no later than

26   30 days of entry of this Order.

1      DATED this 6th day of February 2012.

2

3

4
_____

5
John C. Coughenour
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ON DISCOVERY ISSUES
PAGE - 6