THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, ERIN CHUTICH, and JERROD CHUTICH, on their own behalf and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC., et al.,<br><br>Defendants. | CASE NO. C10-1139-JCC<br><br>ORDER REGARDING MOTION FOR SANCTIONS FOR SPOLIATION |

This matter comes before the Court on Plaintiff's[1] motion for sanctions for spoliation of evidence by Defendants Papa John's International, Inc. and Papa John's USA, Inc. (Dkt. No. 261).

In this motion, Plaintiff argues that Papa John's International, Inc. and Papa John's USA, Inc. (collectively, "PJI") should be sanctioned for destroying two classes of important evidence. First, Plaintiff alleges that PJI allowed relevant emails of its franchise business directors to be

---

[1] This motion was filed on May 10, 2012 at which point Maria Agne was the only named class representative. (Dkt. No. 261.) Before briefing was complete, Plaintiff Maria Agne was granted leave to amend her complaint to add two new class representatives. (Dkt. No. 281.) For the purpose of this Order, however, the Court will refer to the motion as "Plaintiff's" motion rather than "Plaintiffs'" motion.

ORDER REGARDING MOTION FOR
SANCTIONS FOR SPOLIATION
PAGE - 1

destroyed by failing to take any steps to preserve them until May 5, 2011, nearly a year after Plaintiff filed her lawsuit, even though PJI has a one-year automatic deletion policy. (Dkt. No. 261 at 6-7.) Second, Plaintiff claims that Papa John's directed the destruction of the customer lists used by OnTime4U which would have identified the members of the class Plaintiff seeks to represent. (Dkt. No. 261 at 8.) In light of this alleged spoliation, Plaintiff argues that the Court should sanction PJI, including by making adverse inferences such as "(1) that Papa John's promoted, participated in, authorized, and controlled the utilization of OnTime4U's services by Papa John's store operators, and (2) that Plaintiff is a member of a nationwide class which should be certified pursuant to Rule 23." (Dkt. No. 261 at 13.) Plaintiff also asks that PJI be ordered to bear the costs of reconstituting the class lists, including all discovery and motion fees and costs. (Dkt. No. 321 at 10.)

In response, PJI makes several arguments, two of which are particularly pertinent. First, PJI claims that Plaintiff's motion is best seen as a "mediation gambit" rather than a serious motion since it was filed during a period in which the parties had stipulated to a general stay of discovery pending mediation and was originally noted so that PJI's response brief would be due two days before mediation briefs had to be submitted. (Dkt. No. 292 at 2-3.) Second, PJI asserts that Plaintiff's motion is "obviously premature" since PJI has not yet conducted term searching of its databases and Plaintiff therefore cannot met her burden of demonstrating that any evidence is missing. (Dkt. No. 292 at 11.)

Spoliation includes "the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). However, Plaintiff's motion for sanctions for spoliation was filed prior to the completion of relevant discovery—in particular, prior to the completion of the electronic term searches of PJI's databases, which the parties had mutually agreed to postpone until September 2012—and so Plaintiff cannot yet show that PJI "failed to preserve" the data in question. In *West*, the Second Circuit noted that one of the primary goals of spoliation sanctions

ORDER REGARDING MOTION FOR
SANCTIONS FOR SPOLIATION
PAGE - 2

is "to restore the prejudiced party to the same position it would have been in absent the wrongful destruction of evidence by the opposing party." *Id.* at 779. In this case, it is prudent to wait and see if continued discovery will itself accomplish that objective.

As previously expressed, the Court is concerned about PJI's retention practices in this case. But Plaintiff is not yet in a position to make any definitive claims about what has been lost or destroyed, and the Court will not impose sanctions—particularly not the severe ones that Plaintiff requests—in the absence of a fully developed factual record. Accordingly, Plaintiff's motion for sanctions for spoliation of evidence (Dkt. No. 261) is DENIED.

The Court further takes this opportunity to emphasize that it is growing increasingly weary of the parties' conduct in litigating this case, which includes the adoption of overly technical interpretation of obligations, the frequent failure to confer in good faith prior to making discovery motions, and the reliance in written documentation on misleading statements of fact and citations. There is enough blame to go around. However, the parties should anticipate that sanctions will be liberally imposed in the future where the high standard of professionalism that the judges of this District expect is not met.

DATED this 12th day of September 2012.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE