THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>RAIN CITY PIZZA LLC, et al.,<br><br>        Defendants. | CASE NO. C10-1139-JCC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS |

This matter comes before the Court on Plaintiffs' motion for leave to take more than ten depositions (Dkt. No. 283). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion without prejudice for the reasons explained herein.

## I.    BACKGROUND

Plaintiffs allege that Defendants violated state and federal law when they sent thousands of text message advertisements to customers' cell phones without consent. (Dkt. No. 164.) As of the date of filing the instant motion, Plaintiffs had taken three depositions. (Dkt. No. 283 at 2.) Plaintiffs seek leave of the Court to take more than ten depositions. (*Id.*) Plaintiffs have not requested a particular number of additional depositions, but their motion lists at least thirty people that they may want to depose. (*Id.* at 2–4.) Defendants oppose Plaintiffs' motion on the grounds that it is premature because Plaintiffs have not yet exhausted the ten depositions they are allotted under the discovery rules. (Dkt. No. 324.) Defendants also argue that Plaintiffs have not

shown why it is necessary and not duplicative to depose specific individuals. (*Id.*)

## II. DISCUSSION

The Federal Rules of Civil Procedure set forth guidelines that govern discovery, including the taking of depositions. *See* Fed. R. Civ. P. 26, 30. Rule 30 provides that if the parties have not stipulated to a particular deposition, and that deposition would result in more than ten depositions having been taken by one side, then it may not be taken without leave of the Court. Fed. R. Civ. P. 30(a)(2). The Court will grant such leave if doing so is consistent with Rule 26(b)(2). *Id.* Rule 26(b)(2)(C) provides that the court should limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

A number of federal district courts, including this one, have concluded that a request to for leave to take more than ten depositions is premature before a party has exhausted the ten permitted under Rule 30(a)(2). *See, e.g.*, *Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5324-FDB, 2007 WL 906150, at * 2 (W.D. Wash. Mar. 23, 2007) (citing *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Plaintiffs were still able to take seven depositions as of right when they filed the instant motion. Accordingly, the motion is premature. Under the express terms of Rule 30(a)(2), a party should seek leave of the Court to take additional depositions "if the parties have not stipulated to the deposition" and it would result in more than ten being taken. Once Plaintiffs have taken the ten depositions that are permitted as of right, the parties should confer and attempt to agree as to whether additional depositions are needed. Given the complexity of the case, it is likely that Plaintiffs will need to take more than ten depositions. Finally, the parties are reminded of the

1  Court's prior admonition to counsel for both parties that if they fail to conduct themselves in
2  accordance with high standards of professionalism that the judges of this District expect,
3  sanctions will be liberally imposed. (Dkt. No. 356.)

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to take more than ten depositions (Dkt. No. 283) is DENIED without prejudice.

DATED this 13th day of November 2012.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE