1

2                                          THE HONORABLE JOHN C. COUGHENOUR

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE

9   MARIA AGNE, ERIN CHUTICH, and
    JERROD CHUTICH, on their own behalf and       Case No. 2:10-cv-01139-JCC
10  on behalf of other similarly situated persons,
                                                  **UNOPPOSED MOTION FOR**
11                    Plaintiffs,                 **PRELIMINARY APPROVAL OF CLASS**
                                                  **ACTION SETTLEMENT**
12                    v.

13  PAPA JOHN'S INTERNATIONAL, INC., a
    Delaware corporation; PAPA JOHN'S USA,
14  INC., a Kentucky corporation; RAIN CITY       NOTE ON MOTION CALENDAR:
    PIZZA, L.L.C., an unknown business entity;    MAY 17, 2013
15  EDWARD TALIAFERRO, individually and
    d/b/a RAIN CITY PIZZA, L.L.C., GREAT
16  WESTERN DINING, and ROSE CITY
    PIZZA, L.L.C.; KEVIN SONNEBORN,
17  individually and d/b/a RAIN CITY PIZZA,
    L.L.C., GREAT WESTERN DINING, ROSE
18  CITY PIZZA, L.L.C., SEATTLE PJ PIZZA,
    L.L.C., PJ SOUND PIZZA, L.L.C., PAPA
19  WASHINGTON, L.L.C., and PAPA
    WASHINGTON II, L.L.C.; ROSE CITY
20  PIZZA, L.L.C., an Oregon limited liability
    company; SEATTLE PJ PIZZA, L.L.C., a
21  Washington limited liability company; PJ
    SOUND PIZZA, L.L.C., a Kansas limited
22  liability company; PAPA WASHINGTON,
    L.L.C., a Washington limited liability
23  company; PAPA WASHINGTON II, L.L.C.,
    an unknown business entity; ON TIME 4 U,
24  L.L.C., an unknown business entity; ROBERT
    WISNOVSKY, individually and d/b/a ON
25  TIME 4 U, L.L.C.; and JOHN S. GEORGE,
    individually and d/b/a ON TIME 4 U, L.L.C.,
26
                      Defendants.
27

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL                    **KIRBY LAW GROUP**
(Case No. 2:10-cv-01139-JCC)                                 93 S. Jackson St. #63230
                                                            Seattle, WA 98104-2818
                                                              Ph: (206) 414-9950

# Table of Contents

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL AND FACTUAL BACKGROUND ................................................... 1

   A.   Plaintiffs' Allegations and Defendants' Response ........................................... 1

   B.   The Settlement was the Result of Three Years of Vigorous Litigation, Extensive Motion Practice, Significant Court Rulings, and Arms-Length Negotiations ............................. 3

      1.   The Parties Engaged in Vigorous Motion Practice Over the Pleadings ....................... 3

      2.   The Parties Engaged in Extensive and Hard Fought Discovery Practice .................... 3

      3.   The Class was Certified On November 9, 2012 after Extensive Briefing .................... 4

      4.   The Parties Reached a Settlement After Four Days of Mediation, Two Separate Mediators, and a Full Year of Negotiations ................................. 4

   C.   The Terms of the Settlement Agreement ......................................................... 5

      1.   Class Definition ........................................................................................ 5

      2.   Settlement Benefits to Class Members ..................................................... 5

      3.   Claim Form ................................................................................................ 6

      4.   Class Representative and Class Counsel; Attorneys' Fees and Incentive Award ........ 6

      5.   Notice ......................................................................................................... 7

      6.   Opt-Out Rights .......................................................................................... 7

      7.   Deadlines Contemplated By Settlement Agreement ................................. 7

III. AUTHORITY AND ARGUMENT ........................................................................... 8

   A.   The Proposed Settlement Should be Preliminarily Approved ......................... 8

      1.   The Proposed Settlement is Fair because it was the Product of Arm's Length Non-Collusive Negotiations ............................................................. 9

      2.   The Proposed Settlement is Reasonable and Adequate ............................ 11

      3.   The Class Notice is Adequate .................................................................. 15

IV. CONCLUSION .......................................................................................................... 16

JOINT MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

ii

1

## I. INTRODUCTION

Plaintiffs Maria Agne, Erin Chutich, and Jerrod Chutich, individually and on behalf of the class which was certified on November 9, 2012 (collectively "Plaintiffs") hereby move the Court for an order granting this Unopposed Motion for Preliminary Approval of Class Action Settlement.  This motion is unopposed by Defendants Papa John's International, Inc.; Papa John's USA, Inc., (collectively "Papa John's") and Defendants Rain City Pizza, L.L.C.; Rose City Pizza, L.L.C.; Seattle PJ Pizza L.L.C.; PJ Sound Pizza, L.L.C.; Papa Washington, L.L.C.; and Papa Washington II, LLC; PJ Sound Pizza LLC; Edward Taliaferro; Kevin Sonneborn, (collectively "City Defendants"). Attached as Exhibit 1 to the Declaration of Albert H. Kirby (*"Kirby Decl"*) is a fully executed copy of the parties' agreement.

Plaintiffs make this Motion for Preliminary Approval on the grounds that the settlement is fair, adequate, and reasonable and otherwise satisfies the requirements for preliminary approval. Plaintiffs base this motion upon the accompanying Declaration of Albert H. Kirby, the Settlement Agreement and exhibits, all pleadings and records on file herein, and such other documentary evidence or arguments as may be presented to the Court prior to or at the hearing on the motion.

The parties respectfully request that the Court approve the form, content, and method of delivering notice to the Class as set out in the Settlement Agreement; and schedule a final approval hearing in accordance with the deadlines proposed in the Settlement Agreement.  A proposed Order, in the form approved by the Parties, is included as Exhibit E to the Settlement Agreement and is submitted herewith for the Court's consideration.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A.  Plaintiffs' Allegations and Defendants' Response

Plaintiff Maria Agne brought this class action initially on May 28, 2010, in Washington State's King County Superior Court. *See* Dkt. No. 1. Plaintiffs Erin Chutich and Jerrod Chutich joined the case as plaintiffs with the filing of Plaintiffs' Fifth Amended Complaint on July 12, 2012. *See* Dkt. No. 281. Plaintiffs' complaint alleges violations of both the Telephone Consumer

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

1

Protection Act, 47 U.S.C. § 227, ("TCPA"), and the Washington Consumer Protection Act ("WCPA"), RCW 19.86.10, *et seq*. *See id.*  Plaintiffs allege that Defendants caused transmissions of unlawful commercial text messages and commercial solicitations to them and other class members without their express consent.  *See id.* ¶¶ 1-3. Plaintiffs and the class further contend that the text messages were sent with the use of automatic telephonic dialing system ("ATDS") in express violation of the TCPA. *Id.* ¶¶ 4, 27-29.  Moreover, Plaintiffs allege that under RCW 19.190.060 any text message sent without consent to a consumer for a commercial purpose constituted a *per se* violation of the WCPA with additional compulsory statutory damages.  *Id.* ¶¶ 70, 72.

Finally, Plaintiffs contend that Defendants acted in concert with one another sufficient to convey liability not only on the Papa John's franchise stores which participated in the marketing campaign, but also to confer direct and agency liability to Papa John's as the franchisor for approving, ratifying, and further directing the illegal marketing campaign.  Dkt. No. 281 ¶¶ 6, 14, 17-22.

From the beginning of the litigation, Defendants have contested almost every aspect of Plaintiffs claims.  Defendants collectively challenged whether the transmissions qualified as a call under the TCPA, whether Class members' giving their telephone numbers when purchasing a pizza conferred sufficient consent, whether the text messages in question qualified as a call under the TCPA, and every aspect of class certification.  *See e.g.,* Dkt. No. 328 *Papa John's Answer to Plaintiff's Fifth Amended Complaint;* Dkt. No. 83, *Defendant Papa John's Motion to Dismiss Plaintiff's Second Amended Complaint*.  Finally, Papa John's further contends that Plaintiff does not have standing to assert a claim against it under the TCPA, and that franchisors are not liable for the acts of franchisees. *Id.*  In almost every motion the parties contested these issues before this Court.

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
  (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

2

1

2

**B. The Settlement was the Result of Three Years of Vigorous Litigation, Extensive Motion Practice, Significant Court Rulings, and Arms-Length Negotiations**

3

      1.    <u>The Parties Engaged in Vigorous Motion Practice Over the Pleadings</u>

4

      On July 14, 2010, Defendants removed the case to the United States District Court for the

5

Western District of Washington under the Class Action Fairness Act.  Dkt. No. 1.  From this

6

filing, the Parties proceeded to engage in extensive motion practice over the pleadings.  *Kirby*

7

*Decl. ¶ 3.* This included the filing of six separate complaints, and between Papa John's and City

8

Pizza six motions to dismiss. Dkt. Nos. 14, 16, 21, 50, 54, 72, 80, 84, 120, 164, and 281.

9

Moreover, each motion to amend was accompanied by a vigorous opposition, requiring full

10

briefing.  Dkt. Nos. 47, 49, 51, 55, 140, 155, 158, 239, 258, 259, 264, and 290.  Ultimately, the

11

pleadings were finally set after the Defendants answered Plaintiffs' Fifth Amended Complaint.

12

*See* Dkt. Nos. 328, 348, 354. Defendants contested all of Plaintiffs' causes of action.

13

      2.    <u>The Parties Engaged in Extensive and Hard Fought Discovery Practice</u>

14

       Shortly after the filing of the initial complaint the parties began vigorous discovery

15

practice.  Motions included Papa John's Motion to Stay Discovery (Dkt. No. 57), Plaintiff's

16

Motion to Compel (Dkt. No. 81), Papa John's Cross Motion for Protective Order (Dkt. No. 97),

17

Papa John's Motion for a Second Protection Order (Dkt. No. 142), Plaintiff's Opposition to the

18

Second Protective Order and Request for Affirmative Production (Dkt. No. 151), Plaintiff's

19

Second Motion to Compel (Dkt. No. 179), Papa John's Motion for Reconsideration (Dkt. No.

20

198), Plaintiff's Status Report on Discovery (Dkt. No. 213), Papa John's Motion to Compel (Dkt.

21

No. 226), Plaintiff's Motion for Spoliation Sanctions (Dkt. No. 261); Defendants Motion for

22

Sanctions and Discovery Stay (Dkt. No. 266), and ultimately Defendants' request for a Magistrate

23

to manage the entire process (Dkt. No. 301) that was also opposed.  The Court responded with

24

multiple Orders on discovery including an order requiring extensive electronic discovery.  *See e.g.,*

25

Dkt. Nos. 183, 203, 212, 217, 242, 339, 343, 352, 355, 356, and 367.  During this time Plaintiffs

26

issued dozens of third-party subpoenas to Papa John's franchises and other persons across the

27

country, conducted third-party interviews, retained an expert and consulting witnesses, contacted

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

multiple putative class members, and conducted depositions in both Oregon and Washington. *Kirby Decl.* ¶ 4.

The many hundred docket entries of the Court's file reflect how diligently this case has been litigated for over three years.

3.    The Class was Certified On November 9, 2012 after Extensive Briefing

On February 13, 2012, Ms. Agne filed her motion for the Court to certify both a nationwide class under the TCPA as well as a Washington Sub-class under the WCPA.  Dkt. No. 219.  The parties again vigorously contested the motion, filing separate opposition papers (Dkt. Nos. 243, 247), reply briefs (Dkt. Nos. 304, 305), supplemental briefing, (Dkt. Nos. 330, 331, 357, 359) and supplemental authorities to such briefing (Dkt. Nos. 329, 349, 361, 364).  On November 9, 2012 the Court issued a 22 page order certifying both the nationwide class and Washington subclass as

> all persons who were sent, to their cellular telephone numbers, at least one unsolicited text message that marketed a Papa John's branded product, good, or service through OnTime4U.

Dkt. No. 366 at 1.  Both classes are substantively identical; they differ mainly in the claims brought on behalf of each.  On November 23, 2012, Defendants filed a request for appeal under Rule 23(f) to the Ninth Circuit.  Plaintiff Maria Agne filed her opposition on December 8, 2012.  *Kirby Decl.* ¶ 5.  Both Papa John's and City Pizza's Requests have been stayed pending this motion for preliminary approval.  *Id.*

4.    The Parties Reached a Settlement After Four Days of Mediation, Two Separate Mediators, and a Full Year of Negotiations

Settlement negotiations in matter were as hard fought as the litigation.  On March 9, 2012, the Parties notified the Court of their intention to engage in mediated settlement discussions and requested that the Court enter an order staying discovery and a ruling on class certification pending the conclusion of the mediation. Dkt. Nos. 224, 225. The Parties exchanged detailed mediation statements and hundreds of pages of documents, outlining their arguments in

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

light of the discovery record.  *Kirby Decl.* ¶ 8.  The Parties then engaged in mediation on May 30-31, 2012 with the Honorable Edward A. Infante (Ret.), an experienced mediator and former Chief Magistrate Judge of the United States District Court for the Northern District of California, who has developed a national reputation as an expert on TCPA cases. *Id.* After two days of mediation the case did not resolve.  The parties continued settlement discussions with the aid of Judge Infante, as well as independently, until this Court's ruling on Certification.  *Id.*

Following certification, the parties again reengaged in settlement negotiations, scheduling two further days of mediation in January and February 2013 with the Honorable Terry Lukens (Ret.) with JAMS in Seattle, who is also an expert on TCPA cases as well as class actions brought under Washington State consumer protection and telemarketing statutes.  *Kirby Decl.* ¶ 7.  Upon completion of the fourth day of mediation the parties reached an agreement, with subsequent arms-length negotiations lasting into May 2013 under the supervision of Judge Lukens.  These negotiations produced the specific terms set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Albert H. Kirby. *Id.* Plaintiffs now present those terms for the Court's preliminary approval, unopposed.

**C. The Terms of the Settlement Agreement**

        1.    <u>Class Definition</u>

The Settlement Agreement confirms the class definition as certified by this Court in its Order on Certification.  Dkt. No. 366. Therefore, the class receiving the benefits and scope of this settlement is as follows:

> all persons who were sent, to their cellular telephone numbers, at least one unsolicited text message that marketed a Papa John's branded product, good, or service through OnTime4U.

Dkt. No. 366.  The Class includes at least 220,000 persons who were sent text messages through OnTime4U.  *Kirby Decl.*, Exh. 1.

        2.    <u>Settlement Benefits to Class Members</u>

Under the terms of the Settlement Agreement, members of the Class who

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

5

are provided notice will automatically receive a merchandise certificate with a voucher code that enables them to order a free Papa John's pizza. *Kirby Decl.*, Exh. 1. These merchandise certificates are fully transferable, and each has an estimated retail value of $13.00. The collective value of these merchandise certificates to the Class is approximately $2,860,000 and is a benefit provided to Class members regardless of whether they submit a claim form.

Additionally, any Class member who submits a claim will receive $50 payment from Defendants, and the aggregate value of these cash payments, if each of the potential 220,000 Class members submits a valid claim form, is $11,000,000.

Defendants have also agreed to pay all claims administration costs (estimated at $250,000), and to not oppose a motion for Plaintiffs' attorney fees and costs ($2,450,000) and service awards (totaling $25,000) to the Class representatives for bringing this action on behalf of the class. Altogether, the Defendants have agreed to the creation of a common fund, to total potential value of which equals $16,585,000, $13,860,000 of which is comprised of Class members' merchandise certificates and cash payments.

3. Claim Form

To receive the $50 Settlement Benefit, Class members will be required to submit a short claim form certifying that they are members of the Class. These claim forms will be cross-checked against the lists of cellular telephone numbers which were used to send the text messages at issue in this case. Claim Forms will be considered timely if they are postmarked within 60 days after notice is issued under the Settlement Agreement.  No action will be needed to receive the merchandize certificates.

4. Class Representative and Class Counsel; Attorneys' Fees and Incentive Award

The Settlement Agreement provides that for purposes of settlement, Defendants will not oppose an application submitted by Plaintiff or Settlement Class Counsel for attorney's fees and costs of $2,450,000, which is about 14.8% of the settlement fund, and for an individual incentive award for Ms. Agne, Erin Chutich, and Jerrod Chutich of up to $25,000.

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

6

1

2          5.       Notice

3          Written notice of the proposed settlement will be provided to the Settlement Class by

4  first-class mail. The Class Notice will inform Class Members about the basis of the claims,

5  describe who is included in the class, identify who is eligible to receive a payment and the

6  potential for recovery, describe how Class Members may exclude themselves from the

7  settlement, notify Class Members of their right to object to the Settlement, and include the

8  contact information for the Settlement Administrator.  Class Members will have 60 days from

9  the date of the issuance of notice to submit their claim.

10         Defendants have compiled lists of Class members from Papa John's proprietary customer

11 database. These lists will be sent to the third-party claims administrator who will take all

12 reasonably steps available, to ensure delivery of notice to Class members by first-class U.S.

13 Mail. Additionally, the third-party claims administrator will publish notice in USA Today.  The

14 Claims Administrator will also establish a settlement website which will provide additional

15 notice, as well as provide copies of all of the relevant court filings, notices, and claim form.

16         6.       Opt-Out Rights

17         Members of the Class will be able to opt-out of the class by sending a written request for

18 exclusion to the Claims Administrator by first-class mail. All individual opt-out notices must be

19 postmarked within 60 days after  notice of the settlement has been issued. Also within this 60-

20 day period, any Class member who objects to the Settlement Agreement must file with the Court

21 and serve upon the Parties a written notice along with supporting papers setting forth the

22 objector's grounds for objection.

23         7.       Deadlines Contemplated By Settlement Agreement

24         The Settlement Agreement provides that the parties will file their briefs in support of

25 final approval of the Settlement Agreement and  Plaintiffs shall file their motion for approval of

26 the fee award and class incentive 30 days before the deadline to opt out or object to

27

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

the Settlement, as well as at that the Parties will file their responses to any objections no later than 15 days after the deadline for Class members to opt-out or object, and that the Parties will ask the Court to schedule a final approval hearing to be held at least 7 days after submission of the Parties' responses to any objections.

The following table sets out the deadlines:

| EVENT | SCHEDULED DATE |
|---|---|
| Deadline for mailing Notice | 30 days after entry of Preliminary Approval Order, or as soon as reasonably practicable thereafter |
| Fee and Cost Application Due | 30 days after class notice has been mailed |
| Parties file their briefs in support of Final Approval | 15 days prior to the deadline to opt out or object to the Settlement |
| Deadline to Submit Claims, Opt-out, or Object | 60 Days after mailing of notice (the "Notice Period") |
| Payment of Incentive Award | Upon the Effective Date as defined in the Parties Agreement |
| Payment of Fees and Costs | Upon the Effective Date as defined in the Parties Agreement |
| Payment to Settlement Class Members | Reasonably promptly after the later of the Effective Date or closure of the claims period. |

Under this proposed schedule, Class members will have at least 60 days to decide whether or not to opt-out or file objections to the terms of the Settlement Agreement, and at least 30 days to decide whether or not to object to Class Counsel's Fee and Cost Application.

## III. AUTHORITY AND ARGUMENT

**A.      The Proposed Settlement Should be Preliminarily Approved**

In the Ninth Circuit, settlements of complex class action lawsuits are strongly favored. *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *Speed Shore Corp., v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979) ("It is well recognized that settlement agreements are judicially favored as a matter of second public policy.  Settlement agreements conserve judicial time and limit expensive litigation.").  It is within the broad discretion of the trial court to

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

approve a class action settlement.  *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

The approval of a class action settlement takes place in two stages: preliminary approval and final approval.  *West v. Circle K Stores, Inc*., No. 04-0438, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006).  At the preliminary approval stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of the notice of the certification, proposed settlement, and date of the final fairness hearing."  *See In Re M.L. Stern Overtime Litigation*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864 at *3 (S.D. Cal. April 13, 2009) (quoting Manual on Complex Litigation Fourth § 21.632 (2004)).  During the preliminary process, the Court simply determines "whether there is any reason to notify the class members of the proposed class settlement and to proceed with the fairness hearing."  *Gatreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).  The Court's review is limited to the extent necessary to reach a reasoned judgment that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned."  *Officers for Justice*, 688 F.2d at 625.  If there are no obvious deficiencies, and the settlement falls into the range of possible approval, it should be preliminarily approved.  *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1057 (9th Cir. 2008)*; Alaniz v. California Processing, Inc*., 73 F.R.D. 269, 273 (C.D. Cal. 1976).  As set forth below, the proposed Settlement satisfies the standard for preliminary approval.

     1.     <u>The Proposed Settlement is Fair because it was the Product of Arm's Length Non-Collusive Negotiations</u>

The requirement that the proposed Settlement be conducted by arm's-length, and non-collusive negotiations protects the proposed Class Members.  Generally, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval."  Newberg § 11.41; *see also Ellis v.*

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

9

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

1    *Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("considerable weight" given to

2    settlement reached after hard-fought negotiations).

3        The proposed Settlement in this case is presumptively fair because it was reached through

4    years of arms' length contentious negotiations and there is nothing to suggest that there was any

5    collusion between the parties.  In fact, it was reached following <u>four</u> separate days of mediation

6    with two different former judges with experience in TCPA settlements.  Both the Honorable

7    Judge Infante and Judge Lukens were fully informed of the complex procedural and legal issues

8    in the case, and have been recognized as two of the top mediators in their field.

9        The fact that an experienced mediator was involved in the settlement strongly evidences

10   the non-collusiveness of the settlement.  *See Thieriot v. Celtic Ins. Co.*, No. C-10-04462-LB,

11   2011 WL 1522385, *5 (N.D. Cal. Apr. 21,2011) ("[T]he settlement is the product of serious,

12   non-collusive, arms' length negotiations by experienced counsel with the assistance of an

13   experienced mediator at JAMS . . . In sum, the court finds that viewed as a whole, the settlement

14   is sufficiently "fair, adequate, and reasonable" such  that approval of the settlement is

15   warranted."); *see also Adams v. Inter-Con Security Sys., Inc.*, No. C-06-5428 MHP, 2007 WL

16   3225466 (N.D. Cal. Oct. 30, 2007); *see also In re Austrian and German Holocaust Litig.*, 80 F.

17   Supp. 2d 165, 173-74 (S.D.N.Y. 2000).

18       Moreover, the settlement was based upon extensive nation-wide discovery conducted in

19   this matter which spanned over two years of hard fought litigation.  This included multiple cross

20   motions to compel, thousands of documents exchanged, and dozens of third party subpoenas

21   issued— with often Court intervention necessary at multiple stages of the case.  *Kirby Decl.* ¶ 4.

22   Moreover, after six separate filed Complaints, contentious motions to amend, six motions to

23   dismiss collectively filed by Defendants, motions for sanctions, extensive class certification

24   briefing, and hundreds of pages of mediation briefing—the  negotiations were well tempered by

25   a fully-developed factual and legal record.  Arm's-length negotiations conducted by competent,

26   informed counsel are prima-facie evidence of a settlement that is fair and reasonable. *See Hughes*

27   *v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar.

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-length negotiations"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations").   Accordingly, the Settlement Agreement is entitled to a presumption of fairness.

In sum, the parties reached this Settlement through arm's-length bargaining, four days of mediation, this assistance of two well respected judges who are both experts in TCPA cases, over a dozen calls between counsel, sufficient investigation and discovery, extensive litigation, motions to dismiss, motions on discovery, class certification, and appellate briefing.

2.   The Proposed Settlement is Reasonable and Adequate

In making a determination of whether the Settlement is adequate and reasonable, the Court must ultimately balance the following factors: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel."   *Hanlon*, 150 F.3d at 1026.

Here the settlement affords the certain value of a merchandise certificate without submission of a claim, and a cash payment of $50 in excess of the harm caused by the receipt of a text message by admittedly a class that by and large conducted business with Defendants. Given that Plaintiff would still have to go through an appellate process, face significant liability issues which could deny the class any relief, a motion to de-certify, and litigate against a franchisee which has lost all insurance coverage and represented its inability to satisfy a judgment, the Settlement is reasonable and fair. The Settlement ensures timely relief and recovery for Plaintiffs claims.  It therefore satisfies the reasonable and adequacy standards.

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

11

### a.   Plaintiff's Assessment of the Risks

In agreeing to a cash award of $50 for each class member, as well as a guaranteed benefit of a merchandise voucher valued at $13 to any Class member who receives notice, Plaintiffs and their counsel have considered the risks inherent to litigation and the defenses available to Defendants.  The reality is if Papa John's was successful in either its standing arguments or challenging whether the TCPA can convey liability on to a franchisor, Plaintiff would be left pursuing City Pizza which lost all insurance coverage as set forth in a decision by the Court of Appeals of Washington. *See Oregon Mutual Ins. Co. v. Rain City Pizza, L.L.C.*, 172 Wn. App. 1043 (2013). Discovery has confirmed that any significant recovery against the City Pizza defendants would consequently be fruitless.  *See Kirby Decl*. ¶ 9.

Moreover, Papa John's has asserted that it will continue to raise those issues on both the now filed appeal, motions for summary judgment, and if necessary at trial.  Moreover, currently the FCC is considering whether a message that originates as an email and reaches a consumers phone as a text message, is considered a "call" under the TCPA.  *See Consumer & Governmental Affairs Bureau Seeks Comment on Petition for an Expedited Clarification & Declaratory Ruling from Revolution Messaging, LLC*, 27 F.C.C.R. 13265 (2012). The parties expect the FCC to make a ruling on this issue before the conclusion of this case.

At any of the remaining stages of litigation an adverse ruling on the issue of either the Class's standing to sue Papa John's or a ruling by the FCC would functionally deny the class <u>any</u> relief.   Although Plaintiffs believe that the harm and violation of the statute is clear, the uncertainty of these legal issues necessitates resolution.

### b.   Defendants' Assessment of the Risk

In addition to Papa John's contentions regarding liability as a franchisor—as well as the issues raised by the current FCC proceedings—Defendants maintain several other defenses to Plaintiffs claims.  First, Defendants assert that when a consumer gives their number in ordering a pizza there is an expectation and explicit assumption they will be contacted about the service

---

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

offered.  Moreover, Defendants contend that the equipment used in this case did not have the capacity to dial random consumers and therefore does not qualify as an ATDS under the TCPA.

If the parties had not settled, Defendants would have continued to advance these and other arguments at every stage of the case.  Defendants have already represented that they would not only challenge certification on appeal, but would bring motions to decertify in addition to a motion for full summary judgment.  Moreover, any judgment against the City Pizza Defendants would have been met with extensive Due Process challenges in light of their financial condition. Nevertheless, Defendants recognize the uncertainties in the law and inherent risks in continued litigation.

### c.     The Amount Offered in Settlement and Experience and Views of Counsel

Taking in account the legal issues presented in this case the compensation provided in this resolution strikes a reasonable balance between the statutory damages authorized by the TCPA and WCPA.  Moreover, although the parties cannot identify for certain who may have received a text message, providing the merchandize certificate to everyone who receives notice insures a guaranteed benefit, balanced against the necessity of requesting confirmation by class members to receive the $50 cash payment to ensure that only those who were harmed by the practice receive the monetary relief.

The Parties have also agreed that Class Representatives may request an incentive award of up to $25,000. Plaintiffs believe that Ms. Agne and Mr. and Ms. Chutich may seek an incentive award for bringing and litigating this case on behalf of the class as such an award promotes a public policy of encouraging individuals to undertake the responsibility of representative lawsuits, as well as reflects the time, cost, and effort a class representative often must personally undertake in order to bring relief to the class. Incentive awards are often approved in class settlements. *See Grays Harbor Adventist Christian Sch. v.* Carrier Corp., 2008 WL 1901988, at *7 (W.D. Wash. Apr. 24, 2008); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2003); *see also* Manual for Complex Litig. (Fourth) § 21.62 n.336 (2004)

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

1   (incentive awards may be "merited for time spent meeting with class members, monitoring cases,

2   or responding to discovery") (citation omitted).

3        Here, Ms. Agne's role in this case was much more significant than what is typically

4   involved of a class representative.  First, she personally travelled to San Francisco to attend both

5   days of mediation before Judge Infante, and she also participated in the two days of mediation

6   before Judge Lukens in Seattle. *Kirby Decl*. ¶ 10. In doing so Ms. Agne lost time from work, and

7   had to seek child care for her two young children.  *Id*.  Moreover, Ms. Agne persevered in this

8   litigation in spite of enduring *ex parte* letters to her undisclosed home address in which the

9   OnTime4U defendant made threats such a having collection agencies go after her personally for

10   in excess of $150,000 in legal fees. *See* Dkt. Nos. 111, 111-1, 115, 115-1. The Court ruled that

11   such conduct which Ms. Agne had to endure was "improper and intolerable." *See* Dkt. No. 113 at

12   2. Accordingly, the Court issued both a temporary restraining order and a preliminary injunction

13   to enjoin the OnTime4U defendants from their "improper and intolerable" conduct. *See* Dkt.

14   Nos. 113, 117.  Ms. Agne also was deposed. *See* Dkt. No. 342, ¶ 6. And to advance the interests

15   of the class, Ms. Agne disclosed the otherwise private contents of her cellular telephone and her

16   cellular telephone records. *See* Dkt. Nos. 242, 299. Defendants do not oppose the incentive

17   award to Plaintiffs as provided in the Settlement Agreement.

18        Moreover, the attorney fees requested at about 14.8% of the total common fund fall far

19   below the 25% standard for Ninth Circuit class settlements.  See, e.g., *Vizcaino v. Microsoft*

20   *Corp*., 290 F.3d 1043, 1047-48 (9th Cir. 2002); *See also Bellows v. NCO Financial Systems, Inc.*,

21   2009 U.S. Dist. LEXIS 273, at *4-*5 (S.D. Cal. Jan 5, 2009) (awarding fees and costs equal to

22   31.6% of TCPA settlement); *Satterfield v. Simon & Schuster, Inc.* et al., No. 06-2893 (N.D. Cal.

23   Aug. 6, 2010) (collected in Ex. F to Selbin Decl.) (fees and costs of 25% of TCPA fund).

24        For the sake of clarity the amount of the incentive award and fee request is what Counsel

25   intends to seek through the settlement agreement, but is being presented at this juncture only to

26   fully apprise the Court of the full terms of the settlement.  Thus, the Court does not need to make

27   a determination as to the reasonableness of the proposed request at this time.  Instead, in

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

accordance with the Ninth Circuit's ruling in *In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2009), Plaintiffs' counsel will move the Court thirty (30) days prior to the objection deadline for approval of their fee request and Plaintiffs' incentive award.  In so doing, Plaintiffs' counsel will present fulsome arguments in support of their fee petition and request for incentive awards and, in line with Ninth Circuit precedent when demonstrating the reasonableness of the requested fees, will conduct both a percentage of the benefit analysis and a lodestar cross-check.

Finally, the experienced views of all counsel involved further support preliminary approval.  As reflected in the Declaration filed by Albert H. Kirby, counsel for Plaintiffs has substantial experience prosecuting class actions.   Plaintiffs believe they would ultimately prevail, however, litigating the case would be time-consuming, expensive, and like most all class actions, risky.  As a nationwide class action, the case is complex, and given the issues involved, the case could be litigated for years.  Class counsel engaged in extensive litigation in this case, including moving for class certification, opposing six motions to dismiss, fighting for discovery at every stage, and now resisting Defendants' current motions to appeal.  Based on their experience, Plaintiffs' counsel evaluated these various issues, including the strengths and weaknesses of the case, the consequences of not settling in light of Papa John's unique liability defenses, the advice of both Judge Infante, and Judge Lukens, the FCC's pending decision, and the possibility of decertification, and concluded that the Settlement is in the best interest of Class Members.

### 3.    The Class Notice is Adequate

Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure provides that, [t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Further, the court should direct "the best notice practicable under the circumstances, including direct notice to all class members who can be identified through reasonable effort."  *See* Fed. R. Civ. P. 23(c)(2).  A notice of settlement is "satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

with adverse viewpoints to investigate and to come forward and be heard.'" *Churchhill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Notice to the Class Members fully satisfies these requirements.  A detailed notice and claim form will be mailed by first class mail to all Class Members at their last known address based on Papa John's records.  The Supreme Court has held on several occasions that when addresses may be identified the best notice "practicable under the circumstances" is mailed notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732 (1974)

The content of the Notice comply with Rule 23.  The Notice informs Class Members of: 1) the basis of the claims; 2) who is included in the class; 3) who is eligible for payment and the potential for settlement recovery; 3) how Class Members may exclude themselves from the settlement; 4) their right to object to the Settlement; and 5) the contact information for the Claims Administrator. The Notice adequately describes the terms of the settlement in sufficient detail to alert any person with an adverse view point so that they may object and be heard.

## IV.   CONCLUSION

For the all of the foregoing reasons, the parties respectfully requests that the Court enter an order preliminarily approving the Class Action Settlement, order that notice shall issue to Class Members, and schedule a final fairness hearing.

RESPECTFULLY SUBMITTED:  May 17, 2013

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187
**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Tel: (206) 414-9950
Fax: (866) 845-6302
Email: ahkirby@kirby-legal.com

Donald W. Heyrich, WSBA #23091
**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505
Email: dheyrich@hkm.com

Attorneys for Plaintiffs

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
 (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950

16

**<u>DECLARATION OF SERVICE</u>**

I, the undersigned, certify that, on this date, a true copy of the foregoing document will be or has been served on the persons listed below in the manner shown:

Joseph P. Lawrence  ___ Legal Messenger
Joan L. Roth  ___ Facsimile
LAWRENCE & VERSNEL, PLLC  ___ United States Mail, First Class
4120 Columbia Center  ___ Direct Email
701 Fifth Avenue  _x_ CM/ECF Notification
Seattle, WA  98104

James Howard  ___ Legal Messenger
Jessica M. Andrade  ___ Facsimile
DORSEY & WHITNEY LLP  ___ United States Mail, First Class
701 Fifth Avenue, Suite 6100  ___ Direct Email
Seattle, WA  98104  _x_ CM/ECF Notification

Robert Wisnovsky  ___ Legal Messenger
270 Wells Fargo Dr.  ___ Facsimile
Jacksonville, OR 97530  ___ United States Mail, First Class
Email: rwisnovsky@aol.com  _x_ Direct Email
  ___ CM/ECF Notification

John S. George  ___ Legal Messenger
P.O. Box 375  ___ Facsimile
Jacksonville, OR 97530  ___ United States Mail, First Class
Email: jnbgeorge@gmail.com  _x_ Direct Email
  ___ CM/ECF Notification

Dated: May 17, 2013

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
  (Case No. 2:10-cv-01139-JCC)

**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Ph: (206) 414-9950