THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA AGNE, et al.,

Plaintiffs,

v.

PAPA JOHN'S INTERNATIONAL, INC, et al.,

Defendants.

CASE NO. C10-1139 JCC

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, NOTICE TO CLASS MEMBERS, AND SCHEDULING FINAL APPROVAL HEARING

This matter comes before the Court on Plaintiffs' unopposed motion for an order preliminarily approving class action settlement, notice to class members, and scheduling a final approval hearing (Dkt. No. 371). The motion is GRANTED.

Plaintiffs and defendants Papa John's International, Inc.; Papa John's USA, Inc. ("Papa John's"); Rain City Pizza, LLC; Edward Taliaferro, individually and d/b/a Rain City Pizza, LLC, Great Western Dining, and Rose City Pizza, LLC; Kevin Sonneborn, individually and d/b/a Rain City Pizza, LLC, Great Western Dining, Rose City Pizza, LLC, Seattle PJ Pizza, LLC, PJ Sound Pizza, LLC, Papa Washington, LLC, and Papa Washington II, LLC; Rose City Pizza, LLC; Seattle PJ Pizza, LLC; PJ Sound Pizza, LLC; Papa Washington, LLC; and Papa Washington II, LLC ("Defendants") have agreed, subject to final approval by this Court following notice to the Settlement Class, to settle this action upon the terms and conditions set forth in the Release and

Settlement Agreement (the "Settlement Agreement") dated May 16, 2013 (Dkt. No. 372-1). The Court has reviewed the Settlement Agreement (including all exhibits attached thereto), the Motion for Preliminary Approval, as well as all files, records, and proceedings to date in this matter, and the Court hereby orders as follows:

1. Except as specifically noted below, the Court for purposes of this Order Preliminarily Approving Class Action Settlement, Notice to Class Members, and Scheduling a Final Approval Hearing (the "Preliminary Approval Order") adopts the definitions set forth in the Settlement Agreement, unless otherwise defined herein.

2. Neither this Preliminary Approval Order, nor the Settlement Agreement, nor any of the terms or provisions thereto, nor any of the negotiations or proceedings connected with any of them, shall be referred to, offered as evidence, or received in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce the terms of the Settlement Agreement.

3. Certification of Settlement Class. Pursuant to the Settlement Agreement and for purposes of this settlement only, the Court confirms Settlement Class laid out in the Settlement Agreement, as well as this Court's November 9, 2012 Order (Dkt. No. 366) pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons in the United States of America who were sent, to their cellular telephone numbers, at least one unsolicited text message that marketed a Papa John's branded product, good, or service through OnTime4U.

This certification is effective and binding only with respect to proceedings related to or encompassed by the Settlement Agreement, and has no effect on Defendants' appeal of this Court's previous order certifying a national class. If the Settlement Agreement terminates for any reason, this agreed certification shall be vacated by its terms and the Action shall revert to the status with respect to class certification that existed before execution of the Settlement Agreement. In such event, Defendants' stipulation to this Settlement Class in conjunction with

the Settlement Agreement shall not be construed as or raise any presumption of or inference of a concession or admission as to the propriety of certification of this class or any other.

4. Appointment of Class Representatives and Class Counsel. Solely for purposes of effectuating the proposed Settlement Agreement, the Court finds the proposed class representatives, Plaintiffs above, to have claims typical of absent class members belonging to the Class and to be adequate representatives of those Settlement Class members ("Class Representatives"). The Court hereby appoints Plaintiffs to serve as the Class Representatives. The Court further finds Albert Kirby of Kirby Law Group and Donald Heyrich of Heyrich, Kalish & McGuigan, PLLC to have expertise in prosecuting class actions such as this Action and hereby appoints these individuals as Class Counsel.

5. Preliminary Approval of Proposed Settlement. The Court has reviewed the terms of the Settlement Agreement, as well as the papers submitted in connection with the Motion for Preliminary Approval, and all other relevant files, records and papers in this action. The proposed Settlement Agreement provides substantial monetary relief to the Settlement Class. The terms of the Settlement Agreement will be implemented by an independent Claims Administrator. The Court further concludes that the proposed Settlement Agreement is the result of extensive, arm's-length negotiations between Plaintiffs and Defendants and was executed after Class Counsel had investigated the claims and evaluated the strengths and weaknesses of the Plaintiffs' claims. Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, and that the Class Notice proposed herein is appropriate, and the Court hereby preliminarily approves the Settlement Agreement as fair, reasonable and adequate.

6. Approval of Class Notice and Notice Plan. The Parties have submitted for this Court's approval a proposed form of Class Notice, a postcard, and proposed to send by mail the Class Notice to all Class Members, as well as to publish notice in both a national newspaper and on an online settlement website. The Court finds and concludes that this form of the Class

Notice and Summary Notice constitute the best practicable notice under the circumstances and is as likely as any other form of notice to apprise Settlement Class members of the Settlement Agreement, the certification of the Settlement Class for purposes of settlement, and Settlement Class Members' rights to opt-out, object, and/or make a claim.[1] The Court further finds and concludes that Class Notice, and the agreement to mail it to Class Members, as well as the Summary Notice, are reasonable, that they constitute due, adequate and sufficient notice to all Class Members entitled to receive notice, and that they meet the requirements of due process, satisfying Federal Rule of Civil Procedure 23 and the Washington State and United States Constitutions.

Within thirty (30) days after the entry of this Preliminary Approval Order, or as soon as reasonably practicable thereafter, the Parties shall cause the Class Notice, in substantially the same form as Exhibit B to the Settlement Agreement, to be mailed by the Claims Administrator by first-class mail, postage prepaid, as required by Settlement Agreement. Also the Parties shall cause the Summary Notice to be published in accordance with the Settlement Agreement, in substantially the same form as Exhibit D to the Settlement Agreement. Commencing with the mailing of the Class Notice, electronic copies of the Notice, Settlement Agreement, Claim Form, and relevant deadlines for Class Members shall be made available online at a website maintained by the Claims Administrator.

7. Petition for Fee Award/Incentive Award. No later than thirty (30) days after the date notice is first sent to the Settlement Class, Class Counsel and Plaintiffs shall file their petition for a fee award and incentive award and cause a copy of the papers filed in support of the petition to be made available on the website maintained by the Claims Administrator.

---

[1] The Court's approval of the Class Notice (Dkt. No. 372-1, Ex. D) is subject to correction of the first sentence of the second paragraph of the notice. The notice shall be corrected to read: "**What is the Action about?** The Action claims that a few Papa John's franchisees and Papa John's unlawfully retained or worked with OnTime4U to send unsolicited text messages . . ."

8. Deadline for Submitting Claim Forms. All Class Members who do not timely exclude themselves from the proposed Settlement Agreement will be bound by the Settlement Agreement. Class Members who do not exclude themselves may submit a Claim Form in accordance with the terms of the Settlement Agreement. The Claim Form must be fully completed, signed under penalty of perjury and submitted in accordance with the terms of the Settlement Agreement within the sixty (60) day period commencing with the Class Notice Date for a Class Member to be considered by the Claims Administrator for approval to receive any Settlement Award.

9. Final Approval Hearing. The Court hereby schedules a final approval hearing on **October 8, 2013 at 9 a.m.**, at the U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington, 98101 ("Final Approval Hearing") at which time the Court will determine whether the Settlement Agreement is fair, reasonable and adequate and should be finally approved. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. At or after the Final Approval Hearing, the Court may enter a Final Judgment, substantially in the form of Exhibit F to the Settlement Agreement, that will adjudicate the rights of the Class Members.

10. Papers in Support of Settlement. The Parties to the Settlement Agreement may file any responses to objections by Settlement Class members, if any, and additional papers in support of final approval of the proposed settlement no later than **October 1, 2013**.

11. Right to Exclude. Any Settlement Class member may choose to be excluded from the Settlement Class by signing and returning a request for exclusion postmarked no later than **September 17, 2013**, as set forth more fully in the Class Notice and Sections XI and XIV of the Settlement Agreement. Any Settlement Class member who submits a valid request for exclusion shall have no rights under the Settlement Agreement. All Settlement Class members who do not request exclusion shall be bound by this Court's orders, including without limitation any Final Approval Order or Final Judgment entered in this Action.

12. Objections and Appearances. Any Settlement Class members may object to the fairness, reasonableness or adequacy of the Settlement Agreement or the petition for the fee award and incentive award. Settlement Class members may do so either on their own or through counsel hired at their own expense. Any Settlement Class member who wishes to object to the Settlement Agreement or petition for the fee award and incentive award must file with the Court a written statement of objection, along with any other supporting materials, papers or briefs that he or she wishes the Court to consider, no later than sixty (60) days after notice is mailed and must by that same date serve such papers by first-class mail on the following counsel for the Parties:

Albert H. Kirby
Kirby Law Group
93 S. Jackson St. #63230
Seattle, WA 98104-2818

James E. Howard
Jessica M. Andrade
Dorsey & Whitney, LLP
Columbia Center
701 5th Avenue, Suite 6100
Seattle, WA 98104-7043

Joseph P. Lawrence, Jr.
Lawrence & Versnel PLLC
701 Fifth Avenue, Ste. 4210
Seattle, WA 98104

Any Settlement Class member who has served an objection may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class member's expense, and object to the fairness, reasonableness or adequacy of the Settlement Agreement. Any Settlement Class member who wishes to be heard at the Final Approval Hearing must also file with the Court a written notice of intent to appear by no later than sixty (60) days after notice is mailed, and must by that same date serve such notice of intent to appear on the counsel for the

Parties at the addresses listed above. The Parties shall file any responses to Settlement Class members' objections, if any, no later than **October 1, 2013**.

13. Effect of Failure to Approve the Settlement Agreement. In the event the Court or any other court: (a) disapproves, sets aside, or modifies the Settlement Agreement, (b) declines for any reason to enter or give effect to an order preliminarily approving the Settlement Agreement, (c) declines for any reason to enter or give effect to a final order approving the Settlement Agreement and entering final judgment; or (d) holds that any final order approving the Settlement Agreement and entering judgment, or any judgment entered pursuant thereto, should in any material part be overturned or modified in any material way, then the Parties shall use their best efforts to effectively repair deficiencies in order to obtain Court approval, provided that such best efforts shall not be deemed to require Defendants to pay any additional sums than are provided in the Settlement Agreement. In the event such efforts are unsuccessful, and after the passage of sixty (60) days from the date of the Court's actions outlined in Paragraph 13 (a)-(d) herein, then the Settlement Agreement shall become null and void, the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of the Settlement Agreement, and the parties shall jointly move that any and all orders entered pursuant to the Settlement Agreement be vacated and shall proceed with the Action as if the Settlement Agreement had never been executed; provided, however, that in the event that the parties, within fifteen (15) days of any such action of any court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, the Settlement Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned.

14. Stay of Proceedings. All discovery and other pretrial proceedings between Plaintiffs and Defendants in this action are hereby stayed and suspended until further order of the

Court, except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order.

15. Defendant Papa John's is further directed to file a statement by **June 28, 2013**, indicating that notice to the appropriate government officials has been provided as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

DATED this 14th day of June 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, NOTICE TO CLASS MEMBERS, AND SCHEDULING FINAL APPROVAL HEARING
PAGE - 8