THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| MARIA AGNE, et al., | CASE NO. C10-1139-JCC |
|---|---|
| Plaintiffs, | ORDER APPROVING CLASS ACTION SETTLEMENT |
| v. | |
| PAPA JOHN'S INTERNATIONAL, INC., et al., | |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 384); Plaintiffs' Motion for Approval of Incentive Awards and Attorneys' Fees and Costs (Dkt. No. 377); and the October 22, 2013 hearing pursuant to Federal Rule of Civil Procedure 23(e) as to the fairness, reasonableness, and adequacy of the Parties' proposed settlement of this Action preliminarily approved by the Court on June 14, 2013. The Court, having considered the arguments of the parties, the papers submitted in support thereof, and all other matters properly before the Court, hereby ORDERS as follows:

1.     Except as noted below, the Court for purposes of this Final Order and Judgment adopts the definitions set forth in the Settlement Agreement.

2.     The Court, in keeping with its Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 366), confirms that the prerequisites for a class action under Rule 23(a)

ORDER APPROVING CLASS ACTION
SETTLEMENT
PAGE - 1

1   and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of

2   Settlement Class members is so numerous that joinder of all members thereof is impracticable;

3   (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the

4   Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d)

5   Class Representatives fairly and adequately represent the interests of the Settlement Class; (e)

6   the questions of law and fact common to the members of the Settlement Class predominate over

7   any questions affecting only individual members of the Settlement Class; and (f) a class action is

8   superior to other available methods for the fair and efficient adjudication of the controversy.

9       3.      This Court has jurisdiction over the subject matter of this Action and over all

10  parties to the Settlement Agreement, including all Settlement Class members.

11      4.      The Court finds that the Class Notice and the Summary Notice delivered and

12  implemented pursuant to the Court's Order Preliminarily Approving Class Action Settlement

13  (the "Preliminary Approval Order") (Docket No. 373) (i) constituted the best practicable notice;

14  (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise

15  Settlement Class Members of the pendency of the Action and of their right to object to the

16  proposed settlement and to participate in the hearing thereon; (iii) were reasonable and

17  constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

18  met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and

19  Washington law.

20      5.      The Court finds that the settlement is fair, reasonable, and adequate to all parties

21  and Settlement Class Members, and consistent and in compliance with all requirements of

22  federal law.

23      6.      The Court orders that all Settlement Class members (1) are bound by this Final

24  Judgment, (2) are forever barred from instituting, maintaining, or prosecuting any of the

25  Released Claims, and (3) have released and discharged Released Parties from any and all

26  liability with respect to such Released Claims, including but not limited to claims for attorneys'

ORDER APPROVING CLASS ACTION
SETTLEMENT
PAGE - 2

1 | fees, costs, and expenses.[1]

2 |     7.    The Court orders that neither the Settlement Agreement, nor any of its terms or

3 | provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or

4 | carry it out, shall be construed as or raise any presumption or inference of any concession or

5 | admission, or any waiver of any right, claim or defense of any party or any Settlement Class

6 | member, except insofar as such rights, claims or defenses are expressly released or discharged by

7 | this Final Judgment.

8 |     8.    The Court orders that this Final Order and Judgment, the Settlement Agreement,

9 | and all negotiations, documents and proceedings connected with them shall not be:

10 |

11 |

12 | [1]The Released Claims are set forth in Section XII of the Settlement Agreement as follows:

13 |     "Released Claims" shall mean and refer to any and all manner of claims related to the transmission of text messages by OnTime4U during the period of September 1, 2009 through May 1, 2010, including but not limited to all claims in any way seeking, alleging or including damages or any other relief for interruption of service, loss of use, down time, invasion of privacy, trespass, nuisance, or any violation of any type of the Telephone Consumer Protection act, 47 U.S.C.§ 227, its implementing regulations or any other federal or state law and any claims that were brought or could have been brought in the Action (including but in no way limited to any claims related directly or indirectly in any manner whatsoever to any claims raised by Class Representatives, Class Counsel, or the Settlement Class in any pleading, motion or brief filed in the Action), and any grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable, injunctive, or other type of relief; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that any Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties through the Effective Date that arise from or relate to the transmission of text messages to the Class by OnTime4U. "Released Claims" excludes claims that are unrelated to text messages that were transmitted by OnTime4U.

ORDER APPROVING CLASS ACTION
SETTLEMENT
PAGE - 3

1       (a)    offered or received against any Defendant or Released Party as evidence of or

2 construed as or deemed to be evidence of any presumption, concession, or admission by any of

3 the Defendants or Released Parties with respect to the truth of any fact alleged by any of the

4 Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or

5 in any litigation; or the deficiency of any defense that has been or could have been asserted in the

6 Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any defendant;

7       (b)    offered or received against any defendant as evidence of a presumption,

8 concession or admission of any fault, misrepresentation, or omission with respect to any

9 statements or written document approved or made by any Defendant or Released Party;

10       (c)    offered or received against Defendants or Released Parties as evidence of a

11 presumption, concession, or admission with respect to any liability, negligence, fault, or

12 wrongdoing or in any way referred to for any other reason against Defendants or Released

13 Parties in any other civil, criminal or administrative action or proceeding, other than those

14 proceedings necessary to effectuate the provisions of the Settlement Agreement; provided,

15 however, that if the Settlement Agreement is approved by the Court, Released Parties (as defined

16 in the Settlement Agreement) may refer to it to effectuate the liability protection granted them

17 hereunder including to support a defense of res judicata, collateral estoppel, release, good faith

18 settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion

19 or similar defense or counterclaim;

20       (d)    construed against Defendants, Released Parties or the Settlement Class members

21 as an admission or concession that the consideration to be given hereunder represents the amount

22 which could be or would have been recovered after trial; or

23       (e)    construed as, or received in evidence as, an admission, concession or presumption

24 against the Plaintiffs or the Settlement Class members that any of their claims are without merit

25 or that damages recoverable under any of the complaints filed in the Action would not have

26 exceeded the amounts specified in the Settlement Agreement.

1   9.  Without affecting the finality of this Order for purposes of appeal, the Court

2 reserves jurisdiction over the Parties, including all Settlement Class members, for purposes of

3 supervising the implementation, enforcement, construction, and interpretation of the Settlement

4 Agreement.

5   10.  The Court approves and directs that all Settlement Class members who have

6 currently submitted valid claims (a total of 3,347 Class Members) be paid $50 per claimant. This

7 amount totals $167,350.00.

8   11.  The Court orders Papa John's to pay up to $250,000.00 to the Claims

9 Administrator for claims administration costs, in accordance with the Settlement Agreement.

10 The Court orders Papa John's to pay any claims administration costs in excess thereof, if any, to

11 the Claims Administrator, and if claims administration costs are less, the excess funds will be

12 retained by Papa John's.

13   12.  The Court approves the payment of attorneys' fees, costs, and expenses to Class

14 Counsel (the "Attorneys' Fees and Costs Award") in the amount of $2,450,000.00. This amount

15 is reasonable in light of the significant effort expended by counsel, the quality of the result

16 achieved for the class, and the initial uncertainty of the result. The Attorneys' Fees and Costs

17 Award shall be distributed to Class Counsel in accordance with the terms of the Settlement

18 Agreement.

19   13.  The Court further hereby approves a service award of $25,000 total to be

20 distributed among the Class Representatives in accordance with the terms of the Settlement

21 Agreement.

22   14.  Plaintiffs' claims against Defendants are hereby dismissed with prejudice and

23 with all parties to bear their own costs and fees except as provided herein.

24 **I. CONCLUSION**

25   For the foregoing reasons, Plaintiff's Motion for Final Approval of Class Action

26 Settlement (Dkt. No. 384) and Plaintiff's Motion for Approval of Incentive Awards and

1    Attorneys' Fees and Costs (Dkt. No. 377) are GRANTED.

2    DATED this ___ day of October 2013.

5

6    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

ORDER APPROVING CLASS ACTION
SETTLEMENT
PAGE - 6